1  Neil Gieleghem, Esq.
   Gieleghem Law Firm
2  1875 Century Park East, Suite 700
   Los Angeles, CA 90067
3  310-284-3252
4  Counsel for Plaintiff

5  Scott Michael Moore, Esq.
   Moore International Law Offices, P.C.
6  45 Rockefeller Plaza, Suite 2000
   New York, NY 10111
7  212-332-3474
   Counsel for Defendants
8  (Pro Hac Vice, appl. pending)

FILED

APR - 9 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

9

10          UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF CALIFORNIA
11

12  NICHOLAS H. PARKER, an        ) Case No.:
    individual,                   )
13                                ) Hon.         1896
                     Plaintiff,   )
14                                ) NOTICE OF REMOVAL
         v.                       )                        JCS
15                                )
    SCOTT MICHAEL MOORE, an       )
16  individual; MOORE INTERNATIONAL )
    LAW OFFICES, A PROFESSIONAL   )
17  CORPORATION, a California     )
    corporation; MOORE           )
18  INTERNATIONAL LAW OFFICES, A  )
    PROFESSIONAL CORPORATION, a   )
19  business entity, form unknown; )
    DOES 1 through 20, inclusive, )
20                                )
21                   Defendants.  )
                                  )
22

23       The above named defendants, by and through their

24  undersigned counsel, and pursuant to 28 U.S.C. § 1332, 1441, and

25  1446, give notice of removing this action from the Superior

-1-

1  Court of the State of California, County of San Francisco, where

2  the action is now pending, to the United States District Court

3  for the Northern District of California. Removal of this action

4  is based on the following:

5      1.    On the 14th of March, 2008, Plaintiff, Nicholas H.

6  Parker, filed a complaint in the Superior Court of the State of

7  California, County of San Francisco, captioned Nicholas H.

8  Parker, v. Scott Michael Moore, et al, case no. 08-473343. A

9  true and correct copy of the plaintiff's summonses, complaint,

10 and two exhibits filed with the complaint, are collectively

11 attached hereto as defendants' Exhibit A. Plaintiff purportedly

12 served the defendants on the 21st of March, 2008, by mailing

13 these summonses, complaint, and exhibits, to 630 5th Avenue,

14 Suite 2000, New York, New York, 10111, by certified mail, return

15 receipt requested. The address of 630 5th Avenue is also known as

16 45 Rockefeller Plaza. (Def. Exhibit B, Moore Aff. ¶ 3, attached

17 hereto).

18     2.    In sum, the plaintiff brings this action against the

19 defendants, alleging that under California state law, the

20 defendants wrongfully provided international legal services

21 relating to property situated in the foreign country of the

22 Republic of Honduras. (Complaint, ¶ 22). Specifically, plaintiff

23 alleges two causes of action:

-2-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

    a. Firstly, plaintiff alleges unfair business practices, false and misleading advertising, and unlicensed practice of law, pursuant to state statute, California Bus. & Prof. Code §§ 6125, 6126(a), 6128, 17200 et seq, and 17500 et seq, (Complaint, ¶¶ 29-37). However, plaintiff admits the property is situated in the Honduras, and plaintiff admits being informed over 5 years ago, on the 24th of February, 2003, of practice limitations as to international legal matters, federal admissions, and state admissions in the States of Michigan and New York only, (Complaint, Pl. Exhibit A).

    b. Secondly, plaintiff alleges legal malpractice under California state contract and tort theories, (Complaint, ¶¶ 38-43). However, plaintiff admits the property is situated in the Honduras, and plaintiff admits he is in possession of a court judgment related to the property in his favor. (Complaint, ¶ 25). The judgment, plead by plaintiff, was issued on the 25th of May, 2004, by the United States District Court, Middle District of Florida, Tampa Division, in plaintiff's favor in the amount of $283,916. (Def. Exhibit C; Nicholas H. Parker Judgment, attached hereto). In the same Florida Middle

-3-

1      District case, the federal court also issued

2      judgment in favor of plaintiff's brother, John S.

3      Parker, in the amount of $279,747. (Def. Exhibit D,

4      John S. Parker Judgment, attached hereto). These

5      judgments total $563,663 -- over half a million

6      dollars.

7      3.    Although a plaintiff is master of his complaint, this

8  does not include use of an unacceptable device to defeat

9  diversity. Lincoln Property Co. v. Roche, 546 U.S. 81, 93

10 (2005);  Hamilton Materials Inc. v. Dow Chemical Corporation,

11 494 F.3d 1203, 1206 (9th Cir. 2007).

12

13     4.    Plaintiff alleges damages in excess of $75,000.

14 (Complaint, ¶ 34(A)).

15     5.    Plaintiff alleges in his complaint that he, the

16 plaintiff, "is an individual residing in the County of San

17 Francisco." (Complaint, ¶ 5). Therefore, plaintiff is a citizen

18 of the State of California for federal diversity purposes.

19     6.    Plaintiff alleges in his complaint that the individual

20 defendant, "Scott Michael Moore", (styled "Moore" by plaintiff),

21 "is, on information and belief, currently a resident of the

22 State of New York." (Complaint, ¶ 6). Moore is a resident and

23 citizen of the State of New York. (Def. Exhibit B, Moore Aff. ¶

24 2). Therefore, defendant, Scott Michael Moore, is a citizen of

25 the State of New York for federal diversity purposes.

-4-

1       7.    Plaintiff alleges in his complaint that the defendant,

2 "Moore International Law Offices, A Professional Corporation",

3 (styled "MILOCA" by plaintiff), "is, on information and belief,

4 a California corporation, No. C2346237, incorporated on or about

5 June 4, 2001." (Complaint, ¶ 7). However, plaintiff fails to

6 mention in his complaint that this defendant, MILOCA, was

7 dissolved on the 25th of June, 2004, and the certificate of

8 dissolution was publicly recorded with the California Secretary

9 of State on the 28th of June, 2004. (Def. Exhibit B, Moore Aff.

10

11 ¶ 4; Exhibit E, Cal. Sec. of State Certification of Dissolution,

12 attached hereto). A core principal of federal removal

13 jurisdiction on the basis of diversity is that the entity must

14 be determined and exist as of the time the complaint is filed

15 and removal effected. Strotek Corporation v. Air Transport

16 Association of America, 300 F.3d 1129, 1131-1132 (9th Cir. 2002).

17 "It has long been the case that 'the jurisdiction of the court

18 depends upon the state of things at the time of the action

19 brought.'" Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S.

20 567, 570 (2004)[internal citations omitted]. MILOCA has been

21 publicly dissolved for over $3^{1/2}$ years and did not exist at the

22 time of plaintiff filing his lawsuit on the 14th of March, 2008.

23 Therefore, this defendant, MILOCA, is not considered for federal

24 diversity purposes.

25

-5-

8.     Plaintiff alleges in his complaint that the defendant, "Moore International Law Offices, A Professional Corporation", (styled "MILONY" by plaintiff), "is, on information and belief, a business entity, form unknown." (Complaint, ¶ 7). This defendant, MILONY, is a corporation organized under the laws of the State of New York, with its principal place of business located at 45 Rockefeller Plaza, Suite 2000, (a/k/a 630 5th Avenue), New York, New York, 10111. (Def. Exhibit B, Moore Aff. ¶ 3). None of the defendants maintained an office in the State of California on the 14th of March, 2008, when plaintiff filed his lawsuit. (Def. Exhibit B, Moore Aff. ¶ 5). For diversity purposes, a corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(C)(1); Lincoln Property Co. v. Roche, 546 U.S. 81, 94 (2005). Therefore, this defendant, MILONY, is only a citizen of the State of New York for federal diversity purposes. Indeed, plaintiff styled this defendant with the acronym of New York ("MILONY"). Plaintiff named and described MILONY as a "Professional Corporation". Plaintiff purported service of process of the named defendants by mail to MILONY'S place of business located at 45 Rockefeller Plaza, Suite 2000, (a/k/a 630 5th Avenue), New York, New York, 10111. Plaintiff knew of MILONY'S New York corporate address since at least the 31st of January, 2004, (Complaint, Pl. Exhibit

-6-

1  B), and as recently as the 15th of March, 2007, (Def. Exhibit F,
2  Termination Letter, attached hereto).

3      9.    Lastly, plaintiff alleges that the defendants, "DOES 1
4  through 20", are "unknown to Plaintiff". (Complaint, ¶ 10). "For
5  purposes of removal under this chapter, the citizenship of
6  defendants sued under fictitious names shall be disregarded." 28
7  U.S.C. § 1441(a). Therefore the fictitious defendants "DOES 1
8  through 20" are not considered for federal diversity
9  jurisdiction purposes.
10

11     10.   For purposes of federal diversity jurisdiction, only
12 three parties are considered. Plaintiff, is a citizen of the
13 State of California. Defendant Moore, is a citizen of the State
14 of New York. And defendant Moore International Law Offices, A
15 Professional Corporation, is a citizen of the State of New York.
16 Therefore there is complete diversity, and this court has
17 jurisdiction under 28 U.S.C. § 1332. Accordingly, this action is
18 removable to this court pursuant to the provisions of 28 U.S.C.
19 § 1441.

20     11.   This notice of removal is filed within thirty days of
21 purported service of the initial summons and complaint as to
22 these defendants in accordance with 28 U.S.C. § 1446(b). All
23 pleadings served on these defendants, which consist of the
24 plaintiff's complaint, summonses, and exhibits, are attached
25 hereto.

-7-

1    12.    Defendants will give written notice of the filing of

2    this notice of removal to plaintiff and will file a copy of the

3    notice with the state court as required by 28 U.S.C. § 1446(d).

4    WHEREFORE, the defendants respectfully remove this action

5    to the Federal District Court for the Northern District of

6    California.

7

8    Dated this _____ day of April, 2008.

9

10                        Respectfully submitted,

11

12

13                        Scott Michael Moore, Esq.
                          MOORE INTERNATIONAL LAW OFFICES
14                        A Professional Corporation
                          45 Rockefeller Plaza, Suite 2000
15                        New York, NY 10111
                          T. 212-332-3474
16                        F. 212-332-3475
                          E. smm@MILOPC.com
17                        Counsel for the defendants
                          (Pro Hac Vice appl. pending)
18

19

20

21

22

23

24

25

-8-

SUM-100

## SUMMONS
### *(CITACION JUDICIAL)*



**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

DEFENDANT'S
EXHIBIT
*A*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO) :*
SCOTT MICHAEL MOORE, an individual; MOORE INTERNATIONAL LAW OFFICES,
A PROFESSIONAL CORPORATION, a California corporation; MOORE
INTERNATIONAL LAW OFFICES, A PROFESSIONAL CORPORATION, a business
entity, form unknown; DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE) :*
Nicholas H. Parker, an individual.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> San Francisco Superior Court <br><br> 400 McAllister Street    San Francisco, CA  94102 | CASE NUMBER <br> *(Número del Caso):* <br> 08-473343 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Neil Gieleghem    Gieleghem Law Firm
1875 Century Park East, Suite 700    Los Angeles, CA  90067    GORDON PARK-LI
310 284-8252

DATE:    MAR 12 2008    Clerk, by    CRISTINA E. BAUTISTA    , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☑ as an individual defendant. Scott Michael Moore
2. ☐ as the person sued under the fictitious name of *(specify)* :

3. ☐ on behalf of *(specify)* :
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)* :
4. ☐ by personal delivery on *(date)* :

[SEAL]

Page 1 of 1

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*<br>Neil Gieleghem  CSBN 107389<br>Gieleghem Law Firm<br>1875 Century Park East, Suite 700<br>Los Angeles, CA  90067<br>TELEPHONE NO: 310 284 3252  FAX NO: 310 284 3253<br>ATTORNEY FOR *(Name):* Plaintiff Nicholas H. Parker | FOR COURT USE ONLY<br><br>ENDORSED<br>F I L E D<br>Superior Court of California<br>County of San Francisco<br><br>MAR 1 4 2008<br><br>GORDON PARK-LI, Clerk<br>BY: CRISTINA E. BAUTISTA<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA  94102
BRANCH NAME:

CASE NAME: Parker v. Moore, et al.

| CIVIL CASE COVER SHEET<br>[X] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | CASE NUMBER:<br>CGC-08 - 473343<br><br>JUDGE:<br>DEPT.: |

*All five (5) items below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[X] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case  [ ] is  [X] is not  complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states or countries, or in a federal court
   f. [ ] Substantial post-judgment judicial supervision

3. Type of remedies sought *(check all that apply):*
   a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action *(specify):*  Two

5. This case  [ ] is  [X] is not  a class action suit.

Date: March 13, 2008

Neil Gieleghem CSBN 107389
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)* :

SCOTT MICHAEL MOORE, an individual; MOORE INTERNATIONAL LAW OFFICES,
A PROFESSIONAL CORPORATION, a California corporation; MOORE
INTERNATIONAL LAW OFFICES, A PROFESSIONAL CORPORATION, a business
entity, form unknown; DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)* :

Nicholas H. Parker, an individual.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Francisco Superior Court<br><br>400 McAllister Street                San Francisco, CA   94102 | CASE NUMBER<br>*(Número del Caso):*  08-  473343 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Neil Gieleghem                          Gieleghem Law Firm
1875 Century Park East, Suite 700      GORDON PARKeles, CA   90067
310 28 MAR 25 2008

| DATE: | Clerk, by | CRISTINA E. BAUTISTA | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :

3. ☑ on behalf of *(specify)*: Moore International Law Offices, A Professional Corporation (CA)
   under:  ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☑ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)* :
4. ☐ by personal delivery on *(date)* :

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms TM

SUMMONS

Code of Civil Procedure §§ 412.20, 465

CM-010

| | | FOR COURT USE ONLY |
|---|---|---|

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, state bar number, and address):
Neil Gieleghem                              CSBN 107389
Gieleghem Law Firm
1875 Century Park East, Suite 700
Los Angeles, CA  90067
TELEPHONE NO.: 310 284 3252    FAX NO.: 310 284 3253
ATTORNEY FOR (Name): Plaintiff Nicholas H. Parker

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA  94102
BRANCH NAME:

CASE NAME: Parker v. Moore, et al.

FOR COURT USE ONLY:
ENDORSED
F I L E D
Superior Court of California
County of San Francisco

MAR 1 4 2008

GORDON PARK-LI, Clerk
BY: CRISTINA E. BAUTISTA
        Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CGC - 08 - 473343 |
|---|---|---|
| [X] Unlimited   [ ] Limited | [ ] Counter  [ ] Joinder | |
| (Amount   (Amount | Filed with first appearance by defendant | JUDGE: |
| demanded   demanded is | (Cal. Rules of Court, rule 1811) | DEPT: |
| exceeds $25,000) $25,000 or less) | | |

*All five (5) items below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[X] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states or countries, or in a federal court
   f. [ ] Substantial post-judgment judicial supervision
3. Type of remedies sought *(check all that apply)*:
   a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify)*: Two
5. This case [ ] is  [X] is not  a class action suit.

Date: March 13, 2008

Neil Gieleghem CSBN 107389
                (TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2003]
Martin Dean's Essential Forms TM

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 201.8, 1800-1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:** | *FOR COURT USE ONLY* |
| *(AVISO AL DEMANDADO):* | *(SOLO PARA USO DE LA CORTE)* |

SCOTT MICHAEL MOORE, an individual; MOORE INTERNATIONAL LAW OFFICES,
A PROFESSIONAL CORPORATION, a California corporation; MOORE
INTERNATIONAL LAW OFFICES, A PROFESSIONAL CORPORATION, a business
entity, form unknown; DOES 1 through 20, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*

Nicholas H. Parker, an individual.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: | **CASE NUMBER** (*Número del Caso*): CGC 08- 473343 |
| *(El nombre y dirección de la corte es):* | |

San Francisco Superior Court

400 McAllister Street                    San Francisco, CA  94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Neil Gieleghem                    Gieleghem Law Firm
1875 Century Park East, Suite 700        Los Angeles, CA  90067
310 284-2525

| | | | |
|---|---|---|---|
| DATE: MAR 13 2008 | Clerk, by | GORDON PARK-LI  CRISTINA E. BAUTISTA | , Deputy |
| *(Fecha)* | | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

| [SEAL] | |
|---|---|

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Moore International Law Offices, A Professional Corporation

   under:  ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms ™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 405

03/13/2008  15:37  31▮▮43253          GIELEGHEM LA▮         PAGE  03/20

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Neil Gieleghem                    CSBN 107389<br>Gieleghem Law Firm<br>1875 Century Park East, Suite 700<br>Los Angeles, CA  90067<br>TELEPHONE NO.: 310 284 3252   FAX NO.: 310 284 3253<br>ATTORNEY FOR *(Name)*: Plaintiff Nicholas H. Parker | ENDORSED<br>F I L E D<br>Superior Court of California<br>County of San Francisco<br><br>MAR 1 4 2008<br><br>GORDON PARK-LI, Clerk<br>BY: CRISTINA E. BAUTISTA<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA  94102
BRANCH NAME:

CASE NAME: Parker v. Moore, et al.

| CIVIL CASE COVER SHEET<br>[X] Unlimited    [ ] Limited<br>(Amount        (Amount<br>demanded      demanded is<br>exceeds $25,000) $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | CASE NUMBER: CGC-08 - 473343<br><br>JUDGE:<br>DEPT: |
|---|---|---|

*All five (5) items below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 1800-1812)** |
| [ ] Uninsured motorist (46) | [ ] Collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Insurance coverage (18) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Other contract (37) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | **Real Property** | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Eminent domain/Inverse | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | condemnation (14) | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | types (41) |
| [X] Business tort/unfair business practice (07) | **Unlawful Detainer** | **Enforcement of Judgment** |
| [ ] Civil rights (08) | [ ] Commercial (31) | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Residential (32) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Drugs (38) | [ ] RICO (27) |
| [ ] Intellectual property (19) | **Judicial Review** | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Writ of mandate (02) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2. This case [ ] is  [X] is not  complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve          in other counties, states or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial post-judgment judicial supervision
3. Type of remedies sought *(check all that apply)*:
   a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify)*:  Two
5. This case [ ] is  [X] is not  a class action suit.

Date: March 13, 2008

Neil Gieleghem CSBN 107389                   ►   *(signature)*
_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2003]
Martin Dean's Essential Forms ™

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 201.8, 1800-1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

Parker

1    Neil Gieleghem        CSBN 107389
    Gieleghem Law Office

2      1875 Century Park East, Suite 700              ENDORSED
    Los Angeles, CA 90067                      F I L E D

3      Telephone: (310) 284-3252              Superior Court of California
    Telecopier: (310) 284-3253              County of San Francisco

4                                         MAR 1 4 2008
    Attorneys for Plaintiff

5      Nicholas H. Parker                GORDON PARK-LI, Clerk
                           BY: CRISTINA E. BAUTISTA

6                                    Deputy Clerk

7                         CASE MANAGEMENT CONFERENCE SET

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF SAN FRANCISCO     AUG 1 5 2008 - 9:00 AM

10

11    NICHOLAS H. PARKER, an individual,        )    CASE NO. DEPARTMENT 212
                                         )            CGC08-473343

12               Plaintiff,             )

13              vs.                   )
                                   )    **COMPLAINT FOR:**

14    SCOTT MICHAEL MOORE, an individual;    )
    MOORE INTERNATIONAL LAW OFFICES,    )    (1) UNFAIR BUSINESS
    A PROFESSIONAL CORPORATION, a       )        PRACTICES/FALSE ADVERTISING

15    California corporation; MOORE            )        (UNLICENSED PRACTICE OF LAW);
    INTERNATIONAL LAW OFFICES, A        )

16    PROFESSIONAL CORPORATION, a business   )    (2) LEGAL MALPRACTICE
    entity, form unknown; DOES 1 through 20,    )

17    inclusive,                            )

18               Defendants.          )

19                                        )

20          Plaintiff NICHOLAS H. PARKER alleges as follows:

21                  **SUMMARY OF COMPLAINT**

22             1.      Plaintiff brings this action as a result of the unlicensed and illegal practice

23    of law in this State by Defendants, an attorney and his law firm(s). Defendants are not, and have

24    never been, admitted to the practice of law in California. For years, however, Defendants

25    practiced in this jurisdiction in the guise of "international lawyers," and were paid over $150,000

26    by Plaintiff for their legal advice as to the laws of sister States and foreign jurisdictions.

27            2.      Defendants apparently believe that they can practice law in California,

28    even though unlicensed to practice in this jurisdiction, if they limit their practice to

_____

1

1 | Neil Gieleghem                    CSBN 107389
Gieleghem Law Office
2 | 1875 Century Park East, Suite 700
Los Angeles, CA 90067
3 | Telephone: (310) 284-3252
Telecopier: (310) 284-3253

4 |

Attorneys for Plaintiff
5 | Nicholas H. Parker

6 |

7 |

8 |                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |                      COUNTY OF SAN FRANCISCO

10 |

NICHOLAS H. PARKER, an individual,        )    CASE NO.
11 |                                            )
                Plaintiff,                  )
12 |                                            )
            vs.                              )
13 |                                            )    **COMPLAINT FOR:**
SCOTT MICHAEL MOORE, an individual;      )
14 | MOORE INTERNATIONAL LAW OFFICES,       )    **(1) UNFAIR BUSINESS**
A PROFESSIONAL CORPORATION, a           )    **PRACTICES/FALSE ADVERTISING**
15 | California corporation; MOORE          )    **(UNLICENSED PRACTICE OF LAW);**
INTERNATIONAL LAW OFFICES, A            )
16 | PROFESSIONAL CORPORATION, a business   )    **(2) LEGAL MALPRACTICE**
entity, form unknown; DOES 1 through 20, )
17 | inclusive,                             )
                                            )
18 |                Defendants.              )
                                            )
19 |

20 |            Plaintiff NICHOLAS H. PARKER alleges as follows:

21 |                          **SUMMARY OF COMPLAINT**

22 |            1.    Plaintiff brings this action as a result of the unlicensed and illegal practice

23 | of law in this State by Defendants, an attorney and his law firm(s). Defendants are not, and have

24 | never been, admitted to the practice of law in California. For years, however, Defendants

25 | practiced in this jurisdiction in the guise of "international lawyers," and were paid over $150,000

26 | by Plaintiff for their legal advice as to the laws of sister States and foreign jurisdictions.

27 |            2.    Defendants apparently believe that they can practice law in California,

28 | even though unlicensed to practice in this jurisdiction, if they limit their practice to

                                    1

                                                                          COMPLAINT

1  "international" matters. Defendants are wrong: Their actions constitute the illegal and

2  unlicensed practice of law in this State. Accordingly, Plaintiff by way of this action seeks:

3            A.     To bar Defendants from further engaging in unlawful, unfair and

4  fraudulent business acts or practices within the meaning of California's Unfair Competition Law,

5  Bus. & Prof. Code § 17200 et seq., by way of Defendants' unlicensed and illegal practice of law

6  in this State;

7            B.     To bar Defendants from further engaging in unfair, deceptive,

8  untrue or misleading advertising within the meaning of California's False Advertising Law, Bus.

9  & Prof. Code § 17500 et seq., by way of Defendants' unlicensed and illegal practice of law in

10  this State; and

11            C.     To recover, on his own behalf, monetary damages caused by legal

12  malpractice committed by Defendants.

13            3.     In addition to malpractice damages, Plaintiff seeks the reimbursement by

14  Defendants to their purported California "clients" of all fees or other consideration received from

15  said "clients" as a result of Defendants' unlicensed practice of law in this State, which fees and

16  consideration Plaintiff is informed and believes, and on that basis alleges, exceed the

17  jurisdictional requirements of this Court. Plaintiff also seeks injunctive relief barring Defendants

18  from continuing to practice law in this State without a license; from receiving any monies or

19  other things of valuable that are traceable, whether wholly or in part, to Defendants' unlicensed

20  practice of law in this State; and from continuing falsely to advertise themselves in this State as

21  attorneys. Plaintiff also seeks attorney's fees and costs.

22  **PRELIMINARY ALLEGATIONS**

23            4.     This Court is the proper court and this action is properly filed in the

24  County of San Francisco because Plaintiff was and is a resident of, and does business in, the

25  County of San Francisco; because, during times relevant, Defendants did business in the County

26  of San Francisco; because, during times relevant, at least one of the Defendants had its principal

27  place of business in the County of San Francisco; and because the wrongful acts by Defendants

28  alleged herein took place in the County of San Francisco.

2

1      5.      Plaintiff NICHOLAS H. PARKER ("Plaintiff") is an individual residing

2  in the County of San Francisco.

3      6.      Defendant SCOTT MICHAEL MOORE ("Moore") is, on information and

4  belief, currently a resident of the State of New York. On information and belief, during times

5  relevant Moore did business in the State of California and the County of San Francisco as herein

6  alleged. On information and belief, Moore holds himself out as the "President" of Defendant

7  "Moore International Law Offices, A Professional Corporation."

8      7.      Defendant "MOORE  INTERNATIONAL  LAW  OFFICES, A

9  PROFESSIONAL CORPORATION" ("MILOCA") is, on information and belief, a California

10  corporation, No. C2346237, incorporated on or about June 4, 2001. On information and belief,

11  during times relevant MILOCA did business in the County of San Francisco as herein alleged,

12  with its principal place of business in the County of San Francisco, as alleged further below.

13      8.      Defendant  "MOORE  INTERNATIONAL  LAW OFFICES, A

14  PROFESSIONAL CORPORATION" (MILONY") is, on information and belief, a business

15  entity, form unknown. On information and belief, during times relevant MILONY did business

16  in the County of San Francisco as herein alleged.

17      9.      Plaintiff is informed and believes, and thereon alleges, that Defendant

18  Moore is the controlling shareholder of Defendant MILOCA and Defendant MILONY; and/or

19  that Moore exercises complete dominion and control over Defendant MILOCA and Defendant

20  MILONY; enjoys the full benefit of all moneys and profits earned by Defendant MILOCA and

21  Defendant MILONY; and benefits in other direct and indirect ways from and prescribes all the

22  wrongful actions of Defendant MILOCA and Defendant MILONY alleged in this Complaint;

23  and as a consequence, is in possession of moneys rightfully belonging to Plaintiff and others

24  similarly situated. Accordingly, Defendant Moore, on the one hand; and Defendant MILOCA

25  and Defendant MILONY, individually and collectively, on the other hand; should be considered

26  as the same entity for the purposes of the claims presented herein.

27      10.     The true names and capacities, whether individual, corporate, associate,

28  or otherwise, of DOES 1 through 20 are unknown to Plaintiff, who therefore sues said DOE

3

1  Defendants by such fictitious names. Plaintiff will amend this Complaint to show the true names

2  and capacities of said DOEs when the same have been ascertained.

3          11.    Plaintiff is informed and believes, and thereon alleges, that each and all

4  of the acts and omissions alleged herein were performed by, and/or are attributable to, all

5  Defendants, each acting as agents, employees, and/or co-conspirators, and/or under the direction

6  and control, of each of the other Defendants; and that said acts and failures to act were within

7  the course and scope of said agency, employment, conspiracy and/or direction and control.

8  Plaintiff is informed and believes, and thereon alleges, that at all times material hereto

9  Defendants were and are the agents of each other as to the acts and omissions alleged herein.

10          **GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

11          12.    Plaintiff is informed and believes, and thereon alleges, that Defendants

12  have engaged, and are engaging, in the unlicensed and illegal practice of law in the State of

13  California even though they are not licensed to practice law in this State.

14          13.    As a preliminary matter, Plaintiff is informed and believes that Defendant

15  Moore is not licensed to practice law in the State of California, and has never been licensed to

16  practice law in this State.  Plaintiff also is informed and believes that neither Defendant

17  MILOCA nor Defendant MILONY were ever legally entitled to practice law in this State.

18          14.    Plaintiff is informed and believes, and on that basis alleges, that in June,

19  2001, Defendant Moore incorporated Defendant MILOCA as a California corporation (No.

20  C2346237) with the intent to engage in the practice of law in California in connection with said

21  corporation.  (At this juncture, Plaintiff does not know whether Defendant Moore attempted to

22  pass the California Bar Examination in connection with the incorporation of Defendant

23  MILOCA.)

24          15.    Plaintiff is informed and believes that Defendant MILOCA had its

25  principal place of business at 388 Market Street, Suite 500, San Francisco, CA from 2001 until

26  earlier 2004.  Plaintiff is informed and believes that, sometime after the beginning of 2004,

27  Defendant Moore moved Defendant MILOCA's business operations to One Market Plaza, San

28  Francisco, CA, and/or practiced law at that address under his own name and/or under the name

4

1 | of Defendant MILOCA and/or Defendant MILONY until the end of February, 2007.

2       16.   Plaintiff is informed and believes, and on that basis alleges, that in

3 | connection with their practice of law in California and San Francisco as alleged, Defendants

4 | advertised their services as attorneys by various means, including, without limitation, print and

5 | internet publications. Plaintiff is informed and believes that, in such advertisements, Defendants

6 | expressly and/or impliedly represented they could and would provide legal services in a variety

7 | of speciality areas, including intellectual property, arbitration and mediation services,

8 | immigration, corporate business, and "international law."

9       17.   In February, 2003, Defendants were retained by Plaintiff to represent him

10 | regarding a dispute with Plaintiff's brother, F. Bayard Parker, arising out of the latter's handling

11 | of the title transfer, and proposed sale, of certain real property located in Honduras that had been

12 | owned by Plaintiff's by then-deceased mother. The initial discussions between Plaintiff and

13 | Defendants were conducted in San Francisco, after Plaintiff located Defendants via a "Yellow

14 | Page" listing of Defendants as "international attorneys." Thereafter, Plaintiff met with

15 | Defendant Moore several times at the San Francisco offices of Defendant MILOCA and/or

16 | Defendant MILONY.

17       18.   This retention was memorialized by a letter dated February 24, 2003,

18 | signed by Defendant Moore as "Attorney at Law" and on the letterhead of "Moore International

19 | Law Offices, A Professional Corporation," with an address of "388 Market Street, Suite 500, San

20 | Francisco, CA 9111 USA." A true and correct copy of this retainer letter is attached hereto as

21 | Exhibit A.

22       19.   Plaintiff provided Defendants an initial retainer of $5,000.00, which was

23 | paid to Defendants in California. Thereafter, during the retention, Defendants sent Plaintiff, on

24 | an approximately monthly basis, invoices for legal work allegedly performed. These invoices

25 | were headed "Moore International Law Offices, A Professional Corporation," and initially bore

26 | an address of "388 Market Street, Suite 500, San Francisco, CA 94111," i.e., the same name and

27 | address as on the February 24, 2003 retainer letter (Exhibit A).

28       20.   On or about January 31, 2004, Defendants sent Plaintiff a "Confidential

5

COMPLAINT

1'   Memorandum," addressed to "Clients of the San Francisco Office," advising of a "Change of

2    billing address." A true and correct copy of this Memorandum is attached hereto as Exhibit B.

3    In said Memorandum, Defendants stated that future payments should be made to Defendants'

4    "New York address," but that Defendants' "San Francisco office information" should be used

5    for "all other purposes."

6         21.    Between Defendants' retention in February 2004, as alleged above, and

7    Defendants' withdrawal from said representation on or about March 15, 2007, as alleged below,

8    Plaintiff paid Defendants $151,453.41 in legal fees and costs. Significantly, in the February 24,

9    2003 retainer agreement (Exhibit A), Defendants represented to Plaintiff that "[a]n estimated cost

10   for a fully litigated case would be US$60,000, if that is necessary."

11        22.    During their representation of Plaintiff, Defendants, acting as his

12   attorneys, engaged in litigation on Plaintiff's behalf against F. Bayard Parker and others. Broadly

13   stated, the gravamen of the dispute between Plaintiff and F. Bayard Parker was that the latter had

14   misappropriated, from the estate of Plaintiff's mother, certain real property that was located in

15   Honduras, and which had substantial value.

16        23.    Title to the Honduras property was and is controlled by Honduran

17   authorities, and governed by the law of that jurisdiction. Plaintiff is informed and believes that,

18   rather than attempting to resolve the title issues in Honduras, Defendants instead concocted a

19   "litigation strategy" by which they proposed to block the sale of the property to possible third-

20   party buyers by suing F. Bayard Parker, and a Honduran real estate broker with whom he

21   allegedly listed the property, in the United States District Court for the Middle District of Florida

22   by way of that action sometimes captioned Parker v. Parker, Case No. 8:04-cv-41-T-26MSS

23   (M.D. FL) (hereinafter, "Florida Lawsuit"). Plaintiff is informed and believes, and on that basis

24   alleges, that Defendants came up with this "Sue In Florida" litigation strategy in part because

25   Defendants also are not admitted to practice in the Honduran courts, and thus could not charge

26   Plaintiff legal fees for representing him in such a local action.

27        24.    In the course of representing Plaintiff, both in regards to the Florida

28   Lawsuit and otherwise, Defendants repeatedly offered Plaintiff legal advice as to, among other

---

6

COMPLAINT

1  things, federal law, the law of certain sister States, and the law of foreign jurisdictions (e.g.,

2  Honduras). Such legal advice was communicated to Plaintiff in California – initially, in face-to-

3  face meetings between Plaintiff and Defendant Moore in San Francisco; later by way of

4  telephone calls that Defendant Moore made to Plaintiff to the latter's home and/or business

5  telephone numbers in California, and by way of correspondence that Defendant Moore sent to

6  Plaintiff's residence in California. Plaintiff is informed and believes, and on that basis alleges,

7  that some of said telephone calls and/or correspondence were generated by Defendant Moore

8  from the San Francisco offices of Defendants MILOCA and/or Defendant MILONY.

9          25.     Before their withdrawal, Plaintiff paid Defendants the over $150,000 in

10  legal fees and costs alleged above. At the end of the Florida Lawsuit, however, Plaintiff was left

11  with a judgment only against F. Bayard Parker, because both the federal district court and the

12  federal appellate court rejected Defendants' contention that the United States courts had

13  jurisdiction over the Honduran real estate broker, which party was the critical defendant for the

14  purposes of trying to protect Plaintiff's rights to the Honduran property at issue. Further, the

15  judgment that was entered against F. Bayard Parker was and is unenforceable as a practical

16  matter, as the latter had no assets and was "judgment proof" (and is now deceased).

17          26.     Even worse, investigation after Defendants' withdrawal as counsel

18  revealed that, during the period of Defendants' retention, F. Bayard Parker may have transferred

19  a substantial part of the Honduran property to a third-party buyer. Further, during Defendants'

20  retention, additional clouds on the title to the property arose due to the failure to pay local

21  property taxes and/or to make sure that the chain-of-title was properly recorded and valid.

22  Plaintiff has retained a Honduran attorney in an attempt to resolve these issues, thereby incurring

23  additional legal fees and costs. At this juncture, however, Plaintiff does not know whether he

24  will be able to recover the property that was allegedly sold by F. Bayard Parker, and/or whether

25  his claim to the property will be honored by the Honduran authorities.

26          27.     In late February/early March, 2007, Plaintiff became concerned about

27  Defendants' actions, and begin raising questions about Defendants' handling of the retention and

28  the Florida Lawsuit, and whether Defendants could legally practice law in California in the

1   manner they apparently were.    Plaintiff's inquiries led Defendants to withdraw from the

2   representation on or about March 15, 2007, by way of a letter bearing that date that they sent to

3   Plaintiff by courier.

4          28.    Plaintiff is informed and believes, and on that basis alleges, that during

5   the period during which Defendants represented Plaintiff (February 2004 through March 2007),

6   Defendants also were purporting to provide "international" or other legal services to similarly

7   situated residents of the County of San Francisco and/or California, and obtaining payment from

8   said clients for such legal services.

9                              **FIRST CAUSE OF ACTION**

10  (Unfair Business Practices/False and Misleading Advertising (Unlicensed Practice of Law),

11                              Against All Defendants)

12         29.    Plaintiff hereby re-alleges and incorporates by reference, as though fully

13  set forth herein, the allegations contained in Paragraphs 1 through 28, above.

14         30.    By engaging in the acts alleged above – including, without limitation,

15  giving advice to Plaintiff in California as to federal law, the law of a sister States, and the law

16  of foreign countries – Defendants were giving "legal advice," and thus practicing law within the

17  meaning of Bus. & Prof. Code § 6125.

18         31.    As Defendants were not licensed to practice law in California at the time

19  they were giving said legal advice, Defendants' activities amount to the improper and illegal

20  practice of law by one who is not a licensed attorney.  Accordingly, Defendants' actions as to

21  Plaintiff, and as to other, similarly situated California clients, violated, among other statutes:

22         A.    Bus. & Prof. Code § 6125 ( "No person shall practice law in

23  California unless the person is an active member of the State Bar.").

24         B.    Bus. & Prof. Code § 6126(a)("Any person advertising or holding

25  himself or herself out as practicing or entitled to practice law or otherwise practicing law who

26  is not an active member of the State Bar, or otherwise authorized pursuant to statute or court rule

27  to practice law in this state at the time of doing so, is guilty of a misdemeanor punishable by up

28  to one year in a county jail or by a fine of up to one thousand dollars ($1,000), or by both that

8

COMPLAINT

1 fine and imprisonment.

2    C.   Bus. & Prof. Code § 6128 (non-attorney who deceives his "client"
3 as to the former's right to practice law is guilty of a misdemeanor punishable by imprisonment
4 in the county jail not exceeding six months, or by a fine not exceeding two thousand five hundred
5 dollars ($2,500), or by both).

6    32.   By violating the foregoing statutes and regulations – including, without
7 limitation, Bus. & Prof. Code §§ 6125, 6126(a), and 6128, as alleged above – the acts of
8 Defendants constitute (A) unfair and unlawful business practices in violation of Bus. & Prof.
9 Code §17200 et seq., including, but not limited to, the unlicensed and illegal practice of law; and
10 (B) false and misleading advertising, in violation of Bus. & Prof. Code § 17500 et seq.

11    33.   Defendants' unlicensed and illegal practice of law constitutes a business
12 practice because it was done repeatedly over a significant period of time and in a systematic
13 manner to the detriment of Plaintiff as a client of Defendants.

14    34.   Plaintiff has suffered, and will suffer, injury in fact and has lost money or
15 property as a result of such unfair competition, within the meaning of Bus. & Prof. Code §
16 17204, as follows:

17    A.   The $151,453.41 in legal fees and costs that Plaintiff paid to
18 Defendants, as alleged above.

19    B.   Due to his reliance on Defendants' misrepresentation of their status
20 as attorneys admitted to practice in California, on which representations Plaintiff reasonably
21 relied, Plaintiff did not obtain legal advice and counseling from licensed attorneys, thereby
22 resulting in further damage to Plaintiff as alleged herein.

23    35.   For the four years preceding the filing of this action, Plaintiff has suffered
24 injury in fact as a direct, proximate and foreseeable result of Defendants' wrongful conduct as
25 alleged above. Plaintiff is entitled to, and seeks, the restitution of all money, property, profits
26 and other benefits obtained by Defendants by way of their unfair business practices, including
27 the restitution by Defendants of all money and other things of value that Defendants received
28 from any other similarly situated California "clients" in the four years preceding the filing of this

9

COMPLAINT

1· Complaint.

36. Plaintiff is informed and believes, and thereon alleges, that Defendants' illegal acts as described above are a serious and continuing threat to Plaintiff; to other existing California "clients" of Defendants; to any new California "clients" that may retain Defendants to provide "international legal services"; and to the public at large. If Defendants are allowed to continue their wrongful acts, Plaintiff, other existing California "clients" of Defendants, and any new California "clients" that may retain Defendants, and the public at large will suffer further immediate and irreparable injury, loss and damage. Plaintiff is further informed and believes, and on the basis alleges, that, in the absence of a temporary restraining order and preliminary and permanent injunctions as prayed below, Defendants will continue their unlicensed practice of law as alleged above.

37. Wherefore, Plaintiff prays for relief against Defendants, and each of them, as listed below.

## SECOND CAUSE OF ACTION

(Legal Malpractice, Against All Defendants)

38. Plaintiff hereby re-alleges and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1 through 37, above.

39. Defendants' "Sue In Florida" litigation strategy, as alleged above, was a failure to exercise reasonable care, skill, and diligence in representing the Plaintiff. Plaintiff is informed and believes, and on that basis alleges, that Defendants' attempt to assert jurisdiction over the Honduran real estate broker had no basis in law or fact, as evidenced by the rejection of Defendants' jurisdictional theories by both the federal trial and appellate courts.

40. Further, Defendants' "Sue In Florida" litigation strategy resulted in a massive waste of legal fees that could have been expended, and should have been expended, resolving in the Honduran courts, or with the Honduran authorities, whatever issues existed as to the title to the Honduran property. Even worse, Defendants' "Sue In Florida" litigation strategy and failure to address the issues in Honduras reportedly allowed F. Bayard Parker to sell part of the property to a third-party buyer, and/or for the development of further clouds on the

10

COMPLAINT

1  title to the property, as alleged above.

2      41.    As a proximate result of Defendants' failure to exercise skill, care, and

3  diligence in representing the Plaintiff, Plaintiff incurred over $150,000.00 in legal fees and costs,

4  without meaningful result; and has and is being forced to spend additional legal fees and costs

5  attempting to remove the clouds on the title to the Honduras property, as alleged above.

6      42.    Defendants' actions constituted both a negligent act and a breach of the

7  contractual obligations owed by Defendants to the Plaintiff.

8      43.    Wherefore, Plaintiff prays for relief against Defendants, and each of them,

9  as listed below.

10     **WHEREFORE**, Plaintiff prays for judgment as follows:

11     **On the First Cause of Action:**

12     1.    For restitution of all money, property, profits and other benefits and other

13  things of value that Defendants received in the four years preceding the filing of this Complaint

14  Plaintiff, and/or from any "clients" of Defendants in connection with the latter's unlicensed

15  practice of law in the State of California, including, without limitation, any monies paid to

16  Defendants;

17     2.    For a temporary restraining order, and preliminary and permanent

18  injunctions, enjoining Defendants, and each of them, and their officers, agents, servants,

19  employees, assigns, representatives, and all those acting in concert or participating with them,

20  from engaging in, committing, or performing, directly or indirectly, any and all of the following

21  acts:

22         A.    Practicing law without a license in the State of California;

23         B.    Advertising or otherwise describing their professional activities

24             in any manner that states, suggests and/or implies that Defendants

25             are attorneys licensed to practice law in the State of California;

26         C.    Taking possession of any monies or any other things of value that

27             were, whether wholly or in part, obtained by Defendants by way

28             of their unlicensed practice of law in the State of California; and

11

1    Transferring to Defendants any monies or any other things of

2    value by reason of, whether wholly or in part, Defendants'

3    unlicensed practice of law in the State of California;

4    3.    For costs of suit incurred herein;

5    4.    For attorney's fees and costs as permitted by law, including, without

6    limitation, Code of Civil Procedure §1021.5; and

7    5.    For such other and further relief that the Court may deem just and proper.

8    **On the Second Cause of Action:**

9    6.    For general damages according to proof;

10    7.    For special damages according to proof;

11    8.    For attorney's fees and costs as permitted by law; and

12    9.    For such other and further relief that the Court may deem just and proper.

13

14    Dated: March 13, 2007                        GIELEGHEM LAW OFFICE

15

16

17                                                    Neil Gieleghem
                                                      Attorneys for Plaintiff Nicholas H. Parker

18

19

20

21

22

23

24

25

26

27

28

12

**EXHIBIT A**

# MOORE INTERNATIONAL LAW OFFICES
### A PROFESSIONAL CORPORATION

NEW YORK                                                            SAN FRANCISCO

388 MARKET STREET, SUITE 500
SAN FRANCISCO, CALIFORNIA 94111 USA

TELEPHONE: + (415) 623-2766
FACSIMILE: + (415) 623-2767

INTERNATIONAL LEGAL MATTERS

WRITER: SCOTT MICHAEL MOORE
SMM@MILOPC.COM
LICENSED & ADMITTED
SUPREME COURT OF THE UNITED STATES OF AMERICA
U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT
U.S. COURT OF INTERNATIONAL TRADE
OTHER U.S. FEDERAL COURTS
STATES OF NEW YORK & MICHIGAN ONLY
LONDON COURT OF INTERNATIONAL ARBITRATION

Via First Class Mail

PERSONAL & CONFIDENTIAL                    Our Ref:
                                          Your Ref:


24 February 2003


Nicholas H. Parker
1275 2nd Ave., Apt. 5
San Francisco, CA  94122


        Re:  Honduras Real Estate


Dear Mr. Parker:

        This letter is to thank you again for contacting the
undersigned for your international legal needs, and to
confirm the engagement of this office to pursue resolution
of the dispute regarding F. Bayard Parker's handling of the
title transfer, and his proposed sale, of the Honduras Real
Estate, owned by your late mother, Judith S. Hockmeyer.

        A retainer in the amount of US$5,000 is acknowledged.
Itemized statements are sent monthly. As we discussed, the
hourly rate is US$250 per hour, plus costs, with the total
cost depending upon how contentious the resolution is with
your brother in meeting your goals and objectives, and
whether litigation is necessary. An estimated cost for a

fully litigated case would be US$60,000, if that is
necessary.

Thank you again, and I look forward to serving you in
this matter.

Very Truly Yours,

MOORE INTERNATIONAL LAW OFFICES, P.C.

Scott Michael Moore
Attorney at Law

**EXHIBIT B**

CONFIDENTIAL MEMORANDUM

| | |
|---|---|
| TO: | Clients of the San Francisco Office |
| FROM: | Scott M. Moore, Esq. $\mathcal{SM}$ <br> Moore International Law Offices, P.C. |
| RE: | Change of billing address |
| DATE: | 01/31/04 |

Please note that, beginning with the 01/31/04 billing statement, San Francisco office clients will receive statements showing the New York office information for payments, including New York banking information for wire transfer payments. The enclosed self-addressed payment envelopes also have the New York address. The U.S. tax ID number remains the same.

For all other purposes, please continue to use the San Francisco office information.

Thank you for your attention to this change.

# NOTICE TO PLAINTIFF

A Case Management Conference is set for

| | |
|---|---|
| **DATE:** | **AUG-15-2008** |
| **TIME:** | **9:00AM** |
| **PLACE:** | **Department 212** |
| | **400 McAllister Street** |
| | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.
>
> However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.**
> (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

# Alternative Dispute Resolution (ADR) Program Information Package

# Alternatives to Trial

## There are other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint. (CRC 201.9(c))

### .Superior Court of California
### County of San Francisco

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can save time.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

1) Judicial Arbitration
2) Mediation
3) The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### *Description*

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

## *Operation*

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

## *Cost*

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

## MEDIATION

## *Description*

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

## Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts.   Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties.  A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed.  If settlement is not reached through mediation, a case proceeds to trial as scheduled.

## Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement.  The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation.  The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial.  Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110).  Both forms are attached to this packet.

## Mediation Services of the Bar Association of San Francisco

The Mediation Services is a coordinated effort of the San Francisco
Superior Court and The Bar Association of San Francisco (BASF) in which
a court approved mediator provides three hours of mediation at no charge
to the parties. It is designed to afford civil litigants the opportunity to
engage in early mediation of a case shortly after filing the complaint, in an
effort to resolve the matter before substantial funds are expended on the
litigation process. Although the goal of the program is to provide the
service at the outset of the litigation, the program may be utilized at
anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by the
court pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution
form included in this ADR package the parties will be contacted by BASF.
Upon payment of the $200 per party administration fee, parties select a
specific mediator from the list of court approved mediation providers. The
hourly mediator fee beyond the first three hours will vary depending on the
mediator selected. Waiver of the administrative fee based on financial
hardship is available.

A copy of the Mediation Services rules can be found on the BASF website
at www.sfbar.org, or you may call BASF at 415-782-9000.

## Judicial Mediation

The Judicial Mediation program is designed to provide early mediation of
complex cases by volunteer judges of the San Francisco Superior Court.
Cases considered for the program include construction defect, employment
discrimination, professional malpractice, insurance coverage, toxic torts
and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to
Alternative Dispute Resolution form attached to this packet indicating a joint
request for inclusion in the program. A preference for a specific judge may
be indicated. The court Alternative Dispute Resolution Coordinator will
coordinate assignment of cases that qualify for the program.

## Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

# EARLY SETTLEMENT PROGRAM

## Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

## Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

If a matter is assigned to the ESP by the Court, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

### Cost

All parties must submit a $250 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 782-9000 ext. 8717.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution,
400 McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
400 McAllister Street, San Francisco, CA  94102-4514

|  |  |
|---|---|
| Plaintiff<br><br>v.<br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE<br>DISPUTE RESOLUTION** |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐ **Private Mediation**          ☐ **Mediation Services of BASF**     ☐ **Judicial Mediation**
☐ **Binding arbitration**                                               Judge _____
☐ **Non-binding judicial arbitration**                                  Judge _____
☐ **BASF Early Settlement Program**
☐ **Other ADR process (describe)** _____

**Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐  Plaintiff    ☐  Defendant    ☐  Cross-defendant | | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐  Plaintiff    ☐  Defendant    ☐  Cross-defendant | | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐  Plaintiff    ☐  Defendant    ☐  Cross-defendant | | Dated: _____ |

☐  *Additional signature(s) attached*

ADR-2  3/06                                **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| (Check one): ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:                    Dept.:                    Div.:                    Room:

Address of court (if different from the address above):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties (answer one):**
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):

      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):

      (3) ☐ have had a default entered against them (specify names):

   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint     (describe, including causes of action):

Page 1 of 4

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720-3.730
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request  ☐ a jury trial  ☐ a nonjury trial    *(if more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐  The trial has been set for *(date):*
   b. ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☐  days *(specify number):*
   b. ☐  hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial  ☐  by the attorney or party listed in the caption  ☐  by the following:
   a.  Attorney:
   b.  Firm:
   c.  Address:
   d.  Telephone number:
   e.  Fax number:
   f.  E-mail address:
   g.  Party represented:
   ☐  Additional representation is described in Attachment 8.

9. **Preference**
   ☐  This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a.  Counsel  ☐ has  ☐ has not  provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
    b. ☐  All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c. ☐  The case has gone to an ADR process *(indicate status):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.    The party or parties are willing to participate in *(check all that apply)*:
    (1) ☐ Mediation
    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
    (4) ☐ Binding judicial arbitration
    (5) ☐ Binding private arbitration
    (6) ☐ Neutral case evaluation
    (7) ☐ Other *(specify)*:

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

**11. Settlement conference**
☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

**12. Insurance**
a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**13. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
☐ Bankruptcy ☐ Other *(specify)*:
Status:

**14. Related cases, consolidation, and coordination**
a. ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
☐ Additional cases are described in Attachment 14a.
b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**15. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**16. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**
a. ☐ The party or parties have completed all discovery.
b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

<u>Party</u>                              <u>Description</u>                                                      <u>Date</u>

c. ☐ The following discovery issues are anticipated *(specify):*

**18. Economic Litigation**
a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**19. Other issues**
☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**20. Meet and confer**
a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**21. Case management orders**
Previous case management orders in this case are *(check one):*     ☐ none     ☐ attached as Attachment 21.

**22. Total number of pages attached *(if any):* _____**

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____          ▶  _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

_____          ▶  _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)
                                                              ☐ Additional signatures are attached

CM-110 [Rev. January 1, 2007]                    **CASE MANAGEMENT STATEMENT**                    Page 4 of 4



# Superior Court of California
## County of San Francisco

**HON. DAVID BALLATI**
**PRESIDING JUDGE**

## Judicial Mediation Program

**JENIFFER B. ALCANTARA**
**ADR PROGRAM ADMINISTRATOR**

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable David J. Ballati
The Honorable Anne Bouliane
The Honorable Ellen Chaitin
The Honorable Robert L. Dondero
The Honorable Ernest H. Goldsmith
The Honorable Harold E. Kahn
The Honorable Patrick J. Mahoney
The Honorable Tomar Mason

The Honorable James J. McBride
The Honorable Kevin M. McCarthy
The Honorable John E. Munter
The Honorable Ronald Quidachay
The Honorable A. James Robertson, II
The Honorable John K. Stewart
The Honorable Mary E. Wiss

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Program Administrator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

10/07 (ja)



PROCEDURES, FORMS, MEDIATOR BIOGRAPHIES AND PHOTOGRAPHS:

# www.sfbar.org/mediation

QUESTIONS?
adr@sfbar.org or 415-982-1600

**EXPERIENCED MEDIATORS ARE AVAILABLE IN THE FOLLOWING AREAS**

- Business
- Civil Rights
- Commercial
- Construction
- Contracts
- Disability
- Discrimination
- Education
- Employment/Workplace
- Environmental
- Family
- Fee Disputes
- Financial
- Gay/Lesbian/Bisexual/Transgender Issues
- Government
- Insurance
- Intellectual Property
- Intra-Organizational
- Labor
- Landlord/Tenant
- Land Use
- Malpractice:
- Legal-Medical-Professional
- Partnership Dissolutions
- Personal Injury
- Probate/Trust
- Products Liability
- Real Estate
- Securities
- Taxation
- Uninsured Motorist
- Women's Issues
- And more...

## What is BASF's Mediation Service?

Mediation is a voluntary, private dispute resolution process in which a trained mediator assists the parties in reaching an outcome that is mutually agreeable.

Mediation Services was established by The Bar Association of San Francisco (BASF) with extensive input from experienced mediators, litigators and judges. This traditional mediation service is an approved alternative to court ordered Arbitration or Early Settlement.

## How Does it Work?

BASF's Mediation Services works quickly, matching a qualified mediator to a case within days. The assignment process is flexible; experienced BASF staff can suggest a mediator, or you can request three biographies to choose from, or request a particular mediator from our Web site.

## How Much Does the Service Cost?

Mediators generously provide one hour of preparation and two hours of session time free of charge as a service to BASF and the community. To qualify for the pro-bono hours, parties must file the Consent to Mediate form with BASF. Hourly fees beyond those three hours vary depending on the mediator selected. BASF charges a small administrative fee, which pays for the costs of running the program.

## Who Can Use the Service?

The service can be utilized by anyone whether or not the dispute has been filed in a court. If a legal action is already underway, it can be used at any time during the litigation process and is not limited to San Francisco County litigants.

## Who Are the Mediators?

Experienced mediation professionals are available to assist in most areas of dispute, ranging from multi-party commercial matters to individuals in conflict. Each has been pre-approved pursuant to strict educational and experience requirements. In fact, our mediators average 15 years of mediation experience and 125 hours of formal mediation training.

## More Information

Our Web site - www.sfbar.org/mediation provides photographs, short biographies and hourly rates of our mediators. You can search by name or by area of law.

If you don't see the area you need in our 30+ panels, just contact us at adr@sfbar.org; it's very likely we can match your need with one of our panelists.

WWW.SFBAR.ORG/MEDIATION • ADR@SFBAR.ORG • 415.982.1600

DEFENDANT'S
EXHIBIT
B

1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

2

3  | NICHOLAS H. PARKER, an            ) Case No.:
4  | individual,                        )
   |                                    ) Hon.:
5  |                    Plaintiff, )
   |                                    ) DECLARATION OF SCOTT M. MOORE
6  |        v.                          )
   |                                    )
7  | SCOTT MICHAEL MOORE, an            )
   | individual; MOORE INTERNATIONAL )
8  | LAW OFFICES, A PROFESSIONAL        )
   | CORPORATION, a California          )
9  | corporation; MOORE                 )
   | INTERNATIONAL LAW OFFICES, A       )
10 | PROFESSIONAL CORPORATION, a        )
   | business entity, form unknown;  )
11 | DOES 1 through 20, inclusive,   )
   |                                    )
12 |                   Defendants. )
   |                                    )
13 | _____ )

14

15     1.    I, SCOTT M. MOORE, am over 18 years of age and am

16 making this declaration in support of the defendants in the

   above referenced action.

17     2.    I reside in, and am a citizen of, the State of New

18 York.

19     3.    I am president of Moore International Law Offices, A

20 Professional Corporation, a corporation organized under the laws

21 of the State of New York, with its principal place of business

22 located at 45 Rockefeller Plaza, Suite 2000, (a/k/a 630 5th

23 Avenue), New York, New York, 10111.

24     4.    I was president of Moore International Law Offices, A

25 Professional Corporation, a corporation which was organized

-1-

1 | under the laws of the State of California on the 1st of June

2 | 2001, California Entity ID No. 2346237, which was dissolved on

3 | the 25th of June, 2004.

4 |     5.   Neither I, nor any of the above corporations,

5 | maintained an office in the State of California when the

6 | plaintiff filed the present lawsuit on the 14th of March, 2008.

7 |

8 |     I declare under penalty of perjury under the laws of the

9 | United States that the above statements are true and correct.

10 |

11 | Dated this _____ day of April, 2008.

12 |

13 |

14 |                            _____

15 |                            SCOTT M. MOORE

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

-2-



FILED

04 MAY 25 AM 10: 36

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

NICHOLAS H. PARKER and JOHN S.
PARKER,

               **Plaintiff,**

-vs-                           **Case No. 8:04-cv-41-T-26MSS**

F. BAYARD PARKER and CENTURY 21 J.
EDWARDS REAL ESTATE,



               **Defendant.**

## JUDGMENT IN A CIVIL CASE

**Decision by Court.**    This action came to trial or hearing before the Court. The issues have been
tried or heard and a decision has been rendered.

    **IT IS ORDERED AND ADJUDGED** that judgment is entered in favor of Plaintiff Nicholas
H. Parker and against Defendants in the sum of $283,916.

Date:  May 25, 2004

                           SHERYL L. LOESCH, CLERK

                           By:                        
                                J. Garoutte, Deputy Clerk

Copies furnished to:

Counsel of Record
Unrepresented Parties

FILED

04 MAY 25    AM 10: 36

CLERK U.S. DISTRICT C'...
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### TAMPA DIVISION

NICHOLAS H. PARKER and JOHN S.
PARKER,

     **Plaintiff,**

-vs-            **Case No.  8:04-cv-41-T-26MSS**

F. BAYARD PARKER and CENTURY 21 J.
EDWARDS REAL ESTATE,

     **Defendant.**



## JUDGMENT IN A CIVIL CASE

**Decision by Court.** This action came to trial or hearing before the Court.  The issues have been
tried or heard and a decision has been rendered.


   **IT IS ORDERED AND ADJUDGED** that judgment is entered in favor of Plaintiff John S.
Parker and against Defendants in the sum of $279,747.



Date: May 25, 2004

      SHERYL L. LOESCH, CLERK

      By: _Jennifer Garoutte_
       J. Garoutte, Deputy Clerk


Copies furnished to:

Counsel of Record
Unrepresented Parties

D0744409

DEFENDANT'S
EXHIBIT
E



# State of California

## SECRETARY OF STATE

I, *Kevin Shelley*, Secretary of State of the State of California, hereby certify:

That the attached transcript of ___/___ page(s) has been compared with the record on file in this office, of which it purports to be a copy, and that it is full, true and correct.



*IN WITNESS WHEREOF*, I execute this certificate and affix the Great Seal of the State of California this day of

JUL 3 0 2004

Secretary of State

Sec/State Form CE-107 (rev. 1/03)

CERTIFICATE OF DISSOLUTION
MOOORE INTERNATIONAL LAW OFFICES, A PROFESSIONAL
CORPORATION

The undersigned certify that:

1.    They constitute a majority of the directors now in office of MOORE INTERNATIONAL LAW OFFICES, A PROFESSIONAL CORPORATION, a California corporation.

2.    The corporation has been completely wound up.

3.    The corporation's known debts and liabilities have been actually paid.

4.    The known assets have been distributed to the persons entitled thereto.

5.    A person or corporation or other business entity assumes the tax liability, if any, of the dissolving corporation as security for the issuance of a Tax Clearance Certificate from the Franchise Tax Board and is responsible for additional corporate taxes, if any, that are assessed and that become due after the date of the assumption of the tax liability.

6.    The election to dissolve was made by the vote of all the outstanding shares.

7.    The corporation is dissolved.

We declare under penalty of perjury under the laws of the State of California that the matters set forth in this certificate are true and correct of our own knowledge.

Dated:    6/25/04



Scott M. Moore, Director

**ENDORSED - FILED**
in the office of the Secretary of State
of the State of California

JUN 2 8 2004

KEVIN SHELLEY
Secretary of State



# MOORE INTERNATIONAL LAW OFFICES
## A PROFESSIONAL CORPORATION

45 ROCKEFELLER PLAZA, SUITE 2000
NEW YORK, NEW YORK 10111 USA

TELEPHONE: +(212) 332-3474
FACSIMILE: +(212) 332-3475

INTERNATIONAL LEGAL MATTERS

WRITER: SCOTT MICHAEL MOORE
SMM@MILOPC.COM
LICENSED & ADMITTED
SUPREME COURT OF THE UNITED STATES OF AMERICA
U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT
U.S. COURT OF INTERNATIONAL TRADE
OTHER U.S. FEDERAL COURTS
STATES OF NEW YORK & MICHIGAN ONLY
LONDON COURT OF INTERNATIONAL ARBITRATION

Via Courier

PERSONAL & CONFIDENTIAL

Our Ref:
Your Ref:

15 March 2007

Nicholas H. Parker
1275 2ⁿᵈ Ave., Apt. 5
San Francisco, CA 94122

        Re:   Termination of Representation

Dear Mr. Parker:

        This letter is to regretfully, effective immediately
this date, resign, withdraw, and terminate representation
under our engagement letter dated 24 February 2003,
relating to the dispute regarding F. Bayard Parker's
handling of the title transfer, and his proposed sale, of
the Honduras Real Estate, owned by your late mother, Judith
S. Hockmeyer.

        This letter is also to explain the reasons for
termination, as unpleasant, blunt, and harsh as those
reasons may be, and are, and to confirm the current status
of this matter.

As more particularly described below, you and your brother, John S. Parker, currently each hold a valid judgment against your brother, F. Bayard Parker, totaling over half a million dollars, ready to be enforced against F. Bayard Parker's assets anywhere in the world. The status of the Honduran property is as F. Bayard Parker last left it, to Wit: title in his name only.

Reasons for Termination

It is nothing short of bizarre, when the undersigned was initially engaged by you to stop F. Bayard Parker from selling the Honduran property, and now you have engaged another attorney to stop the undersigned from selling the property.

It is impossible for the undersigned to render further services for the following reasons.

1.  Your non-payment since August 2006, with a current balance of $6,198.20.

2.  Your failure to return repeated telephone calls from the undersigned beginning 6 February 2007.

3.  Your failure to cooperate with the undersigned since 6 February 2007 under the terms of the Settlement and Release Agreement signed by you on 24 March 2003. For over four (4) weeks, you failed to respond to a proposal by a new proposed Honduran real estate agent, Guanaja Reef Realty, Guanaja, Bay Islands, Honduras, located on the same Island as the property, to get the Honduran property sale ready for marketing as they required, resulting in the proposed agent's withdrawal of the proposal. This has been the only qualified Honduran real estate agent willing to take on the property listing after the property taint caused by F. Bayard Parker.

4.  Your secret engagement of Neil Gieleghem, Esq., who, while the undersigned was recently unavailable and engaged in unrelated litigation and travel, sent a number of surprise faxes and left a number of surprise voicemail messages, outrageous, hostile, threatening, and adversarial in nature, and

interfering with the undersigned's duties under your
own instructions. Some of these outrageous voicemail
messages were barely intelligible and one was
completely unintelligible, and sounded made from a
cell phone in a car. Attorney Gieleghem has made
outrageous and reckless suggestions that the
undersigned is unqualified for this international
legal representation. This is outrageous conduct one
expects of an adversary, not of one's own client.
The U.S. District Court and the U.S. Court of
Appeals, which admitted the undersigned for the
litigation in this matter, would beg to differ.
According to a search on Martindale-Hubbell, Mr.
Gieleghem has no attorney listing whatsoever, and
therefore is very unlikely an international lawyer
and unlikely has any idea about international legal
matters. It is clear you are unhappy with the
decisions and instructions you have made in this
matter, and a scapegoat is ludicrously being sought
by this secret engagement and interference.

5.    Your recurring confusion, suspicions, memory
      problems, impetuousness, emotional high when things
      go your way, and anger when things don't go your
      way, are in my view, symptoms of a mental illness,
      such as bipolar depression. Your behavior has made
      this representation difficult, and now impossible
      with your lack of cooperation and secret engagement
      of Mr. Gieleghem. The alcoholism of your brother, F.
      Bayard Parker. The homelessness of your brother John
      N. Parker. The death of your mother from alcoholism.
      The fighting among your family members over money.
      All these conditions made this representation very
      difficult because of the resulting lack of
      credibility of the parties.

6.    Lastly, the fact that you and your brother, John
      Parker, should never have originally signed the
      powers of attorney in favor of your brother, F.
      Bayard Parker, with respect to the Honduran
      property, prepared by your family and Trust Counsel
      Ramsey Pratt, when the named parties and attorneys,
      had full knowledge of the evil propensities of F.
      Bayard Parker and made his bad acts in Honduras
      perfectly foreseeable. It was plain bad judgment on
      your part, and it was plain error for your family

attorney and Trust Counsel Ramsey Pratt to prepare and
permit the documents to be signed. No one has owned up
and taken responsibility for these facts, which were
at the root of the Honduran property problem. All this
occurred prior to the engagement of the undersigned.

## Status of the Matter

The following traces the major aspects of this
representation up to the present status at termination.

1.  The undersigned was engaged by you on 24 February
    2003, to pursue resolution of the dispute regarding
    F. Bayard Parker's handling of the title transfer,
    and his proposed sale, of the Honduras real estate,
    owned by your late mother, Judith S. Hockmeyer.
    (Enclosed) (All original documents and papers you
    provided are also enclosed.) You sought out and
    engaged the undersigned as an international attorney
    for this international legal matter, and at the time
    you had full information and knowledge that this
    practice is strictly limited to international legal
    matters, with appropriate qualifications, and that
    this was not a State of California matter nor was
    the undersigned admitted in the State of California.
    This full disclosure of qualifications was confirmed
    by the engagement letterhead listing of licenses and
    admissions of the undersigned (Licensed and Admitted
    in "States of New York and Michigan Only"). To raise
    this licensing issue now through Mr. Gieleghem, when
    you are unhappy with your decisions and
    instructions, is outrageous and ludicrous and can
    only be motivated by pure malice and greed. It is
    common for international practitioners to have a mix
    of admissions and licenses, and it has been common
    for the undersigned to meet other international
    practitioners in California and other state and
    international jurisdictions not necessarily licensed
    in the state, with disclosure of that fact to
    clients, as was the case here. (See the
    undersigned's letter to Mr. Gieleghem, dated 5 March
    2007, when Mr. Gieleghem stealthily failed to
    identify you as his client.)

2.  Your above described behavior required the
    undersigned to expend extra care and time to you as
    a client. This care often required monthly status
    conferences to help us to stay focused on your
    decisions and instructions, and analyzing plusses
    and minuses, risks and benefits, of options and
    decisions, as we moved along your chosen path to
    deal with the corrupt actions of your evil brother,
    F. Bayard Parker, in Honduras. You made carefully
    informed decisions each step of the way, from the
    beginning to the present. It is clear now you are
    unhappy with your decisions and instructions, and
    blame others.

3.  From the beginning and up to the present, Parker
    family attorneys and Trust Counsel, Ramsey Pratt,
    was kept informed of the status of this matter by
    periodic courtesy telephone conferences, as you
    decided and instructed. Never once did Ramsey Pratt
    voice unhappiness to the undersigned. Ramsey Pratt
    even reviewed the Settlement and Release Agreement
    prior to signature by the parties.

4.  The secret proposed sale of the Honduran property by
    F. Bayard Parker, which he secretly listed with J.
    Edwards Real Estate, in Roatan, Bay Islands,
    Honduras, was stopped, as you decided and
    instructed.

5.  A Settlement and Release Agreement was entered into
    by you, John Parker, and F. Bayard Parker, signed by
    F. Bayard Parker on 2 April 2003, as you decided and
    instructed. (Enclosed). Under the terms and part of
    this settlement agreement, Moore International Law
    Offices, P.C. was granted limited power of attorney
    by F. Bayard Parker to cause the settlement
    agreement to be carried out by selling the Honduran
    property with the proceeds to be distributed among
    the parties.

6.  After entering into the settlement agreement, F.
    Bayard Parker continued to secretly communicate with
    his listing agent and continued efforts to secretly
    sell the Honduran property, which tainted the
    Honduran property and resulted in the property

becoming unsaleable. No qualified Honduran agent would list the property.

7.    Litigation was commenced by you and John Parker against F. Bayard Parker and his Honduran real estate agent, J. Edwards Real Estate, in U.S. District Court for the Middle District of Florida, Tampa Division, for among other things, breach of the above settlement agreement, as decided and instructed by you. Judgment was entered in favor of you in the amount of US$283,916, including attorney fees and costs. Judgment was entered in favor of John Parker in the amount of US$279,747, including attorney fees and costs. (Enclosed). These judgments are valid and in force as against F. Bayard Parker. The judgments were voided only as against J. Edwards Real Estate, by the District Court, affirmed on appeal, after the undersigned had frozen over US$300,000 of J. Edwards' funds in a Texas bank pursuant to execution of the judgments, and later released by the Court. Parker v. Parker, Case No. 8:04-cv-41-T-26MSS (M.D. Florida 2004), aff'd, 05-15231-A (11th Cir. 2006). (The full and complete case file is available and publicly accessible for electronic downloading using the PACER system. Any attorney experienced in federal litigation uses ECF/PACER and can download the case file in full or in part.) As you know, during the course of contesting the District Court's voiding of the judgments against J. Edwards, it is the undersigned's view that the Courts were not sympathetic to our position because the judgments against your brother, F. Bayard Parker, remained valid and you obtained the relief sought, and the Courts could not understand why you and your brother, John Parker, would knowingly grant a power of attorney to your evil brother, which made his bad acts foreseeable, other than plain greed.

8.    The judgments of Nicholas and John Parker against F. Bayard Parker, in the total amount of US$563,663, may currently be enforced against assets of F. Bayard Parker anywhere in the world. Known F. Bayard Parker assets include monies in the Parker Trust in the U.S., and the property on Guanaja, Bay Islands, Honduras.

PERSONAL & CONFIDENTIAL    MOORE INTERNATIONAL LAW OFFICES, P.C.
15 March 2007
Page 7 of 7

9. At this point in time, the settlement agreement is now unenforceable. Authority and obligations of the parties under the agreement, including the undersigned's power of attorney granted by F. Bayard Parker, are discharged. F. Bayard Parker breached the agreement, resulting in litigation and a final judgment being rendered against him. And now Nicholas Parker breached the agreement by failing to cooperate with, and frustrated the efforts of, the undersigned to enforce your judgments against the Honduran property assets.

10. At this point in time, the legal status of the Honduran property remains as F. Bayard Parker last left it, to Wit: title in his name only.

The undersigned truly regrets that this representation has ended in this fashion. Should you have any questions, please do not hesitate to contact the undersigned.

Very Truly Yours,

MOORE INTERNATIONAL LAW OFFICES, P.C.

BY:

Scott Michael Moore
Attorney at Law

Counsel for Nicholas H. Parker

cc:        Gayle Ramsey, Esq. (via Facsimile w/out enclosures)
           John Neil Gieleghem, Esq. (via Facsimile & enclosures by courier only)

Enclosures:    Engagement letter, dated 24 February 2003
               Settlement and Release Agreement
               All original documents and papers provided by Nicholas H. Parker
               Judgment in favor of Nicholas H. Parker in the amount of US$283,916
               Judgment in favor of John Parker in the amount of US$279,747