1 | Neil Gieleghem, Esq.
Gieleghem Law Firm
2 | 1875 Century Park East, Suite 700
Los Angeles, CA 90067
3 | 310-284-3252
Counsel for Plaintiff
4 |

*FILED*

*APR 1 4 2008*

NORTHERN RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF COURT
OF CALIFORNIA

5 | Scott Michael Moore, Esq.
Moore International Law Offices, P.C.
6 | 45 Rockefeller Plaza, Suite 2000
New York, NY 10111
7 | 212-332-3474
Counsel for Defendants
8 | (Pro Hac Vice, appl. pending)

9

10 |                UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF CALIFORNIA

11

12 | NICHOLAS H. PARKER, an          ) Case No.: C081896JCS
individual,                      )
13 |                                 ) Hon.:
                      Plaintiff, )
14 |                                 ) DEFENDANTS' MEMORANDUM OF LAW
         v.                       ) IN SUPPORT OF MOTION TO DISMISS
15 |                                 )
SCOTT MICHAEL MOORE, an          )
16 | individual; MOORE INTERNATIONAL )
LAW OFFICES, A PROFESSIONAL      )
17 | CORPORATION, a California        )
corporation; MOORE               )
18 | INTERNATIONAL LAW OFFICES, A     )
PROFESSIONAL CORPORATION, a      )
19 | business entity, form unknown;  )
DOES 1 through 20, inclusive,    )
20 |                                 )
                     Defendants. )
21 |                                 )

22

23 |     The above named defendants, by and through their

24 | undersigned counsel, have respectfully moved this honorable

25

-1-

1  court pursuant to Federal Rules of Civil Procedure 12(b)(1),(6)

2  and (7), to dismiss this action.

### I.
### Procedural History

This action was originally filed on the 14th of March, 2008, by the plaintiff in the Superior Court of the State of California, County of San Francisco, case number 08-473343. On the 9th of April, 2008, a notice of removal, with attached exhibits, was timely filed by the defendants in this court. (Def. Notice of Removal).

### I.
### Statement of Facts

The plaintiff brings this action against the defendants, alleging that under California state law, the defendants wrongfully provided international legal services relating to property situated in the foreign country of the Republic of Honduras. (Complaint, ¶ 22). Specifically, plaintiff alleges two causes of action.

First, plaintiff alleges unfair business practices, false and misleading advertising, and unlicensed practice of law, pursuant to state statute, California Bus. & Prof. Code §§ 6125, 6126(a), 6128, 17200 et seq, and 17500 et seq, (Complaint, ¶¶ 29-37).

-2-

1    However, plaintiff admits the property is situated in the

2    Honduras, and plaintiff admits being informed over 5 years ago,

3    on the 24th of February, 2003, of practice limitations as to

4    international legal matters, federal admissions, and state

5    admissions in the States of Michigan and New York only. This was

6    plainly stated on letterhead. (Complaint, Pl. Exhibit A).

7        Secondly, plaintiff alleges legal malpractice under

8    California state contract and tort theories, (Complaint, ¶¶ 38-

9    43).

10

11       However, plaintiff admits the property is situated in the

12   Honduras, and plaintiff admits he is in possession of a court

13   judgment related to the property in his favor. (Complaint, ¶

14   25). The judgment, plead by plaintiff, was issued on the 25th of

15   May, 2004, by the United States District Court, Middle District

16   of Florida, Tampa Division, in plaintiff's favor, and against

17   plaintiff's brother, F. Bayard Parker, in the amount of

18   $283,916. (Def. Exhibit C; Nicholas H. Parker Judgment, attached

19   to Notice of Removal). In the same Florida Middle District case,

20   the federal court also issued judgment in favor of plaintiff's

21   brother, John S. Parker, and against plaintiff's brother, F.

22   Bayard Parker, in the amount of $279,747. (Def. Exhibit D, John

23   S. Parker Judgment, attached to Notice of Removal). These

24   judgments total $563,663 -- over half a million dollars. These

25   judgments are valid as against F. Bayard Parker, but are not

valid as against the second named defendant in that action,
Century 21 J. Edwards Real Estate, as that defendant
successfully moved to void the judgment as to Century 21 J.
Edwards Real Estate.

The fees and costs complained of by the plaintiff, were not
paid by the plaintiff. Rather, the fees and costs complained of
by plaintiff were paid by the Judith Hockmeyer Trust (the
Trust), located in North Carolina, which required the signature
of three trust attorneys. (Exhibit A, Moore Aff. ¶ 4).

There are three beneficiaries of the Trust, the plaintiff,
Nicholas H. Parker, plaintiff's brother, John S. Parker, who at
the time of the actions complained of was a resident of North
Carolina, and plaintiff's brother, F. Bayard Parker, who at the
time of the actions complained of was a resident of Florida.
(Def. Exhibit B, Settlement Agreement, attached hereto)

Beginning September, 2004, the undersigned handled all
matters involving the Honduran property from New York, and the
plaintiff was informed at that time and offered no complaint.
(Exhibit A, Moore Aff. ¶ 3).

Sometime during the Fall of 2006, during a strategy call,
the plaintiff became upset about being able to pay expenses, and
made an unspecified threat against the undersigned, saying in an
angry voice, "I really like you, but …). (Def. Exhibit A, Moore
Aff. ¶ 6).

-4-

1   Beginning the 6th of February, 2007, the plaintiff stopped
2   returning calls placed by the undersigned. (Def. Exhibit A,
3   Moore Aff. ¶ 7). The undersigned was calling plaintiff to obtain
4   consent to hire a proposed real estate listing agent in Honduras
5   who was willing to list and sell the Honduran property. (Def.
6   Exhibit A, Moore Aff. ¶ 7). The result of plaintiff's failure to
7   return the undersigned's calls resulted in the proposed Honduran
8   real estate agent to decline the listing. (Def. Exhibit A, Moore
9   Aff. ¶ 7).
10

11   Prior to this time, during a strategy call after the
12   litigation ended, plaintiff made the decision to decline to pay
13   a $5,000 retainer to hire local Honduran counsel proposed by the
14   undersigned in order to execute the federal judgments in
15   Honduras against the Honduran property, and instead instructed
16   the undersigned to seek a Honduran real estate listing agent to
17   sell the property under the Settlement Agreement. (Def. Exhibit
18   A, Moore Aff. ¶ 5).

19   While the undersigned was engaged in other matters,
20   plaintiff's counsel in this present action, Attorney Neil
21   Gieleghem, placed surprise adversarial telephone voice mail
22   messages to the undersigned on the 8th, 9th, and 12th of March,
23   2007, on behalf of the plaintiff. (Def. Exhibit A, Moore Aff. ¶
24   8). Attorney Gieleghem's telephone voice mail message on the 12th
25   of March, 2007, specifically stated that he represented the

-5-

1  plaintiff, and instructed the undersigned there was to be no

2  transaction regarding the Honduran property without

3  authorization from Attorney Gieleghem. (Def. Exhibit A, Moore

4  Aff. ¶ 9; Def. Exhibit C, Voice mail record page for 12 March

5  2007). The undersigned understood he was effectively told to

6  stop representing the plaintiff.

7  Under letter dated the 15th of March, 2007, the undersigned

8  prepared and sent a termination letter to the plaintiff,

9  specifying these and other reasons for termination. (Def.

10  Exhibit A, Moore Aff. ¶ 10; Def. Exhibit F, Termination letter,

11  attached to Notice of Removal).

12

13  Plaintiff filed this action in state court on the 14th of

14  March, 2008.

15                          II.
                         Analysis
16

17  A.    The statute of limitations bars plaintiff's action.

18  Plaintiff alleges unfair business practices, false and

19  misleading advertising, and unlicensed practice of law, pursuant

20  to state statute, California Bus. & Prof. Code §§ 6125, 6126(a),

21  6128, 17200 et seq, and 17500 et seq, (Complaint, ¶¶ 29-37).

22  However, plaintiff admits being informed over 5 years ago,

23  on the 24th of February, 2003, of practice limitations as to

24  international legal matters, federal admissions, and state

25

-6-

admissions in the States of Michigan and New York only. This is plainly stated on the letterhead. (Complaint, Pl. Exhibit A).

Ann.Cal.C.C.P. § 340(a) provides a one year statute of limitation for statutes proscribing a penalty or forfeiture, and provides,

> Within one year:
> (a) An action upon a statute for a penalty or forfeiture, if the action is given to an individual, or to an individual and the state, except if the statute imposing it prescribes a different limitation.

Plaintiff knew and had notice of the defendants' practice limitations, plainly stated on the letterhead dated the 24th of February, 2003, attached by plaintiff to his complaint as plaintiff's Exhibit A. The one year statute of limitation expired on the 24th of February, 2004. Plaintiff filed his action on the 14th of March, 2008. Therefore, plaintiff's action is barred by § 340(a).

Even assuming statutory liability under plaintiff's liability statute does not include a penalty or forfeiture, plaintiff's action is still barred by the three year statute of limitation provided by Ann.Cal.C.C.P. § 338(a), which would have expired on the 24th of February, 2006, which provides,

> Within three years:
> (a) An action upon a liability created by statute, other than a penalty or forfeiture.

1    Additionally, the statute invoked by plaintiff does not

2  create a private cause of action. Ann.Cal.Bus. & Prof.Code §

3  17204.

4    Secondly, plaintiff alleges legal malpractice under

5  California state contract and tort theories, (Complaint, ¶¶ 38-

6  43).

7    The statute of limitations for this claim has also expired.

8  Ann.Cal.C.C.P. § 340.6, provides in pertinent part,

9

10         (a) An action against an attorney for a wrongful act
           or omission, other than for actual fraud, arising in
11         the performance of professional services shall be
           commenced within one year after the plaintiff
12         discovers, or through the use of reasonable diligence
           should have discovered, the facts constituting the
13         wrongful act or omission, or four years from the date
           of the wrongful act or omission, whichever occurs
14         first. In no event shall the time for commencement of
           legal action exceed four years except that the period
15         shall be tolled during the time that any of the
           following exist:
16         ...

17         (2) The attorney continues to represent the plaintiff
           regarding the specific subject matter in which the
18         alleged wrongful act or omission occurred;

19

20    The plaintiff's Exhibit A plainly shows the notice date of

21  the practice limitations complained of by plaintiff, being the

22  24th of February, 2003. This starts the one year limitation of §

23  340.6(a) running, and it expired the 24th of February, 2004,

24  unless it is tolled under § 340.6(a)(2). Assuming tolling, the

25  one year statute of limitations begins running again on the date

the defendants stop representing the plaintiff. The date the defendants stopped representing Nicholas H. Parker was on the 12th of March, 2007, the date Neil Geileghem, placed his call to the undersigned and left a voice mail message stating he, Neil Geileghem, represented Nicholas H. Parker, and stated that there was to be no transaction regarding the Honduran property without authorization from him. This call put the undersigned on notice representation effectively ended. The undersigned's termination letter dated the 15th of March, 2007, which referred to Attorney Geileghem's calls, simply stated the obvious.

The statute of limitation began running again on the 12th of March, 2007, and expired on the 12th of March, 2008. Plaintiff waited until the 14th of March, 2008 to file his claim, two days after the statute of limitation expired.

B.    Plaintiff has failed to join necessary parties.

Rule 19 of the Federal Rules of Civil Procedure provides for joinder of persons needed for just adjudication.

Plaintiff is only one of three beneficiaries of the Trust that paid defendants. The Judith S. Hockmeyer Trust is not a party. Neither are the other two beneficiaries of the Trust, John S. Parker, or F. Bayard Parker. "When a trust beneficiary brings a suit which affects more than her own interests, or which affects the corpus of the trust, all other beneficiaries are generally held to be necessary parties who must be joined."

-9-

1  [citations omitted] Mertens v. Kaiser Steel Retirement Plan, 744

2  F.Supp. 917, 920 (N.D.C.A. 1990). This claim exposes defendants

3  to possible claims by three other non-joined parties for the

4  same allegations made by plaintiff.

5     C.   Plaintiff is not the real party in interest.

6      Rule 17 of the Federal Rules of Civil Procedure requires

7  "Every action shall be prosecuted in the name of the real party

8
9  in interest." The real party in interest is the Trust, since the

10 corpus of the Trust was used to pay the defendants for the

11 actions complained of by the plaintiff.

12    D.   Plaintiff lacks Article III standing.

13     To bring suit, Article III, Section 2 of the United States

14 Constitution requires that a person have standing. Lujan v.

15 Defenders of Wildlife, 504 U.S. 555, 560 (1992). In order to

16 satisfy the standing requirement, a plaintiff must meet an

17 "irreducible constitutional minimum", which requires

18               (1)that the plaintiff have suffered an injury in fact
19               – an invasion of a judicially cognizable interest
                 which is (a) concrete and particularized and (b)
20               actual or imminent, not conjectural or hypothetical;
                 (2) that there be a causal connection between the
21               injury and the conduct complained of – the injury must
                 be fairly traceable to the challenged action of the
22               defendant, and not the result of the independent
                 action of some third party not before the court; and
23               (3) that it be likely, as opposed to merely
                 speculative, that the injury will be redressed by a
24               favorable decision.

25

1  Bennett v. Spear, 520 U.S. 154, 167 (1997)(citing Lujan, 504
2  U.S. at 560-561).

3      Plaintiff has not suffered an injury in fact. Plaintiff
4  pleads he holds a judgment in his favor. That judgment is
5  greater than his plead damages. Plaintiff has identified in his
6  complaint the Honduran property as assets against which the
7  judgment may be enforced. It is purely conjectural and
8  hypothetical that the judgment may not be enforceable against
9  the Honduran property or any other assets of F. Bayard Parker,
10 such as Trust corpus.
11

12     There is also lack of a causal connection between the injury
13 and the conduct complained of. The Trust is an independent party
14 not before the court. Perhaps plaintiff's real complaint is
15 against the Trust attorneys that prepared the power of attorney
16 in favor of F. Bayard Parker, which was signed by the plaintiff
17 and John S. Parker, for title transfer of the Honduran property.

18     E.   Plaintiff has unclean hands.

19     The unclean hands doctrine "bars relief to a plaintiff who
20 has violated conscience, good faith or other equitable
21 principles in his prior conduct, as well as to a plaintiff who
22 has dirtied his hands in acquiring the right presently
23 asserted."[citations omitted] Dollar Systems, Inc. v. Avcar
24 Leasing Systems, Inc., 890 F.2d 165, 172 (9th Cir. 1989).
25

1    Plaintiff's own actions should bar this action under the

2  doctrine of unclean hands. Plaintiff made strategic decisions

3  and instructions. Plaintiff decided to sign a power of attorney

4  prepared by the Trust attorneys in favor of his brother F.

5  Bayard Parker to transfer title to the Honduran property.

6  Plaintiff decided to sue his brother F. Bayard Parker over the

7  Honduran property, and obtain a judgment. Plaintiff decided not

8  to enforce his judgment against the Honduran property. Plaintiff

9  decided to sell the Honduran property under the Settlement

10  Agreement instead. Plaintiff failed to cooperate in selling the

11  Honduran property under the Settlement Agreement. Plaintiff now

12  decides to sue the defendants, withholding from his complaint

13  any mention of the Trust and other Trust beneficiaries.

14  Plaintiff should not now be heard to complain in this court.

15

16                              III.
                            Conclusion
17

18      FOR THE FOREGOING REASONS, the defendants respectfully pray

19  this honorable court to dismiss this action in its entirety and

20  with prejudice.

21

22  Dated this  10  day of April, 2008.

23

24

25

-12-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Respectfully submitted,

Scott Michael Moore, Esq.
MOORE INTERNATIONAL LAW OFFICES
A Professional Corporation
45 Rockefeller Plaza, Suite 2000
New York, NY 10111
T. 212-332-3474
F. 212-332-3475
E. smm@MILOPC.com
Counsel for the defendants
(Pro Hac Vice appl. pending)

-13-



DEFENDANT'S EXHIBIT
4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

NICHOLAS H. PARKER, an            ) Case No.: C081896JCS
individual,                       )
                                  ) Hon.:
               Plaintiff,         )
                                  ) DECLARATION OF SCOTT M. MOORE
    v.                            )
                                  )
SCOTT MICHAEL MOORE, an           )
individual; MOORE INTERNATIONAL   )
LAW OFFICES, A PROFESSIONAL       )
CORPORATION, a California         )
corporation; MOORE               )
INTERNATIONAL LAW OFFICES, A      )
PROFESSIONAL CORPORATION, a       )
business entity, form unknown;    )
DOES 1 through 20, inclusive,     )
                                  )
               Defendants.        )
_____)

    1.   I, SCOTT M. MOORE, am over 18 years of age and am

making this declaration in support of the defendants in the

above referenced action.

    2.   I am president of Moore International Law Offices, A

Professional Corporation, a corporation organized under the laws

of the State of New York, with its principal place of business

located at 45 Rockefeller Plaza, Suite 2000, New York, New York,

10111.

    3.   The matters relating to the property situated in the

Bay Islands, Republic of Honduras, in this action were handled

by this law firm in New York beginning September, 2004, and

Nicholas H. Parker was informed at that time, offered no

-1-

1  objection, and praised New York City as a "great city" of his
2  own prior residence.

3      4.    The fees and costs complained of by Nicholas H. Parker
4  in his complaint were not paid by Nicholas H. Parker, but by the
5  Judith S. Hockmeyer Trust, located in North Carolina, which
6  required the signature of three trust attorneys.

7      5.    During a strategy telephone call after litigation
8  ended, Nicholas H. Parker decided to decline to hire and pay a
9  $5,000 retainer for a local Honduran counsel proposed by me to
10 execute the Nicholas H. Parker and John S. Parker federal court
11 judgments against the Honduran property assets of F. Bayard
12 Parker, and instead Nicholas H. Parker decided and instructed me
13 to seek a Honduran real estate listing agent to sell the
14 Honduran property under the Settlement Agreement relating to the
15 Honduran property.

16     6.    Sometime in the Fall of 2006, Nicholas H. Parker,
17 during a strategy call, became angry about the ability to pay
18 legal expenses, and made an unspecified threat, "I like you, but
19 …".

20     7.    Beginning the 6th of February, 2007, Nicholas H. Parker
21 stopped returning telephone calls placed by me, in which I was
22 attempting to obtain his consent to hire a proposed Honduran
23 real estate listing agent to list the Honduran property, which
24 resulted in the proposed listing agent to decline the listing.
25

-2-

1        8.    On the 8th, 9th, and 12th of March, 2007, Neil

2    Gieleghem, attorney for Nicholas H. Parker in this action,

3    placed surprise and adversarial telephone voice mail messages

4    for me in New York, while I was engaged in other matters, and I

5    was not informed prior thereto that Nicholas H. Parker had hired

6    Attorney Gieleghem.

7        9.    In the voice mail message left for me by Attorney Neil

8    Gieleghem on the 12th of March, 2007, Mr. Gieleghem specifically

9    stated that he represented Nicholas H. Parker, and that there

10   was to be no transaction regarding the Honduran property without

11   authorization from Attorney Gieleghem.

12       10.    I was given to understand on the 12th of March, 2007,

13   that my representation was effectively ended, and I prepared and

14   sent to Nicholas H. Parker a termination letter dated the 15th of

15   March, 2007.

16

17       I declare under penalty of perjury under the laws of the

18   United States that the above statements are true and correct.

19

20   Dated this _10_ day of April, 2008.

21

22

23                             _____

24                             SCOTT M. MOORE

25


DEFENDANT'S
EXHIBIT
B

SETTLEMENT AND RELEASE AGREEMENT

This agreement is made between F. BAYARD PARKER, of
Hillsborough County, State of Florida, NICHOLAS H. PARKER, of San
Francisco County, State of California, and JOHN S. PARKER, of
Buncombe County, State of North Carolina, with respect to the
following facts:

A. Under Item Two of The Last Will and Testament of JUDITH S.
   HOCKMEYER, all real and personal property were devised in
   equal shares to her three sons, to wit: F. BAYARD PARKER,
   NICHOLAS H. PARKER, and JOHN S. PARKER.

B. Pursuant to Item Two of the Last Will and Testament of
   JUDITH S. HOCKMEYER, in 1995, NICHOLAS H. PARKER and JOHN
   S. PARKER each executed a limited power of attorney
   appointing F. BAYARD PARKER on their behalf to give effect
   to said Item Two with respect to property located in the
   Honduras.

C. A legal action for fraud has now been reviewed for
   commencement against F. BAYARD PARKER, arising from
   evidence that F. BAYARD PARKER transferred the title to the
   Honduras real estate to himself only and attempted to sell
   said property to and for his sole benefit, after F. BAYARD
   PARKER previously induced and received legal authority from
   NICHOLAS H. PARKER and JOHN S. PARKER, and induced and
   received funds from the family trust and NICHOLAS H.
   PARKER, wherein F. BAYARD PARKER represented that he was,
   pursuant to Item Two of The Last Will and Testament of
   JUDITH S. HOCKMEYER, undertaking the steps necessary in the
   Honduras to transfer the title of the Honduras real estate
   to the name of all three brothers, to wit: F. BAYARD
   PARKER, NICHOLAS H. PARKER, and JOHN S. PARKER.

D. The parties now desire to settle the dispute according to
   the following terms.

IN CONSIDERATION OF the following mutually agreed upon
covenants, the parties agree as follows:

1. The parties agree that the intent and purpose of this
   agreement is to carry out Item Two of The Last Will and
   Testament of JUDITH S. HOCKMEYER with relation to those
   lands in the Honduras, agree that said lands shall now be
   sold at not less than fair market value, and agree that the
   net proceeds from said property sale shall be distributed
   in equal shares to F. BAYARD PARKER, NICHOLAS H. PARKER,
   and JOHN S. PARKER. Net proceeds shall mean proceeds after
   deduction of costs and expenses. F. BAYARD PARKER agrees to
   the reimbursement and deduction from his share of net

proceeds for any outstanding monies owed by F. BAYARD PARKER to the family trust and to NICHOLAS PARKER which were obtained by F. BAYARD PARKER per paragraph C above and for attorney fees and costs incurred in connection with this matter.

2. To carry out the terms of this agreement, F. BAYARD PARKER agrees to execute a limited power of attorney (attached hereto and incorporated by reference), to appoint the law firm, MOORE INTERNATIONAL LAW OFFICES, P.C., as his true and lawful Attorney-in Fact to do and perform the following acts: in relation to those lands located in the Honduras which were devised to F. BAYARD PARKER, NICHOLAS H. PARKER, and JOHN S. PARKER, under the terms of the Last Will and Testament of JUDITH S. HOCKMEYER, to execute such documents as it may deem necessary, for the management and conveyance of said lands, the resolution of any conflicts concerning the title to and legal status of said lands, the contracts of sale and deeds conveying said lands, to receive and disburse all proceeds received from the aforesaid matters and transactions and to pay all closing costs and any other costs in connection therewith.

3. F. BAYARD PARKER agrees to cease and desist from exercising any authority, real or apparent, in relation to said property in the Honduras.

4. F. BAYARD PARKER agrees to provide information upon request in a full and timely manner and shall execute any documents deemed necessary by MOORE INTERNATIONAL LAW OFFICES, P.C. to carry out the terms of this agreement.

5. The parties have signed this agreement as a full compromise and release of all claims.

6. This written agreement contains the entire understanding of the parties and there are no other promises or conditions other than those contained in this agreement.

7. This agreement shall be forever binding upon the parties and their respective agents, personal representatives, executors, and assigns.

8. This agreement may be enforced in any court of law with competent jurisdiction in the United States.

IN TESTIMONEY WHEREOF, the parties have signed this settlement and release agreement effective on that date the last of the three (3) signatures below is affixed hereto.

_____
F. BAYARD PARKER

Dated this 2 day of April, 2003

_____
NICHOLAS H. PARKER

Dated this 24 day of MARCH, 2003

_____
JOHN S. PARKER

Dated this 18 day of March, 2003

DEFENDANT'S
EXHIBIT
C

# MESSAGE

FOR _____

DATE _____    TIME _____    A.M.
                                                  P.M.

M _____ OF _____

PHONE/
MOBILE _____

FAX _____

| TELEPHONED | PLEASE CALL |
|---|---|
| CAME TO SEE YOU | WILL CALL AGAIN |
| WANTS TO SEE YOU | RUSH |
| RETURNED YOUR CALL | SPECIAL ATTENTION |

MESSAGE _____

_____

_____

SIGNED _____

5802