1  Neil Gieleghem         CSBN 107389
   Gieleghem Law Office
2  1875 Century Park East, Suite 700
   Los Angeles, CA  90067
3  Telephone: (310) 284-3252
   Telecopier: (310) 284-3253
4  ngieleghem@sbcglobal.net

5  Attorneys for Plaintiff
   Nicholas H. Parker

6

7

8

                    **UNITED STATES DISTRICT COURT**
9
                    **NORTHERN DISTRICT OF CALIFORNIA**
10

11  NICHOLAS H. PARKER, an individual,          )    CASE NO. 3:08-CV-01896-PJH
                                                )
12             Plaintiff,                        )    Hon. Phyllis J. Hamilton
                                                )
13       vs.                                     )    **NOTICE OF MOTION AND MOTION**
                                                )    **TO REMAND AND REQUEST FOR**
14  SCOTT MICHAEL MOORE, an individual;          )    **JUST COSTS AND ACTUAL**
    MOORE INTERNATIONAL LAW OFFICES,             )    **EXPENSES (OF $9651.29, OR**
15  A PROFESSIONAL CORPORATION, a                )    **ADDITIONAL AMOUNT TO BE**
    California corporation; MOORE                )    **DETERMINED); MEMORANDUM OF**
16  INTERNATIONAL LAW OFFICES, A                 )    **POINTS AND AUTHORITIES;**
    PROFESSIONAL CORPORATION, a business         )    **DECLARATION OF NEIL**
17  entity, form unknown; DOES 1 through 20,     )    **GIELEGHEM**
    inclusive,                                   )
18                                               )    Date:       Wednesday, June 4, 2008
               Defendants.                       )    Time:       9:00 a.m.
19  _____  )    Courtroom:  Courtroom 3, 17th Floor

20

21       **TO THIS HONORABLE COURT, AND TO ALL PARTIES AND COUNSEL OF**

    **RECORD:**
22

23       **NOTICE IS HEREBY GIVEN** that, on Wednesday, June 4, 2008, at 9:00 a.m., or as

24  soon thereafter as counsel may be heard by the Court, Honorable Phyllis J. Hamilton presiding,

25  in Courtroom 3 of the above-entitled Court, located at 450 Golden Gate Avenue, 17th Floor, San

    Francisco, CA  94102 - 3483, Plaintiff Nicholas Parker will and hereby does move for an Order:
26

27       (1)  Remanding the above-entitled action to the Superior Court of the State of California,

28  County of San Francisco, from whence said action was removed; and (2) awarding Plaintiff his

    just costs and actual expenses in the amount of $9651.29 (or such additional amount as may be

1   determined) incurred by reason of Defendants' improper removal.

2        This Motion is brought pursuant to 28 U.S.C. § 1447(c) on the grounds that this Court

3   lacks subject matter jurisdiction over this state law legal malpractice and unfair business

4   practices case. The sole basis for Defendants' removal is diversity jurisdiction. However, one

5   of the Defendants  – Moore International Law Offices, A Professional Corporation – is a

6   California corporation and a citizen of California. Under well-established law, the presence of

7   this California Defendant precludes complete diversity between Plaintiff and Defendants as

8   required for removal under 28 U.S.C. § 1332(a).

9        In addition ro remand, Plaintiff is entitled, under 28 U.S.C. § 1447(c), to recover

10  $9651.29 (or an additional amount to be determined) as his just costs and actual expenses

11  incurred as a result of Defendants' improper removal of this case.

12       This Motion is based on this Notice of Motion and Motion; the attached Memorandum

13  of Points and Authorities; the attached Declaration of Neil Gieleghem; this Court's files and

14  records; and on such further papers and argument as may be presented to the Court prior to

15  and/or at any hearing of this matter.

16

17  Dated: April 24, 2008                          GIELEGHEM LAW OFFICE

18

19
                                        _____
20                                                s/ Neil Gieleghem
                                                 Neil Gieleghem
21                                      Attorneys for Plaintiff Nicholas H. Parker

22

23

24

25

26

27

28

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION**

3    Defendants removed this action, which alleges California state law causes of action for

4    unfair business practices and legal malpractice, based solely on alleged diversity jurisdiction.

5    One of the named Defendants, however, is a now-dissolved California professional corporation

6    by which Defendants illegally engaged in the unlicensed practice of law in California.

7    Under well-established law, this California corporation, even though dissolved, must be

8    treated as a citizen of California for the purposes of determining whether there is the required

9    complete diversity. Given the presence of this California Defendant, complete diversity does not

10    exist, and this case should be remanded.

11    In addition to remand, Defendants should be ordered to reimburse Plaintiff for the

12    attorney fees and costs incurred by their improper removal. Before filing this motion, Plaintiff

13    attempted to meet-and-confer with Defendants, citing them to the legal authorities (addressed

14    below) that establish that their removal was improper, and requesting that Defendants stipulate

15    to remand. Defendants ignored this attempt to save the parties, and this Court, from unnecessary

16    motion practice.

17    Accordingly, in addition to remand, Defendants should be ordered to reimburse Plaintiff

18    the just costs and actual expenses (including attorney fees), totaling $9651.29 (or an additional

19    amount to be determined[1]), incurred by Plaintiff.

20    **II.    FACTUAL AND PROCEDURAL BACKGROUND**

21    Given the focus of removal and remand issues presented, the allegations of the

22    Complaint, and the causes of action alleged therein, may be summarized briefly.

23    **A.    The Complaint Alleges State Law Claims Against Defendants, One Of**

24    **Which Is A California Corporation**

25    The Complaint names three Defendants: (1) Scott Michael Moore, an individual

26    ───────────────────

    [1]

27    Defendants filed a "Motion to Dismiss," and have noticed the same for hearing on June 4,
    2008. If Plaintiff is forced to file an Opposition to this Motion to Dismiss, Plaintiff will seek the fees

28    and costs incurred pursuant to 28 U.S.C. § 1447(c). Any such additional fees and costs will be
    addressed in Plaintiff's Reply in support of this Motion to Remand.

(Complaint, ¶ 6); (2) Moore International Law Office, A Professional Corporation, a business entity, form unknown (id., ¶ 7); and (3) <u>Moore International Law Office, A Professional Corporation,"</u> a California corporation No. C2346237 (hereinafter "MILOCA"). <u>Id.</u>, ¶ 7.

As the cited allegations of the Complaint indicate, MILOCA was/is a California corporation, No. C2346237, having its principal place of business in San Francisco, California. <u>See</u> attached Declaration of Neil Gieleghem ("Gieleghem Decl."), ¶ 2. Exhibit A (printout from website of California Secretary of State showing corporate registration of MILOCA).

In their removal papers, Defendants admit that MILOCA was a California corporation, but claim that MILOCA was "dissolved" in June, 2004. <u>See</u> Notice of Removal, p. 5, ¶ 7, lns. 5-12. As shown below, however, this "dissolution" is irrelevant for the purposes of the diversity analysis that applies here.

The Complaint alleges California state law claims for unfair business practices (First Cause of Action) and legal malpractice (Second Cause of Action) against all three Defendants. No federal claims are alleged, and Defendants do not contend otherwise. The California state law claims are based on the following operative allegations.

● None of the Defendants is, or has ever been, admitted to practice law in California. Complaint, ¶ 13.

● Between 2001 and at least February, 2007, Defendants practiced law in San Francisco in the guise of "Moore International Law Offices, A Professional Corporation," operating out of so-named offices in San Francisco. MILOCA, a California corporation (No. C2346237), apparently was incorporated by Defendants to facilitate their unlicensed practice of law in this state. <u>Id.</u>. ¶ 14.

● Plaintiff Nicholas Parker, a California resident throughout the relevant period, retained Defendants in February, 2003, via MILOCA's offices in San Francisco, to represent him in regards to a dispute arising out of his brother's misappropriation, from their mother's estate, of certain real property located in Honduras. <u>Id.</u>, ¶¶ 17-18; <u>see also</u> Exhibit A to Complaint (February 24, 2003 retainer letter on MILOCA letterhead, with San Francisco address).

● In the course of said retention, Defendants repeatedly advised Plaintiff in

1    California as to the law of foreign jurisdictions (e.g., Honduras) and the laws of sister states.

2    Throughout said retention (2003-2007), Defendants maintained law offices in California, in the

3    guise of "Moore International Law Offices." Id., ¶¶ 19-24.

4    ● In the course of said representation, Plaintiff paid Defendants over $151,000 in

5    legal fees and costs, in part in connection with a federal district court lawsuit that Defendants

6    filed on Plaintiff's behalf in Florida. Id., ¶ 25.

7    These allegations are sufficient to support causes of action against Defendants for unfair

8    business practices and legal malpractice, based on Defendants having engaged in the unlicensed

9    practice of law in California. See, e.g., Bluestein v. State Bar, 13 C3d 162, 174 (1974)("Giving

10   legal advice [in California] regarding the law of a foreign country . . . constitutes the practice

11   of law"; such legal advice by non-admitted attorney constitutes the unlicensed practice of law

12   within the meaning of Cal. Bus. & Prof. Code § 6125).[2]

13   **B.    Defendants' Removal Is Based On The Theory That The California**

14   **Citizenship Of MILOCA, A California Corporation, Can Be Ignored**

15   According to this Court's records, Defendants removed this action on or about April 9,

16   2008. The sole grounds for removal is diversity jurisdiction, i.e., Defendants do not allege

17   federal question jurisdiction.

18   In their removal papers, Defendants in essence claim that, because MILOCA allegedly

19   was dissolved on or about June 24, 2004, MILOCA's citizenship as a California corporation can

20   be ignored for the purposes of the diversity analysis. See Notice of Removal, p. 5, ¶ 7, lns. 1-25.

21

22   _____

     [2]

23   With their removal papers, Defendants also served Plaintiff with a "Motion to Dismiss"
24   challenging the Complaint on various grounds, e.g., statute of limitations, failure to join necessary
     parties. These challenges are irrelevant to the diversity jurisdiction issues presented here, and will
25   be addressed by way of Plaintiff's Opposition to the Motion to Dismiss (if this case is not remanded
     beforehand).

26
     Defendants' Notice of Motion did not give notice of any hearing date for their Motion to
27   Dismiss. (On April 24, 2008, Plaintiff received notice, via PACER, that the Motion to Dismiss was
     calendared for June 4, 2008.) Both these motion papers, and Defendants' subsequent filings, repeat
28   Defendants' practice of listing Plaintiff's counsel in the "lead counsel" position on Defendants'
     pleadings. See Gieleghem Decl., ¶ 4.

1    As shown below, this claim is contrary to well-established controlling law, and is not supported

2    by the cases cited by Defendants in their removal papers.

3    ### C.    Defendants Ignored Plaintiff's Meet-And-Confer

4    Plaintiff received Defendants' removal papers on or about April 15, 2008, after they were

5    mailed served by Defendants on or about April 11, 2008.  <u>See</u> Gieleghem Decl., ¶ 3.  On April

6    15, 2008, Plaintiff faxed Defendants a detailed meet-and-confer letter, citing the legal authorities

7    addressed below, that established that MILOCA's California citizenship precluded removal

8    based on diversity jurisdiction.  On this basis, Plaintiff demanded that Defendants stipulate to

9    remand on or before April 18, 2008, or Plaintiff would file a motion to remand and seek his

10   attorney fees and costs pursuant to 28 U.S.C. § 1447(c).  <u>See</u> Gieleghem Decl., ¶ 3, Exhibit B

11   (April 15, 2008 meet-and-confer letter).

12   Defendants made no response to this meet-and-confer letter, either by the April 18, 2008

13   deadline or thereafter.  Instead, Defendants noticed their Motion to Dismiss for hearing on June

14   4, 2008, thereby potentially increasing the fees and costs that would be incurred by Plaintiff due

15   to Defendants' improper removal.

16   ## III.   LEGAL ANALYSIS

17   Diversity jurisdiction requires, among other things, that there be <u>complete</u> diversity

18   between the plaintiffs and defendants. 28 U.S.C. § 1332(a).  Under this requirement, none of the

19   defendants can be citizens of the state in which the plaintiff filed the action.

20   The courts have further limited diversity jurisdiction by construing diversity status

21   strictly.  Doubt as to whether jurisdiction exists normally is resolved <u>against</u> a finding of such

22   jurisdiction.  <u>See</u>, <u>e.g.</u>, <u>Kantor v. Wellesley Galleries, Ltd.</u>, 704 F.2d 1088, 1092 (9th Cir. 1983);

23   <u>Sheenhan v, Gustafson</u>, 967 F.2d 1214, 1215 (8th Cir. 1992).

24   The burden of establishing the existence of federal subject matter jurisdiction lies with

25   the party that seeks to invoke it.  <u>Littlefield v. Continental Cas. Co.</u>, 475 F.Supp. 887, 889 (CD

26   CA 1979).  Here, that burden lies on Defendants, the removing parties.

27   \ \ \

28   \ \ \

A.    **One Of The Defendants Is A Citizen Of California, Which Bars Diversity Jurisdiction And Requires Remand**

For the purposes of analyzing whether diversity exists, a corporation may have dual citizenship: "(A) corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

As shown above, MILOCA is a California corporation with its principal place of business in California.  See Complaint, ¶ 7.  Accordingly, MILOCA is considered a citizen of California for diversity purposes, and its status as a Defendant prevents the complete diversity required for federal jurisdiction.

This analysis and conclusion are not changed due to MILOCA's alleged dissolution in June, 2004, as made clear by the leading authority on California federal court practice.  As addressed in Schwarzer, Tashima & Wagstaff, Cal. Prac. Guide: Fed. Civ. Proc. Before Trial (The Rutter Group 2008), §§ 2:321.4 - 2:321.7, there is a "three-way split" as to the proper test for the citizenship of a defunct (or inactive) corporation for diversity purposes.  Id., § 2:321.4 (citing Patel v. Sugen, Inc., 354 F.Supp.2d 1098, 1111 (ND CA 2005)(citing Fed. Civ. Proc. Before Trial, supra, re "three-way split")).

Under the first line of analysis, some courts look both to the state of the defunct corporation's incorporation and to the state of the corporation's last business activity.  Id., § 2:321.5 (citing Athena Automotive, Inc. v. DiGregorio, 166 F3d 288, 291 (4th Cir. 1999); Circle Industries USA, Inc. v. Parke Const. Group, Inc., 183 F3d 105, 108 (2nd Cir. 1999)(inactive corporation's "principal place of business" is the state in which it last transacted business)).

Under the second line of analysis, some courts hold an inactive corporation has no "place of business"and therefore is a citizen only of its state of incorporation.  Id., § 2:321.6 (citing Midlantic Nat'l Bank v. Hansen, 48 F3d 693, 696 (3rd Cir. 1995)).

Under the third line of analysis, some courts have adopted a case-by-case approach, i.e., if the corporation has been inactive for a substantial period of time (e.g., 5 years), it is a citizen only of the state where it is incorporated. Otherwise, the court must examine the corporation's

1    activities as it was closing its doors and determine whether its business had a continuing impact

2    in that locale. If so, the place of the defunct corporation's last business activity would be

3    relevant to (but not dispositive of) the determination of its "principal place of business." Id., §

4    2:321.7 (citing Harris v. Black Clawson Co., 961 F2d 547, 551 (5th Cir. 1992); Athena

5    Automotive, Inc. v. DiGregorio, supra, 166 F3d at 291–292 (corporation that ceased business

6    activities still a citizen of place of incorporation because it kept its charter in good standing).

7    **_Under each of the three lines of analysis described, MILOCA's incorporation in_**

8    **_California requires that it be treated as a citizen of California in analyzing whether diversity_**

9    **_exits._** Because MILOCA must be treated as a citizen of California, regardless of its alleged

10   dissolution, there is incomplete diversity.

11   Defendants' removal papers show that, even before Plaintiff's meet-and-confer effort,

12   Defendants recognized the bar to removal created by MILOCA's California citizenship.

13   Defendants cite two cases in an attempt to avoid the jurisdictional bar, but neither supports

14   Defendants' position.

15   In the first case cited by Defendants, Strotek Corporation v. Air Transport Association

16   of America, 300 F.3d 1129 (9th Cir. 2002), the Ninth Circuit held that diversity existed even

17   though the complaint named a non-diverse unincorporated trade association as a defendant,

18   because at the time the action was filed, and at the time of removal, the non-diverse association

19   had been dissolved and a diverse incorporated successor had taken its place and assumed all of

20   the association's rights and liabilities. Id. at 1131-1132.

21   Addressing what it characterized as a "novel issue," the Ninth Circuit upheld the district

22   court's conclusion that diversity existed because the "[diverse incorporated successor] was the

23   [non-diverse] association's incarnation as of the time the complaint was filed and the action was

24   removed." Id. at 1131-1132. The Court based this conclusion on several factors that do not exist

25   here, e.g., the "undisputed record"showed that, at the time of removal, the allegedly

26   "unincorporated association" in fact was a diverse corporation. Id. at 1132.

27   Nothing in the factors presented in Strotek, or the Ninth Circuit's analysis of the "novel"

28   issue presented by those factors, suggests that the Court's reasoning should be applied outside

1    of its narrow facts, or that such an analysis should be applied in contravention of the existing,

2    well-established law, addressed above, as to the diversity citizenship of <u>dissolved or defunct</u>

3    <u>corporations</u> such as MILOCA.

4    The second case cited by Defendants, <u>Grupo Dataflux v. Atlas Global Group, L.P.</u>, 541

5    U.S. 567 (2004) is even further off the mark.  In <u>Grupo Dataflux</u>, the Supreme Court held that

6    post-filing change in plaintiff's citizenship, resulting from withdrawal of two Mexican citizens

7    that were partners at time of filing, could not cure a defect in diversity jurisdiction.  Clearly,

8    <u>Grupo Dataflux</u> has nothing to do with the situation presented here, and does nothing to support

9    Defendants' position.

10    The presence of MILOCA as a Defendant precludes diversity jurisdiction.  Accordingly,

11    this case should be remanded.

12    **B.    Plaintiff Is Entitled To Recover His Just Costs And Actual Expenses,**

13    **Including Attorney Fees, Incurred As A Result Of Removal**

14    28 U.S.C. § 1447(c) provides, in pertinent part: "If at any time before final judgment it

15    appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An

16    order remanding the case may require payment of just costs and any actual expenses, including

17    attorney fees, incurred as a result of the removal." <u>See also</u> <u>Morris v. Bridgestone/Firestone, Inc.</u>,

18    985 F.2d 238, 240 (6th Cir. 1993).

19    The statutory purpose of such an award of costs and fees is to deter the possibility of

20    abuse, unnecessary expense and harassment if a defendant removes improperly.  <u>Circle Industries</u>

21    <u>USA, Inc. v. Parke Const. Group, Inc.</u>, <u>supra</u>, 183 F.3d at 109.  Although an award of fees and

22    costs under 28 U.S.C. § 1447(c) is not mandatory, such an award does <u>not</u> require a showing of

23    that the removal was "frivolous," "vexatious," lacked an "objectively reasonable basis," or was

24    made in "bad faith," as required by other theories/grounds under which sanctions might be

25    imposed.  <u>Moore v. Permanente Medical Group, Inc.</u>, 981 F.2d 443, 446 (9th Cir. 1992); <u>Morgan</u>

26    <u>Guar. Trust Co. v. Republic of Palau</u>, 971 F.2d 917, 923-924 (2nd Cir. 1992); <u>Tenner v. Zurek</u>,

27    168 F.3d 328, 329-330 (7th Cir. 1999); <u>Suder v. Blue Circle, Inc.</u>,  116 F.3d 1351, 1352 (10th Cir.

28    1997).

1    "Just costs" under 28 U.S.C. § 1447(c) include filing fees, service of process fees, and

2    attorneys fees, regardless of whether the plaintiff has in fact paid such fees, e.g., where the case

3    is being handled on a contingency fee or pro bono basis. See Gotro v. R & R Realty Group, 69

4    F.3d 1485, 1448 (9th Cir. 1995); see also Tenner v. Zurek, supra, 168 F.3d 328 at 320 (just costs

5    include document preparation expenses and travel costs).

6        The above analysis shows that removal was improper, because this Court lacks federal

7    subject matter jurisdiction.   Further, before filing this motion to remand, Plaintiff put

8    Defendants' "on notice" of the legal authorities cited above, by way of counsel's April 15, 2008

9    fax letter.  See Gieleghem Decl., Exhibit B.  Defendants ignored this warning, and the cases on

10   which Defendants rely cannot be read, under any reasonable interpretation, as in any way

11   supporting their position.   Under such circumstances, the fee and cost recovery sought is

12   appropriate – if not mandated.

13       As of the filing of this motion to remand, Plaintiff has incurred $4365.32 in attorney fees

14   and costs, as documented in the attached Gieleghem Declaration.  See Gieleghem Decl., ¶ 5.

15   Plaintiff anticipates incurring an additional $5285.97 appearing at any hearing on this motion.

16   See Gieleghem Decl., ¶ 6.[3]

17       Accordingly, Plaintiff respectfully requests that, in addition to remanding this case, this

18   Court order Defendants to reimburse Plaintiff said fees and costs pursuant to 28 U.S.C. §

19   1447(c), which fees and costs will total $9651.29 through hearing.  Gieleghem Decl., ¶¶ 5-6.[4]

20   **IV.    CONCLUSION**

21       For the reasons stated above, Plaintiff respectfully requests that this Court remand this

22   case to the Superior Court for the State of California, County of San Francisco, and order

23

24   _____

     [3]

25   Because the lack of subject matter jurisdiction is clear, this Court has the power to remand

26   *sua sponte*, without opposition briefing or argument.  See Air-Shields, Inc. v. Fullam, 891 F.2d 63,
     65 (3rd Cir. 1989).  If this Court so remands without additional briefing or argument, these additional,

27   "post-filing" costs should not be included in the award.

     [4]

28   Consistent with the above, Plaintiff respectfully reserves the right to seek any additional fees
     and costs incurred as a result of Defendants' Motion to Dismiss.

1  Defendants, pursuant to 28 U.S.C. § 1447(c), to reimburse Plaintiff his just costs and expenses,

2  including attorney fees, in the amount of $9651.29 through hearing.

3

4  Dated: April 24, 2008                          GIELEGHEM LAW OFFICE

5

6
                                                  _____s/ Neil Gieleghem_____
7                                                      Neil Gieleghem
                                                  Attorneys for Plaintiff Nicholas H. Parker
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF NEIL GIELEGHEM

I, Neil Gieleghem, declare:

1.    I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently thereto.  I am an attorney at law duly admitted to practice before all the courts of the State of California, and the United States District Courts, and I am counsel of record for Plaintiff Nicholas Parker.

2.    Attached hereto as Exhibit A is a true and correct copy of a printout from the official website of the California Secretary of State, showing that "Moore International Law Offices, A Professional Corporation," was a California corporation, No. C2346237, incorporated on or about June 4, 2001.

3.    I received Defendants' removal papers on or about April 15, 2008, in an envelope postmarked April 11, 2008.  On April 15, 2008, I prepared and faxed/mailed to Defendants (Scott Michael Moore, Esq.) a detailed meet-and-confer letter, a true and correct copy of which is attached hereto as Exhibit B.  As of the filing of this Motion to Remand, Defendants made no response to this letter, either by the April 18, 2008 deadline or thereafter.

4.    As of the filing and service of this Motion to Remand, and based on my review of the Register of Actions listed on official website of the San Francisco Superior Court, Defendants reportedly have not filed a Notice of Removal in San Francisco Superior Court. On or about April 24, 2008, however, I received notice, via the PACER system, that this case had been reassigned to Hon. Phyllis J. Hamilton, and that Defendants had noticed their "Motion to Dismiss" for hearing on June 4, 2008.

5.    My billing rate in this case is $350.00.  As of the filing and service of this Motion, Plaintiff has incurred the following fees and costs

Work Performed/Costs

April 14, 2008        Initial review of Notice of Removal; on-line legal research re diversity citizenship of dissolved/defunct corporation; draft and final letter to Defendants' counsel (Moore) re legal authorities and demanding stipulating to remand; email to client re

1

removal/remand issues; on-line research re USDC ND Cal. Local Rules re motion practice.

|  |  |  |
|---|---|---|
| Time: | 3.1 hrs @ $350/hr = | $1050.00 |
| Fax Costs: | 4 pgs @ .25/pg = | $1.00 |
| Postage: | .41 = | .41 |
| Copying: | 3 pgs & .22/pg = | .66 |

April 15, 2008   T/c client re developments; additional on-line research re USDC ND Cal. motion procedures.

|  |  |  |
|---|---|---|
| Time: | .4 hrs @ $350/hr = | $140.00 |

April 18, 2008:   On-line research, via PACER, re status of federal court action, including date of removal, CMC, etc.; review of Court's Standing Orders re anticipated motion practice, etc.

|  |  |  |
|---|---|---|
| Time: | 2.7 hrs @ $350/hr = | $974.00 |
| PACER: | .88 = | .88 |

April 23, 2008:   On-line research, via Westlaw, re case authority for motion to remand; SF Superior Court website re state court filings; complete initial drafting of motion in anticipation of April 24, 2008 filing and service.

|  |  |  |
|---|---|---|
| Time: | 4.5 hrs @ $350/hr = | $1575.00 |
| Westlaw: | $65.00 = | $65.00 |

April 24, 2008:   Final proofing and revisions to Motion to Remand; coordinate final preparation and service (fax and mailing); e-filing with Court.

|  |  |  |
|---|---|---|
| Time: | 1.5 hrs @ $350/hr = | $525.00 |

PLAINTIFF'S MOTION TO REMAND, ETC., CASE NO. 3:08-CV-01896-PJH

| | | |
|---|---|---|
| | Postage: | .97 |
| | Copying: 70 pgs @ .22/pg: | 15.40 |
| | Overnight Mail to Court (Chambers | |
| | Copies) | 12.50 |
| | Fax: 18 pgs @ .25/pg. | 4.50 |

Total as of motion filing: $4365.32

6.    If further briefing and/or a hearing is required, Plaintiff anticipates incurring the following additional fees and costs:

Work Performed/Costs

| | | |
|---|---|---|
| [Anticipated] | Review of Opposition papers; preparation, filing and service of Reply. | |
| | Time:  6 hrs @ $350/hr | $2100.00 |
| | Copying: | $10.00 |
| | Fax: | $3.00 |
| | Postage: | .97 |
| [June 6, 2008] | Travel to/from, appear at, hearing. [Portal-to-portal; LAX-SFO-LAX] | |
| | Time:  8 hrs @ $350/hr | $2800.00 |
| | Airfare: | $282.00 |
| | Parking: | $30.00 |
| | Ground Transportation: | $60.00 |

Post-filing subtotal: $5285.97

Total through hearing: $9651.29

7.    The above-referenced anticipated fees and costs are separate from any fees and costs that will be incurred by Plaintiff in opposing Defendants' pending Motion to Dismiss, which fees and costs will be detailed in any Reply filed in support of this Motion.

I declare, under penalty of perjury under the laws of the State of California and the federal law, that the foregoing is true and correct.

Executed on this 24th day of April, 2008, at Los Angeles, California.


_____
s/ Neil Gieleghem

NEIL GIELEGHEM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    PROOF OF SERVICE

2    STATE OF CALIFORNIA          )
                                  ) ss.
3    COUNTY OF LOS ANGELES        )

4        I am a resident of the State of California; over the age of 18 years; and not a party to the
     within action; and my business address is: 1875 Century Park East, Suite 300, Los Angeles,
5    California 90067.

6        On April 24, 2008  I served the foregoing document described as:

7    **NOTICE OF MOTION AND MOTION TO REMAND AND REQUEST FOR JUST**
     **COSTS AND ACTUAL EXPENSES (OF $9651.29, OR ADDITIONAL AMOUNT TO**
8    **BE DETERMINED); MEMORANDUM OF POINTS AND AUTHORITIES;**
     **DECLARATION OF NEIL GIELEGHEM**
9

10   [X]    (BY MAIL ) By placing the true copies of the document(s) listed above in a sealed
            envelope, fully prepaid, addressed to the recipient(s) listed below.  I am "readily familiar"
11          with the firm's practice of collection and processing correspondence for mailing.  Under
            that practice it would be deposited with U.S. postal service on that same day with postage
12          thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am
            aware that on motion of the party served, service is presumed invalid if postal
13          cancellation date or postage meter date is more than one day after date of deposit for
            mailing in said affidavit.

14   [X]    (BY FAX) By transmitting, on this date, via facsimile, the document(s) listed above to
            the fax number(s) set forth above.
15

16   [  ]   (BY EXPRESS MAIL) By placing the document(s) listed above in a sealed Federal
            Express envelope and affixing a pre-paid air bill, and causing the envelope to be
17          delivered to a Federal Express agent for delivery.

18   [X]    (BY ELECTRONIC TRANSMISSION) By transmitting via electronic mail the
            document(s) listed above to each recipient listed below.
19

20   [  ]   (BY PERSONAL SERVICE) I delivered such envelope by hand to the office of the
            addressee.

21   Scott Michael Moore, Esq.
     Moore International Law Offices, P.C.
22   45 Rockefeller Plaza, Suite 2000
     (630 5th Avenue, Suite 2000)
23   New York, New York 10111
     Tel: (212) 322-3474
24   Fax: (212) 332-3475
     smm@MILOPC.com
25   Attorneys for Defendants

26       I declare under penalty of perjury under the laws of the State of California, and the United
     States of America, that the above is true and correct.

27       Executed on April 24, 2008, in Los Angeles, CA.

28                                                    s/ Neil Gieleghem
                                                     Neil Gieleghem

**EXHIBIT A**
[Printout from California Secretary of State Website]

# California Business Portal

### Secretary of State DEBRA BOWEN

**DISCLAIMER:** The information displayed here is current as of MAR 07, 2008 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| MOORE INTERNATIONAL LAW OFFICES, A PROFESSIONAL CORPORATION | | |
| **Number:** C2346237 | **Date Filed:** 6/4/2001 | **Status:** dissolved |
| **Jurisdiction:** California | | |
| **Address** | | |
| 388 MARKET STREET STE 500 | | |
| SAN FRANCISCO, CA 94111 | | |
| **Agent for Service of Process** | | |
| SCOTT M MOORE | | |
| 388 MARKET STREET STE 500 | | |
| SAN FRANCISCO, CA 94111 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

**EXHIBIT B**
[April 15, 2008 Meet-And-Confer Letter]

LAW OFFICES of

# Neil Gieleghem

1875 Century Park East, Suite 700
Los Angeles, California 90067
Telephone: (310) 284-3252
Facsimile: (310) 282-3253

J. NEIL GIELEGHEM, ESQ.
ngieleghem@sbcglobal.net

April 15, 2008

<u>By Fax & U.S. Mail</u>
(212) 332 3475

Scott Michael Moore, Esq.
Moore International Law Offices, P.C.
45 Rockefeller Plaza, Suite 2000
630 5th Avenue
New York, New York 10111

Re:    Parker v. Moore, et al.
       USDC ND Cal. Case No. C081896 JCS *[as per Defendants' caption]*
       San Francisco Superior Court Case No. 08-473343

Dear Mr. Moore:

This responds to the Notice of Removal, and Motion to Dismiss, that you filed in the above-referenced case.

<u>Defendants' Removal Is Improvident</u>

Your removal is improvident, as there is not the required complete diversity between Plaintiff and Defendants given that the latter include "Moore International Law Office, A Professional Corporation," a California corporation No. C2346237 (hereinafter "MILOCA").

Contrary to your apparent misunderstanding, MILOCA's alleged dissolution in June, 2004 is irrelevant to the diversity analysis, as made clear by the leading authority on California federal court practice:

(11) [2:321.4] Defunct corporations: There is a split on the proper test for the citizenship of a defunct (or inactive) corporation for diversity purposes (Patel v. Sugen, Inc. (ND CA 2005) 354 F.Supp.2d 1098, 1111 (citing text)):

• [2:321.5] Some courts look both to the state of incorporation and to the state of the corporation's last business activity. [Athena Automotive, Inc. v. DiGregorio (4th Cir. 1999) 166 F3d 288, 291; Circle Industries USA, Inc. v. Parke Const. Group, Inc. (2nd Cir. 1999) 183 F3d 105, 108—inactive corporation's "principal

FILE COPY

Scott Michael Moore, Esq.
Moore International Law Offices, P.C.
April 15, 2008
Page 2

place of business" is the state in which it last transacted business]

• [2:321.6] Some courts hold an inactive corporation has no "place of business" and therefore is a citizen only of its state of incorporation. [Midlantic Nat'l Bank v. Hansen (3rd Cir. 1995) 48 F3d 693, 696]

• [2:321.7] Other courts adopt a case-by-case approach: i.e., if the corporation has been inactive for a substantial period of time (e.g., 5 years), it is a citizen only of the state where it is incorporated. Otherwise, the court must examine the company's activities as it was closing its doors and determine whether its business had a continuing impact in that locale. If so, the place of its last business activity would be relevant to (but not dispositive of) the determination of its "principal place of business." [Harris v. Black Clawson Co. (5th Cir. 1992) 961 F2d 547, 551; see also Athena Automotive, Inc. v. DiGregorio, supra, 166 F3d at 291–292—corporation that ceased business activities still a citizen of place of incorporation because it kept its charter in good standing]

See Schwarzer, Tashima & Wagstaff, Cal. Prac. Guide: Fed. Civ. Proc. Before Trial (The Rutter Group 2008), §§ 2:321.4 - 2:321.7. Under any of the analyses described, your removal of this action from San Francisco Superior Court was improvident.

Based on the above, Plaintiff hereby demands that you stipulate, no later than the close of business on Friday, April 18, 2008, to the remand of this case. If I do not receive a signed stipulation to this effect by this deadline, Plaintiff will file a motion for remand without further notice.

In connection with such a motion for remand, Plaintiff will seek to recover his attorneys fees and costs pursuant to 28 U.S.C. § 1447. In connection with this fee and cost recovery, Plaintiff will cite this letter as establishing that Defendants were on notice that their removal was improvident. Please note that these fees and costs will be substantial.

Defendants' Motion To Dismiss

Defendants' Motion to Dismiss is defective on, among other grounds, its failure to designate a hearing date as required by the Local Rules for the Northern District of California. Unless and until Defendants give proper notice of a hearing date, Plaintiff is under no obligation to respond to this pleading.

Pro Hac Vice Application

Your pleadings indicate that you have applied for *pro hac vice* admission to the Northern District. No such application has been served on Defendants. If you have filed such an application, Plaintiff demands that the same be served on this office immediately, so that Plaintiff can contest any such admission.

Scott Michael Moore, Esq.
Moore International Law Offices, P.C.
April 15, 2008
Page 3

<u>Improper Caption</u>

Last, but not least: Your pleading caption inexplicably includes my name and law firm on top of yours, albeit as "Counsel for Plaintiff." Please correct your caption, and otherwise conform your pleadings to Local Rule requirements and standard practice in this jurisdiction – even though you are not admitted to practice in California.

Thank you for your prompt attention to the above.

Very truly yours,

Neil Gieleghem

cc:    Client

LAW OFFICES

# NEIL GIELEGHEM

1875 CENTURY PARK EAST
SUITE 700
LOS ANGELES, CA 90067
TELEPHONE: (310) 284-3252
FACSIMILE: (310) 284-3253
ngieleghem@sbcglobal.net

# FAX COVER SHEET

Date: April 15, 2008

Pages (including cover page): __4__

| Recipient(s) | Fax | Telephone |
|---|---|---|
| Scott Michael Moore, Esq. C/o Moore International Law Offices New York, New York | 212 332 3475 | 212 332 3474 |

Matter:      Parker v. Moore

From: Neil Gieleghem      Fax: (310) 284-3253      Tel: (310) 284-3252
ngieleghem@sbcglobal.net

COMMENTS: Please see attached.

The information contained in this facsimile message is attorney-client privileged and/or confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

* * *

```
TRANSMISSION VERIFICATION REPORT
```

```
                              TIME : 04/15/2008 18:33
                              NAME : GIELEGHEM LAW
                              FAX  : 3102843253
                              TEL  : 3102843252
                              SER.# : 000C6J304260
```

| | |
|---|---|
| DATE,TIME | 04/15  18:32 |
| FAX NO./NAME | 912123323475 |
| DURATION | 00:01:06 |
| PAGE(S) | 04 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

LAW OFFICES

# NEIL GIELEGHEM

**1875 CENTURY PARK EAST**
**SUITE 700**
**LOS ANGELES, CA 90067**
**TELEPHONE: (310) 284-3252**
**FACSIMILE: (310) 284-3253**
**ngieleghem@sbcglobal.net**

# FAX COVER SHEET

Date: April 15, 2008

Pages (including cover page): __4__

| Recipient(s) | Fax | Telephone |
|---|---|---|
| Scott Michael Moore, Esq. C/o Moore International Law Offices New York, New York | 212 332 3475 | 212 332 3474 |

Matter:     Parker v. Moore

From:  Neil Gieleghem     Fax: (310) 284-3253

Tel: (310) 284-3252
ngieleghem@sbcglobal.net

COMMENTS: Please see attached.

The information contained in this facsimile message is attorney-client privileged and/or confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of