```
1  Neil Gieleghem, Esq.
   Gieleghem Law Firm
2  1875 Century Park East, Suite 700
   Los Angeles, CA 90067
3  310-284-3252
   Counsel for Plaintiff
4
5  Scott Michael Moore, Esq.
   Moore International Law Offices, P.C.
6  45 Rockefeller Plaza, Suite 2000
   New York, NY 10111
7  212-332-3474
   Counsel for Defendants
8  (Pro Hac Vice)
```

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS H. PARKER, an individual, | ) Case No.: 3:08-cv-01896PJH ) |
| Plaintiff, | ) Hon.: Phyllis J. Hamilton ) |
| v. | ) Hearing Date & Time: Wednesday ) 06/04/08 ) 9:00 a.m. |
| SCOTT MICHAEL MOORE, an individual; MOORE INTERNATIONAL LAW OFFICES, A PROFESSIONAL CORPORATION, a California corporation; MOORE INTERNATIONAL LAW OFFICES, A PROFESSIONAL CORPORATION, a business entity, form unknown; DOES 1 through 20, inclusive, | ) DEFENDANTS' OPPOSITION TO ) PLAINTIFF'S MOTION TO REMAND ) ) ) ) ) ) ) ) |
| Defendants. | ) |

NOW COMES the above named defendants, by and through their counsel, MOORE INTERNATIONAL LAW OFFICES, P.C., in the above captioned case, and respectfully files this their opposition to

-1-

1  the Motion to Remand filed by the Plaintiff, Nicholas H. Parker.
2      On the 14th of March, 2008, plaintiff filed this action in
3  the Superior Court of the State of California, County of San
4  Francisco.
5      On the 9th of April, 2008, defendants timely filed a Notice
6  of Removal, with exhibits, in this honorable federal court,
7  removing the action from state court on the basis of diversity,
8  pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Defs. Not. of
9  Removal, Doc. 1).
10     On the 14th of April, 2008, defendants then filed in this
11 court a motion to dismiss and a memorandum of law in support,
12 with exhibits. (Defs. Mot. To Dismiss, Docs. 5-6).
13     On the 24th of April, 2008, plaintiff filed the instant
14 Motion to Remand. (Pl. Mot. To Remand, Doc. 17).
15     1.  Removal of this action was timely and authorized by
16         the federal removal statute.
17
   Defendants incorporate by this reference their Notice of
18 Removal fully and completely, and its attached Exhibits, in
19 opposition to plaintiff's Motion to Remand, showing removal of
20 this action was timely and authorized on the basis of diversity,
21 pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (See, Defs. Not.
22 of Removal, Doc. 1).
23     2.  Plaintiff's counsel, Neil Gieleghem, Esq., was warned
24         nearly a year ago that any state action would be
25         removed to federal court.

Plaintiff's counsel, Neil Gieleghem, Esq., was secretly engaged by the plaintiff without the undersigned's knowledge, and staked out an adversarial position upon first contact in March of 2007. In response at that time, Attorney Gieleghem was warned of removal to federal court and its possible sanction consequences, if he followed through on his frivolous litigation threat in state court:

> Any state suit brought may be removed to federal court, and Rule 11 and other sanctions may be sought for attorney fees and costs against you personally, and Mr. Parker, for the undersigned having to defend such a frivolous and malicious suit. Beginning this date, the undersigned will begin tracking time and expenses relating to your frivolous matter.

(<u>Defs. Exhibit A</u>, Moore to Gieleghem Letter, p. 5, ¶ 5(a), dated the 21st of March, 2007, attached hereto). Attorney Gieleghem and the plaintiff have had plenty of time to think. But Attorney Gieleghem and the plaintiff thought too long, and their meritless, frivolous, and vexatious action is now time barred. (See, <u>Defs. Mot. To Dismiss</u>, Doc. 5).

With this warning in hand, Attorney Gieleghem and the plaintiff filed their complaint in state court anyway. Attorney Gieleghem drafted the complaint in a false and deliberate manner attempting to defeat federal removal jurisdiction and the threat of Rule 11 sanctions.

Attorney Gieleghem alleged facts he knew to be false, i.e. MILONY was "a form unknown", when he knew MILONY was a New York professional corporation from his personal receipt of professional correspondence letterhead in March, 2007.

Attorney Gieleghem also knew MILOCA was a dissolved corporation, as shown by his own California Secretary of State website printout Exhibit, but falsely plead MILOCA existed anyway. Attorney Gieleghem also thought if he tossed in fictitious Does that would help too, but the removal statute bars their consideration.

Defendants' Notice of Removal clearly shows complete diversity and this court has removal jurisdiction. Plaintiff's disingenuous complaint and motion to remand are incredible, meritless, frivolous, and vexatious.

3. <u>Plaintiff's own evidence in his Motion to Remand is consistent with defendants' Notice of Removal evidence, that MILOCA was dissolved, and did not exist, at the time plaintiff filed his complaint.</u>

Plaintiff's only evidence submitted with his Motion to Remand is a snapshot printout page from the website of the California Secretary of State. (<u>Pl. Mot. To Remand</u>, Exhibit A, Doc. 17-2). This document shows the status of defendant MILOCA as "dissolved". This is perfectly consistent with the evidence presented by defendants that MILOCA was publicly dissolved in June of 2004, and did not exist on the date plaintiff filed his

complaint in state court. (See, Defs. Not. Of Removal, Exhibit B, Moore Aff. ¶ 4, Doc. 1; Def. Not. Of Removal, Exhibit E, Cal. Sec. of State Certification of Dissolution, Doc. 1).

4. <u>Plaintiff applies the wrong law in his Motion to Remand</u>.

Plaintiff files his Motion to Remand pursuant to 28 U.S.C. 1447(c), and requests an award of attorney fees in the amount of $9,651.29 pursuant to the same section.

In his motion papers, plaintiff admits the fact MILOCA was dissolved:

> One of the named Defendants, however, is a now-dissolved California professional corporation…

(Pl. Mem. In Supp. of Mot. to Rem, p. 1, ¶ 1, Doc. 17.)

However, plaintiff then applies law wholly inapplicable to the admitted fact that MILOCA was dissolved. Plaintiff disingenuously applies law relating to defunct and inactive corporations:

> …there is a 'three-way split' as to the proper test for the citizenship of a defunct (or inactive) corporation for diversity purposes.

(Id., p. 5, ¶ 3.)

Plaintiff's own evidence shows MILOCA was dissolved, and plaintiff submits no evidence that MILOCA is a defunct or inactive corporation. MILOCA is not, and never was, a defunct or inactive corporation. (Exhibit B, Moore Aff. ¶ 3, attached

1  hereto). Plaintiff's law pertaining to defunct and inactive
2  corporations does not apply to MILOCA, a long ago dissolved
3  corporation.
4      Plaintiff then has the audacity to ask this honorable court
5  to award an extravagant $9,651.29 in attorney fees and costs for
6  his meritless motion. Section 1447 (c) provides in pertinent
7  part,
8
9       An order remanding the case may require payment of
        just costs and any actual expenses, including attorney
10      fees, incurred as a result of the removal.
11
12  Plaintiff's request for attorney fees is excessive, unjust,
13  and based on a wholly meritless motion to remand, relating to a
14  state case he was warned about filing over a year ago.

### RELIEF REQUESTED

15
16  FOR THE FOREGOING REASONS, the defendants respectfully
17  request this honorable court to deny plaintiff's Motion to
18  Remand, and to deny plaintiff's request for an award of attorney
19  fees and costs.
20
21  Dated this 12th day of May, 2008.
22
23              Respectfully submitted,
24
                       _____
25
                Scott Michael Moore, Esq.

```
 1           MOORE INTERNATIONAL LAW OFFICES
             A Professional Corporation
 2           45 Rockefeller Plaza, Suite 2000
             New York, NY 10111
 3           T. 212-332-3474
             F. 212-332-3475
 4           E. smm@MILOPC.com
             Counsel for the defendants
 5           (Pro Hac Vice)

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

DEFENDANT'S EXHIBIT A

# MOORE INTERNATIONAL LAW OFFICES
## A PROFESSIONAL CORPORATION

45 ROCKEFELLER PLAZA, SUITE 2000
NEW YORK, NEW YORK 10111 USA

TELEPHONE: +(212) 332-3474
FACSIMILE: +(212) 332-3475

INTERNATIONAL LEGAL MATTERS

WRITER: SCOTT MICHAEL MOORE
SMM@MILOPC.COM
LICENSED & ADMITTED
SUPREME COURT OF THE UNITED STATES OF AMERICA
U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT
U.S. COURT OF INTERNATIONAL TRADE
OTHER U.S. FEDERAL COURTS
STATES OF NEW YORK & MICHIGAN ONLY
LONDON COURT OF INTERNATIONAL ARBITRATION

Via Facsimile & First Class Mail

PERSONAL & CONFIDENTIAL

Our Ref:
Your Ref:

21 March 2007

John Neil Gieleghem, Esq.
Law Offices of Neil Gieleghem
1925 Century Park East, Suite 210
Los Angeles, CA 90067
Facsimile: 310-282-8208

Re: Nicholas H. Parker

Dear Mr. Gieleghem:

This letter is to acknowledge receipt of your, rather nasty, correspondence under date of 16 March 2007, and to respond to the same, regarding our ex-client, and your current client, Nicholas H. Parker.

With the exception of your frivolous and malicious allegation, unbefitting the member of any Bar, the undersigned has enjoyed years of the honorable practice of international law, having represented clients before a number of federal courts in the United States, and before the London Court of International Arbitration, London,

PERSONAL & CONFIDENTIAL                MOORE INTERNATIONAL LAW OFFICES, P.C.
21 March 2007
Page 2 of 6

England. Service to my profession has included past serving as a council member on the international law section of the Michigan Bar Association, and past service as a panel speaker on the topic of the international legal response to terrorism, at a conference sponsored by the International Bar Association, in Salzburg, Austria- speakers included attorneys and judges from the U.S. and around the world, including a U.S. District Court judge and The Lord Brennan of the House of Lords of the United Kingdom. But of course, if you have done your homework, you already are aware of this.

Since you have asked that correspondence be sent directly to you and not Mr. Parker, the undersigned requests that you advise Mr. Parker fully and completely of the undersigned's communications and provide Mr. Parker with a copy of this and any other correspondence which has or may be sent from this office regarding this matter.

In short, the undersigned's response is as follows.

1.   In response to your continued ridiculous allegation of the unauthorized and illegal practice of law in the State of California. You have been in possession of more than sufficient facts for you to know this allegation is false, wholly without legal merit, and frivolous. The case law you provided in your instant correspondence has been reviewed, and shows our point, as more fully set forth below.

2.   With regard to your demand for Mr. Parker's full case file. Your request of course will be honored. The file is rather large and will be forwarded to you as soon as possible.

3.   With regard to your demand for reimbursement of all fees and costs paid. Denied. Payments were made for services rendered. There is no retainer balance. As indicated in our previous correspondence, Mr. Parker has a seven (7) month overdue balance, currently at $6,198.20, which Mr. Parker represented would be paid the last time he and the undersigned spoke prior to termination. Payment is now demanded.

4.   With regard to your open threat of suit against the undersigned and Moore International Law Offices, P.C.

PERSONAL & CONFIDENTIAL          MOORE INTERNATIONAL LAW OFFICES, P.C.
21 March 2007
Page 3 of 6

As indicated, your absurd allegation that the undersigned has engaged in the unauthorized and illegal practice of law is false, wholly without legal merit, and frivolous. Your contemplated frivolous suit will be fully litigated if necessary, and there will be no involvement of malpractice insurance or attorneys.

In your instant letter, you cite <u>Bluestein v. State Bar</u> 13 C3d 162 (1974) as purporting to support your outrageous contention. A review of the facts and law in <u>Bluestein</u> shows your contention is frivolous and wholly unsupported. Besides reading your own case completely and fully, you may want to read the federal constitution, and pay particular attention to Article III and the supremacy clause. In addition, you should be familiar with the Federal Rules of Civil Procedure and local federal court rules. If your absurd contention was with merit, the practice of international law in federal courts in California and around the United States would come to a crawl.

As you know from our previous correspondence, this practice is strictly limited to international legal matters, involving federal and international law, in U.S. federal courts and international tribunals. State of California law has never been practiced, nor has there ever been an appearance in a California state court. As the letterhead shows, the undersigned is licensed and admitted in the states of Michigan and New York only, and is licensed and admitted in a number of U.S. District Courts, U.S. Courts of Appeal, U.S. Court of International Trade, and the U.S. Supreme Court. This practice is federal. Mr. Parker knew, and knows this. Ramsey Pratt knew, and knows this. And you know this.

<u>Bluestein</u> is against you on the facts. Among other things, <u>Bluestein</u> involved a lawyer not admitted anywhere in the U.S., and there was no indication on the pertinent letterhead of that lawyer not being admitted in California. The facts are absolutely different here. Just look at our letterhead.

<u>Bluestein</u> is against you on the law. As the <u>Bluestein</u> court stated, 13 C3d, at 162, n. 10, in discussing whether practice is unauthorized, you conveniently overlooked the following dispositive language, which applies here:

> The State Bar Act, which includes the above quoted section (see Bus. & Prof. Code, § 6000), dos not regulate practice before United States courts. (In re McCue, 211 Cal. 57, 66 [293 P. 47]; Cowen v. Celabrese, 230 Cal. App. 2d 870, 872-873 [41 Cal. Rptr. 441, 11 A.L.R.3d 903]; see 1 Witkin, Cal. Procedure, supra, p. 185.)

And in McCue, 211 Cal., at 66, the court stated:

> The State Bar Act and other statutes enacted for the purpose of regulating the practice of law in this state are applicable to our state courts only. The federal courts are governed entirely by federal enactment and their own rules as to admission and professional conduct. This state, should it attempt, and we do not think it has, to regulate the practice of law in the federal courts or to place any restrictions or limitations upon the persons who might appear before the federal courts within this state, would be acting entirely without right and beyond its jurisdiction.

And in Cowen, 230 Cal. App. 2d, at 872, the court stated:

> The State Bar of California does not purport to regulate the practice of lawyers before the United States Courts, or their referees. In re McCue, 211 Cal. 57, 66 [293 P. 47], makes clear the fact that: "The State Bar Act and other statutes enacted for the purpose of regulating the practice of law in this state are applicable to our state courts only. The federal courts are governed entirely by federal enactment and their own rules as to admission and professional conduct. This state, should it attempt, and we do not think it has, to regulate the practice of law in the federal courts or to place any restrictions or limitations upon the persons who might appear before the federal courts within this state, would be acting entirely without right and beyond its jurisdiction."

PERSONAL & CONFIDENTIAL                MOORE INTERNATIONAL LAW OFFICES, P.C.
21 March 2007
Page 5 of 6

    5.    You personally, and Mr. Parker, are on notice that your allegation is false, wholly without legal merit, and frivolous. Should you proceed with such a frivolous lawsuit, you personally, and Mr. Parker, and Ramsey Pratt, are advised of the possible consequences:

    a.    Any state suit brought may be removed to federal court, and Rule 11 and other sanctions may be sought for attorney fees and costs against you personally, and Mr. Parker, for the undersigned having to defend such a frivolous and malicious suit. Beginning this date, the undersigned will begin tracking time and expenses relating to your frivolous matter.

    b.    A counterclaim may be brought against Mr. Parker for the overdue balance of $6,198.20.

    c.    A third-party claim may be brought against you personally as a third-party defendant, for slander, among other things, where on 27 February 2007 in the public area of our San Francisco office, you personally and falsely stated and/or suggested that the undersigned is engaged in the unauthorized and illegal practice of law. If the undersigned learns of any other instances of like false extra-judicial statements by you, you may be sued for those as well.

    d.    The role of Ramsey Pratt, if any, in advising Mr. Parker and deflecting attention away from their errors to your frivolous contention against the undersigned, may be probed and reviewed, with possible involvement of Ramsey Pratt as a third-party defendant or witness, as the case may be.

    6.    As a prerequisite to a libel and/or slander claim against you personally, the undersigned hereby demands that you personally, and immediately, retract each and every extra-judicial false statement made by you stating or suggesting that the undersigned engaged in the unauthorized and illegal practice of law, to each and every person you have made or suggested such a false statement, including and not limited to, your false statement/suggestion made on 27 February 2007 referenced above. Proof of the retraction(s) shall be received by the undersigned within ten (10) days.

PERSONAL & CONFIDENTIAL        MOORE INTERNATIONAL LAW OFFICES, P.C.
21 March 2007
Page 6 of 6

7. Given our reasons explained for termination, prior to commencing any such ridiculous, frivolous, and malicious lawsuit, you may want to have a serious discussion with Mr. Parker regarding his current and past mental health history and treatment, if any, and review related medical records, if any. The undersigned would be seeking such records in discovery.

8. Notwithstanding the above, the undersigned is always willing to have a sit-down with Mr. Parker, as with any client.

Very Truly Yours,

MOORE INTERNATIONAL LAW OFFICES, P.C.

BY: *[signature]*

Scott Michael Moore
Attorney at Law

cc: Gayle Ramsey, Esq. (via Facsimile only)


DEFENDANT'S EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS H. PARKER, an individual, | Case No.: 3:08-cv-01896PJH |
| Plaintiff, | Hon.: Phyllis J. Hamilton |
| v. | DECLARATION OF SCOTT M. MOORE |
| SCOTT MICHAEL MOORE, an individual; MOORE INTERNATIONAL LAW OFFICES, A PROFESSIONAL CORPORATION, a California corporation; MOORE INTERNATIONAL LAW OFFICES, A PROFESSIONAL CORPORATION, a business entity, form unknown; DOES 1 through 20, inclusive, | |
| Defendants. | |

1.  I, SCOTT M. MOORE, am over 18 years of age and am making this declaration in support of the defendants in the above referenced action.

2.  I was president of Moore International Law Offices, A Professional Corporation, a corporation which was organized under the laws of the State of California on the 1st of June 2001, California Entity ID No. 2346237, which was dissolved on the 25th of June, 2004.

3.  The above corporation is not, and never has been, a defunct or inactive corporation.

I declare under penalty of perjury under the laws of the United States that the above statements are true and correct.

1 | Dated this 12 day of May, 2008.

*signature*
_____
SCOTT M. MOORE

```
 1  Neil Gieleghem, Esq.
    Gieleghem Law Firm
 2  1875 Century Park East, Suite 700
    Los Angeles, CA 90067
 3  310-284-3252
    Counsel for Plaintiff
 4

 5  Scott Michael Moore, Esq.
    Moore International Law Offices, P.C.
 6  45 Rockefeller Plaza, Suite 2000
    New York, NY 10111
 7  212-332-3474
    Counsel for Defendants
 8  (Pro Hac Vice)

 9
                    UNITED STATES DISTRICT COURT
10                  NORTHERN DISTRICT OF CALIFORNIA

11
    NICHOLAS H. PARKER, an          ) Case No.: 3:08-cv-01896PJH
12  individual,                     )
                                    ) Hon.: Phyllis J. Hamilton
13              Plaintiff,          )
                                    ) CERTIFICATE OF SERVICE
14       v.                         )
                                    )
15                                  )
    SCOTT MICHAEL MOORE, an         )
16  individual; MOORE INTERNATIONAL )
    LAW OFFICES, A PROFESSIONAL     )
17  CORPORATION, a California       )
    corporation; MOORE              )
18  INTERNATIONAL LAW OFFICES, A    )
    PROFESSIONAL CORPORATION, a     )
19  business entity, form unknown;  )
    DOES 1 through 20, inclusive,   )
20                                  )
                                    )
21              Defendants.         )
                                    )
22  _____

23      I, Scott Michael Moore, Esq., declare under penalty of

24  perjury that I have served a copy of the attached DEFENDANTS'

25  OPPOSITION TO PLAINTIFF'S MOTION TO REMAND, and supporting
```

-1-

papers, upon the following parties or their attorneys of record by first class mail at the following addresses:

The undersigned certifies service by ECF electronic means to all the parties or their attorneys of record in this action at the addresses listed below:

    Neil Gieleghem, Esq.
    Gieleghem Law Firm
    1875 Century Park East, Suite 700
    Los Angeles, CA 90067
    Counsel for Plaintiff

Dated this 12th day of May, 2008.

    Respectfully submitted,



Scott Michael Moore, Esq.
MOORE INTERNATIONAL LAW OFFICES
A Professional Corporation
45 Rockefeller Plaza, Suite 2000
New York, NY 10111
T. 212-332-3474
F. 212-332-3475
E. smm@MILOPC.com
Counsel for the defendants
(Pro Hac Vice)