Neil Gieleghem    CSBN 107389
Gieleghem Law Office
1875 Century Park East, Suite 700
Los Angeles, CA  90067
Telephone: (310) 284-3252
Telecopier: (310) 284-3253
ngieleghem@sbcglobal.net

Attorneys for Plaintiff
Nicholas H. Parker

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICHOLAS H. PARKER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT MICHAEL MOORE, an individual; MOORE INTERNATIONAL LAW OFFICES, A PROFESSIONAL CORPORATION, a California corporation; MOORE INTERNATIONAL LAW OFFICES, A PROFESSIONAL CORPORATION, a business entity, form unknown; DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. 3:08-CV-01896-PJH<br><br>Hon. Phyllis J. Hamilton<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR JUST COSTS AND ACTUAL EXPENSES OF $15,735.65 (REVISED); SUPPLEMENTAL DECLARATION OF NEIL GIELEGHEM**<br><br>Date:    Wednesday, June 4, 2008<br>Time:    9:00 a.m.<br>Courtroom:    Courtroom 3, 17th Floor |

**I.    INTRODUCTION**

Defendants' Opposition offers no legal authorities or facts to rebut Plaintiff's showing that MILOCA's status as a named Defendant prevents the complete diversity required for this Court to have jurisdiction over this case.  Accordingly, Defendants have not borne their burden of showing that this case was properly removed, and it should be remanded.  Further, this Court should order Defendants to reimburse Plaintiff for his just costs and reasonable expenses incurred due to the improper removal, which as of the hearing of this matter will total $15,735.65 as documented herein.

II.   **LEGAL ANALYSIS**

A.   **MILOCA, Whether "Dissolved" Or "Defunct," Is A Citizen Of California For The Purposes Of The Diversity Analysis**

To the extent that their Opposition is intelligible and attempts to addresses the jurisdictional/diversity issues presented,[1] Defendants appear to argue that a "dissolved" corporation such as MILOCA is not "defunct" or "inactive" within the meaning of the multiple cases cited by Plaintiff for the proposition that a defunct/inactive corporation is treated as a citizen of its state of incorporation, etc. for the purposes of the diversity analysis.  See Defendants' Opposition, p. 5; see also Plaintiff's MPA, pgs. 5-6 (cases re citizenship of defunct/inactive corporation).

Defendants offer no legal authority whatsoever to support their *"'Dissolved' Does Not Equal 'Defunct'"* argument, and their reasoning is contrary to the controlling case law.  None of the cases cited by Plaintiff offer any support for the proposition that, for the purposes of the diversity analysis, there is any distinction between a "dissolved" corporation and a "defunct" and/or "inactive" corporation.   Indeed, the opposite is true.

For example, in Midlantic Nat'l Bank v. Hansen, 48 F3d 693, 696 n. 4 (3rd Cir. 1995)(cited by Plaintiff in his initial moving papers), the court noted that: "By 'inactive' corporation, we mean a corporation that has ceased any and all business activities."  A "dissolved" corporation meets this definition as well – because it, too, as "ceased any and all business activities."

Significantly, this analysis is consistent with the definition of "defunct" given in

---

[1] Among other things, in their Opposition Defendants repeat the statute of limitations argument from their pending Motion to Dismiss.  See Opposition, pgs, 2-3.  This defense is irrelevant to the jurisdictional issue presented – and Defendants are wrong in any event, as show in Plaintiff's Opposition to that Motion.

Defendants also appear to argue that they are entitled to proceed in this forum because they threatened, in March, 2007, to remove the case once filed.  See Opposition, p. 3-4. Defendants cite no legal authority for this argument, which is meritless.  Threatening to file an improper Notice of Remand does not somehow give a federal court jurisdiction over a case in which there is not complete diversity, etc.

Black's Law Dictionary (7th ed. 1999): "**defunct**, *adj*.  Dead, extinct <defunct corporation>."  A "dissolved" corporation is "dead" or "extinct" in that it no longer transacts business, no longer has a principal place of business, etc.

As shown in Plaintiff's initial moving papers, diversity status is strictly construed; doubt as to whether jurisdiction exists normally is resolved against a finding of such jurisdiction.  See, e.g., Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1092 (9th Cir. 1983); Sheenhan v, Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992).  Further, the burden of establishing federal subject matter jurisdiction lies with the party that seeks to invoke it.  Littlefield v. Continental Cas. Co., 475 F.Supp. 887, 889 (CD CA 1979).  Defendants have not come close to meeting this burden.

### B. Defendants Have Not Rebutted Plaintiff's Showing That He Is Entitled To Recover His Attorney Fees And Costs, Including Those Incurred In Connection With Defendants' Pending Motion To Dismiss

Defendants' response to Plaintiff's application to recover his just costs and expenses pursuant to 28 U.S.C. § 1447(c) amounts to a demand that this Court ignore this statute and the case law cited in Plaintiff's initial moving papers.  Plaintiff respectfully submits that this amounts to no response, such that Plaintiff's fee and cost application is unopposed.

That fee and cost recovery should include the fees and costs that Plaintiff was forced to incur in opposing Defendants' pending Motion to Dismiss.[2]  As documented in Plaintiff's Opposition thereto, those fees and costs will total $7,023.56 through hearing.  See Plaintiff's Opposition to Motion to Dismiss; see also attached Supplemental Gieleghem Declaration, ¶ 4.  Added to the fees and costs incurred in connection with this remand motion – $8712.09 (revised

---

[2] As shown in Plaintiff's Opposition to the Motion to Dismiss, Defendants forced Plaintiff to incur the additional fees and costs required to respond to Defendants' Fed. R. Civ. P. 12(b) motion, by refusing to stipulate to continue that motion until after the jurisdictional/remand issues had been resolved. (That the arguments made by Defendants in the Motion to Dismiss are patently meritless, unsupported by legal authority, and based on misrepresentations of the facts makes Defendants' refusal to continue that hearing even more egregious.)

from the $9651.29 documented in Plaintiff's initial moving papers[3]) – the fees and costs to which Plaintiff is entitled under 28 U.S.C. § 1447(c) total $15,735.65. See Supp. Gieleghem Decl., ¶ 4.

### III. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court remand this case to the Superior Court for the State of California, County of San Francisco, and order Defendants, pursuant to 28 U.S.C. § 1447(c), to reimburse Plaintiff his just costs and expenses, including attorney fees, in the amount of $15,735.65 through hearing.

Dated: May 13, 2008                                    GIELEGHEM LAW OFFICE


                                                                           s/ Neil Gieleghem
                                                                           Neil Gieleghem
                                       Attorneys for Plaintiff Nicholas H. Parker

---

[3] As shown in the attached Supplemental Gieleghem Declaration, Plaintiff reduced the amount of "anticipated" fees and costs sought given the fees and costs actually incurred in connection with this Reply brief. See Supp. Gieleghem Decl., ¶ 3.

**SUPPLEMENTAL DECLARATION OF NEIL GIELEGHEM**

I, Neil Gieleghem, declare:

1. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently thereto. I am an attorney at law duly admitted to practice before all the courts of the State of California, and the United States District Courts, and I am counsel of record for Plaintiff Nicholas Parker herein.

2. My billing rate in this case is $350.00/hr. Plaintiff's Motion to Remand sought a total of $9651.29 in fees and costs through hearing, based on (A) fees and cost of <u>$4365.32 incurred as of the filing of the Motion</u>; and (B) an <u>additional $5285.97 in anticipated fees and costs</u> that would have been incurred through hearing, e.g., in connection with the preparation and filing of this Reply brief.

3. Based on the work actually performed on this Reply brief, Plaintiff hereby revises the anticipated fees and costs listed in his initial moving papers as follows:

<u>Work Performed/Costs</u>

| Date | Description | Amount |
|---|---|---|
| May 12, 2008 | Initial review of Opposition papers; emails to/from client re. | |
| | Time: .4 hrs @ $350/hr: | $140.00 |
| May 13, 2008 | Preparation, filing and service of Reply. | |
| | Time: 2.7 hrs @ $350/hr: | $945.00 |
| | Westlaw: | $45.00 |
| | Copying: | $6.60 |
| | Scanning for .PDF filing: | $2.20 |
| | Postage: | .97 |
| [Anticipated: June 4, 2008] | Travel to/from, appear at, hearing. [Portal-to-portal; BUR-OAK-BUR] | |
| | Time: 8 hrs @ $350/hr | $2800.00 |
| | Airfare: | $282.00 |
| | Parking: | $30.00 |

| | | |
|---|---|---|
| | Ground Transportation: | $60.00 |
| | Hotel [anticipated]: | $175.00 |
| Remand Motion post-filing subtotal: | | $4346.77 |
| Remand Motion total through hearing: | | $8712.09 |

4.     In addition to the above-listed fees and costs, Plaintiff has incurred the following fees and costs in connection with pending Defendants' Motion to Dismiss (and as documented in Plaintiff's Opposition to the same):

Work Performed/Costs

| | | |
|---|---|---|
| April 24, 2008 | Prepare meet-and-confer letter to Defendants re stipulation to continue hearing on Defendants' motion to dismiss; calendar hearing and opposition deadlines. | |
| | Time: .5 hrs @ $350/hr = | $175.00 |
| | Fax: 3 pgs. @ .25    = | .75 |
| April 25, 2008: | Review email from client re removal and motion to dismiss; review USDC ND CA Local Rules re pro hac admission requirements and service of application; t/c from court clerk (Nicole) re e-filing issue. | |
| | Time: .5 hrs @ $350/hr = | $175.00 |
| April 29, 2008 | Drafting of opposition to motion to dismiss; on-line legal research (Westlaw) re. | |
| | Time: 1.8 hrs @ $350/hr = | $630.00 |
| | Westlaw charges: | $50.00 |

| | | |
|---|---|---|
| May 4, 2008: | Further on-line legal research (Westlaw) re Fed. R. Civ. P. 12(b)(1), (6) and (7) motions to dismiss; drafting of opposition to motion to dismiss; emails to/from client re issues related to motion to dismiss. | |
| | Time:  5.1 hrs @ $350/hr = | $1785.00 |
| | Westlaw charges: | $65.00 |
| May 5, 2008: | Further on-line legal research (Westlaw) re case authorities for opposition; further drafting of opposition brief; additional emails to/from client re issues raised by motion to dismiss. | |
| | Time:  2.8 hrs @ $350/hr = | $980.00 |
| | Westlaw charges: | $40.00 |
| May 6, 2008 | Review fax from Trust's counsel relating to motion to dismiss issues (standing); t/c office of Trust's counsel re same; email to client re; review court filings by Defendants via PACER. | |
| | Time:  .6 hrs @ $350.00 = | $210.00 |
| | PACER charges: | .54 |
| | Fax:   4 pgs. @ .25/pg. | 1.00 |
| May 7, 2008 | Further drafting opposition; on-line legal research (Westlaw); preparation of Objections to Moore Declaration and Objections to Pro Hac Vice admission. | |
| | Time:  5.5 hrs @ $350.00 = | 1925.00 |
| | Westlaw charges: | $45.00 |
| May 9, 2008: | Coordinate duplication and service; Overnight mail Chambers Copies to Court; efiling, etc. | |

|   |   |   |
|---|---|---|
| Time: 1.5 hrs @ $350.00 = | | $525.00 |
| Copying: 240 pgs @ .22/pg | | $52.80 |
| Postage: | | .97 |
| Overnight mail to Court | | |
| (Chambers Copies) | | $12.50 |

Total as of Opposition filing: $6673.56

Work Performed/Costs

[Anticipated]   Review of Defendants' Reply papers; preparation for hearing on motion to dismiss issues.

Time:  1 hrs @ $350/hr =   $350.00

Motion to Dismiss total through hearing:   $7023.56

Total fees and costs incurred due to improper removal:   $15,735.65

I declare, under penalty of perjury under the laws of the State of California and the federal law, that the foregoing is true and correct.

Executed on this 13th day of May, 2008, at Los Angeles, California.

s/ Neil Gieleghem<br>NEIL GIELEGHEM

**PROOF OF SERVICE**

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF LOS ANGELES  )

I am a resident of the State of California; over the age of 18 years; and not a party to the within action; and my business address is: 1875 Century Park East, Suite 300, Los Angeles, California 90067.

On May 13, 2008 I served the foregoing document described as:

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR JUST COSTS AND ACTUAL EXPENSES OF $15,735.65 (REVISED); SUPPLEMENTAL DECLARATION OF NEIL GIELEGHEM**

[X]  (BY MAIL ) By placing the true copies of the document(s) listed above in a sealed envelope, fully prepaid, addressed to the recipient(s) listed below. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in said affidavit.

[ ]  (BY FAX) By transmitting, on this date, via facsimile, the document(s) listed above to the fax number(s) set forth above.

[ ]  (BY EXPRESS MAIL) By placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

[ ]  (BY ELECTRONIC TRANSMISSION) By transmitting via electronic mail the document(s) listed above to each recipient listed below.

[ ]  (BY PERSONAL SERVICE) I delivered such envelope by hand to the office of the addressee.

Scott Michael Moore, Esq.
Moore International Law Offices, P.C.
45 Rockefeller Plaza, Suite 2000
(630 5th Avenue, Suite 2000)
New York, New York 10111
Tel: (212) 322-3474
Fax: (212) 332-3475
smm@MILOPC.com
Attorneys for Defendants

I declare under penalty of perjury under the laws of the State of California, and the United States of America, that the above is true and correct.

Executed on May 13, 2008, in Los Angeles, CA.

                                                s/ Neil Gieleghem
                                                Neil Gieleghem