1  Neil Gieleghem, Esq.
   Gieleghem Law Firm
2  1875 Century Park East, Suite 700
   Los Angeles, CA 90067
3  310-284-3252
4  Counsel for Plaintiff

5  Scott Michael Moore, Esq.
   Moore International Law Offices, P.C.
6  45 Rockefeller Plaza, Suite 2000
   New York, NY 10111
7  212-332-3474
   Counsel for Defendants
8  (Pro Hac Vice)

9

10                  UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF CALIFORNIA

11

12 NICHOLAS H. PARKER, an          ) Case No.: 3:08-cv-01896PJH
   individual,                     )
13                                 ) Hon.: Phyllis J. Hamilton
                        Plaintiff, )
14                                 ) Hearing Date & Time: Wednesday
       v.                          )                       06/04/08
15                                 )                       9:00 a.m.
   SCOTT MICHAEL MOORE, an         )
16 individual; MOORE INTERNATIONAL ) DEFENDANTS' REPLY TO
   LAW OFFICES, A PROFESSIONAL     ) PLAINTIFF'S OPPOSITION TO
17 CORPORATION, a California       ) DEFENDANTS' MOTION TO DISMISS
   corporation; MOORE              )
18 INTERNATIONAL LAW OFFICES, A    )
   PROFESSIONAL CORPORATION, a     )
19 business entity, form unknown;  )
   DOES 1 through 20, inclusive,   )
20                                 )
21                     Defendants. )
                                   )
22 ─────────────────────────────────

23     NOW COMES the above named defendants, by and through their

24 counsel, MOORE INTERNATIONAL LAW OFFICES, P.C., in the above

25 captioned case, and respectfully files this their reply to

                              -1-

1  plaintiff's opposition to defendants' motion to dismiss (Doc.
2  20).

3      As soon as practicable, and for reasons pointed out in
4  defendants' responsive pleadings, defendants intend to seek Rule
5  11 sanctions against plaintiff and his counsel for, among other
6  things, fraud on the Court in his Complaint in an attempt to
7  defeat federal jurisdiction, and his subsequent frivolous motion
8  practice in federal court.

9      Plaintiff fails to understand Article III and the Supremacy
10 Clause of the federal constitution, practice in the federal
11 courts, and insists on litigating his meritless underlying
12 contention of which he was informed about, and warned against,
13 on the 21st of March, 2007. (Defs. Opp. to Pl. Mot. to Remand,
14 Moore to Gieleghem Letter, 21 March 2007, pp. 3-4, Exhibit A).

I.
FACTS

17     Plaintiff's opposition papers consist of a memorandum in
18 opposition, a Declaration of plaintiff's counsel, Neil
19 Gieleghem, Esq., a copy of the plaintiff's underlying complaint
20 filed in the U.S. District Court for the Middle District of
21 Florida (M.D.F.L.), the undersigned's termination letter dated
22 15 March 2007, a copy of a M.D.F.L. judgment in plaintiff's
23 favor, a copy of a M.D.F.L. judgment in favor of plaintiff's
24 brother, John S. Parker, a copy of plaintiff's settlement

25

-2-

1   agreement, and Gieleghem to Moore Letters, dated 15 and 24 April
2   2008. (Doc. 20).

3        The following facts are either admitted or not denied by
4   plaintiff in his opposition papers.

5        1.   Plaintiff admits the existence of, and working with,
6   the Judith Hockmeyer Trust (the Trust). ("Review fax from
7   Trust's counsel relating to motion to dismiss issues (standing);
8   t/c office of Trust's counsel re same ..." (Gieleghem Decl., p.
9   3, entry for 6 May 2008).

10       2.   Plaintiff's counsel, Neil Gieleghem, Esq., in his
11  Declaration, and in plaintiff's memorandum in opposition, does
12  not deny Attorney Gieleghem made the cease and desist telephone
13  call to the undersigned on 12 March 2007, or the contents of the
14  voice mail message.

15       3.   Plaintiff's memorandum in opposition admits and does
16  not deny that the Trust beneficiaries are plaintiff, and his
17  brothers, John S. Parker, and F. Bayard Parker. (Pl. Mem. in
18  Opp., p. 10).

19       4.   Plaintiff's memorandum in opposition admits plaintiff
20  authorized the Trust to pay the defendants. (Pl. Mem. in Opp.,
21  p. 10).

22       Even so, the plaintiff still fails to disclose the extent of
23  the Trust's involvement in the Honduras matter complained of in
24  his Complaint.

25

1    For example, not only does the Trust exist, as plaintiff now
2  admits, but the Trust played critical roles. The Trust approved
3  major decisions of Nicholas H. Parker, plaintiff in this action,
4  relating to the Honduras property. (Moore Decl., ¶ 3, Exhibit A,
5  attached hereto). The Trust provided crucial information and
6  documents. (Moore Decl., ¶ 4, Exhibit A, attached hereto). The
7  Trust prepared the powers of attorney in favor of F. Bayard
8  Parker, signed by Nicholas H. Parker, plaintiff in this action,
9  and John S. Parker, which originally led to the Honduras
10 property dispute. (Moore Decl., ¶¶ 5-6, Exhibit A, attached
11 hereto). And the Trust reviewed the Settlement Agreement and
12 obtained the signature of John S. Parker on the Settlement
13 Agreement. (Moore Decl., ¶ 7, Exhibit A, attached hereto).

14    Not only did the Trust pay the defendants, as plaintiff now
15 admits he authorized, but the Trust deducted the defendants'
16 fees and costs complained of in the Complaint, from Trust
17 distributions to plaintiff's brother and Trust beneficiary, F.
18 Bayard Parker. (Moore Decl., ¶¶ 8-9, Exhibit A, attached
19 hereto). And, stock market conditions relative to Trust
20 investments caused depletion in Trust assets and beneficiary
21 distributions. (Moore Decl., ¶ 10, Exhibit A, attached hereto).

22                              II.
                             ANALYSIS
23
24 A.   The statute of limitation bars plaintiff's action.

25      1.   Plaintiff's first cause of action is barred.

-4-

Plaintiff's opposition papers are silent as to application of the time bars of Ann.Cal.C.C.P. §§ 340(a) [1 year] and 338(a) [3 years], against plaintiff's first cause of action plead under California Bus. & Prof. Code §§ 6125, 6126(a), 6128, 17200 et seq., and 17500 et seq.

2. <u>Plaintiff's second cause of action is also barred</u>.

Plaintiff's memorandum in opposition argues, at length, that in application to the facts, the statute of limitations for the common law action for attorney malpractice, §340.6, did not lapse before plaintiff filed his Complaint in state court on 14 March 2008.

Interestingly, plaintiff first contends that the expiration of this statute of limitations <u>cannot</u> be determined "because the alleged expiration of the statute cannot be determined from the face of the Complaint." (<u>Pl. Mem. in Opp.</u>, p. 6).

Then, incredibly, plaintiff then contends the expiration <u>can</u> be determined, citing his Complaint, opining that the one year expiration, after tolling, was 15 March 2008 (one year from the undersigned's termination letter dated 15 March 2007), and not 12 March 2008 (one year from Attorney Gieleghem's cease and desist telephone call to the undersigned in New York). (<u>Pl. Mem. in Opp.</u>, p. 6).

Attorney Gieleghem has a very personal interest in this outcome. Attorney Gieleghem personally made the cease and desist call, and he personally missed filing the Complaint within one

1  year of his own call. Plaintiff and his counsel have no one to

2  blame but their own secretive and underhanded conduct.

3      Plaintiff's main timing argument is that this defense

4  should be estopped, because it is unfair to the calendaring

5  convenience of plaintiff's counsel. This is an empty argument

6  since the conduct of the plaintiff and his own counsel are at

7  fault.

8      § 340.6(a)(2) expressly pinpoints the tolling period, if

9  applicable. During the period:

10         The attorney continues to represent the plaintiff
           regarding the specific subject matter in which the
11         alleged wrongful act of omission occurred; [emphasis
           added]
12

13     In the instant case, there are five specific subject

14  matters, but even taken as one, and assuming tolling, the

15  statute still lapsed on 12 March 2008. And the Complaint was

16  filed two days later on 14 March 2008.

17     The first specific subject matter was plaintiff's decision

18  to stop the sale of the Honduran property by plaintiff's

19  brother, F. Bayard Parker, with litigation if necessary, as

20  shown by plaintiff's own Exhibit A attached to the complaint.

21  This ended with the M.D.F.L. judgments obtained on 25 May 2004.

22     Later, litigation choices by plaintiff led to four more

23  specific subject matters handled from New York.

24     The second: plaintiff's decision to execute in the United

25  States against assets of a Honduran defendant, the M.D.F.L.

1  judgments obtained on 25 May 2004 in favor of plaintiff and his

2  brother John S. Parker.

3         The third and fourth: plaintiff's two decisions to appeal

4  to the U.S. Court of Appeals for the Eleventh Circuit, with

5  regard to judgment enforcement efforts against the Honduran

6  defendant's assets in the United States. (11th Cir. Judgment, No.

7  05-12499-EE, 25th of July, 2005, Exhibit B, attached hereto; 11th

8  Cir. Judgment, No. 05-15231, 8th of June, 2006, Exhibit C,

9  attached hereto).

10        The fifth: plaintiff's decision to execute the judgments

11 against the Honduran property assets of F. Bayard Parker in

12 Honduras, after the 8th of June, 2006, Eleventh Circuit judgment.

13        Taken separate or as one specific subject matter, the

14 plaintiff ordered, by his present counsel, the undersigned to

15 cease and desist on 12 March 2007. The statute of limitations

16 expired one year later on 12 March 2008.

17        Neither the plaintiff nor Attorney Gieleghem disputes the

18 cease and desist call and the contents of the voice mail, placed

19 to the undersigned by Attorney Gieleghem on 12 March 2008 on

20 behalf of the plaintiff. Attorney Gieleghem's cease and desist

21 instruction was clear and unequivocal. A formal termination

22 letter by the undersigned followed three days later on 15 March

23 2008.

24        Plaintiff's own conduct, and that of his counsel, stopped

25 the undersigned from representing plaintiff on the specific

1   subject matter on 12 March 2008 within the meaning of §

2   340.6(a)(2). The date of 12 March 2008 stands out loud and

3   clear.

4       B.   <u>Plaintiff failed to join necessary parties</u>.

5       Plaintiff's argument is that defendants have not met their

6   burden of proof under Rule 19 of the Federal Rules of Civil

7   Procedure. However, plaintiff admits or does not contest the

8   facts.

9       Plaintiff now admits the existence of the Trust, and even

10  working with the Trust on his opposition papers. Plaintiff now

11  does not contest that he is a beneficiary of the Trust, along

12  with his two brothers, John S. Parker, and F. Bayard Parker.

13  Plaintiff now admits that the defendants were paid by the Trust,

14  with the plaintiff authorizing the payments. Plaintiff now

15  admits he was a co-plaintiff with his brother and co-

16  beneficiary, John S. Parker, against another brother and co-

17  beneficiary, F. Bayard Parker, with respect to the complained of

18  litigation over the Honduran property.

19      However, in his Complaint, plaintiff omits these facts.

20      Interestingly, plaintiff contends the Trust and the other

21  Trust beneficiaries do not have standing in this action. (This

22  may be the Trust speaking here.) (<u>Pl. Mem. in Opp.</u>, p. 10).

23  However, plaintiff admits that John S. Parker is a Trust co-

24  beneficiary, and a co-plaintiff in the M.D.F.L. judgments, and

25  then argues John S. Parker does not have standing in this

1  action. By plaintiff's reasoning, then, plaintiff also does not

2  have standing. This is in agreement with defendants' argument

3  plaintiff lacks Article III standing.

4      C.  <u>Plaintiff is not the real party in interest</u>.

5      Plaintiff does not contest the facts, and makes the

6  conclusory argument that plaintiff is the real party in

7  interest.

8      Plaintiff compares the Trust to a "bank". This analogy

9  ignores the trustee-beneficiary relationship and fiduciary duty

10 framework formed under a trust instrument, and shows plaintiff

11 fails to understand basic trust principles.

12     Plaintiff is only one of these four parties. Either

13 plaintiff is alone in his meritless thinking, or he is being

14 used as a proxy by one or more other parties.

15     D.  <u>Plaintiff lacks Article III standing</u>.

16     Plaintiff does not contest the facts, and makes the

17 conclusory argument that plaintiff does have Article III

18 standing. Plaintiff now makes the contention that the M.D.F.L.

19 judgments in favor of the plaintiff and his brother, John S.

20 Parker, which exceed half a million dollars, and exceed the

21 plead damages, are "irrelevant" to damages.

22     Plaintiff falsely plead in his Complaint that <u>he paid</u> the

23 defendants. Plaintiff now admits he authorized the Trust to pay

24 defendants. Plaintiff failed to plead in his Complaint, but now

25 admits the existence of, two other Trust beneficiaries.

1  Plaintiff failed to plead in his Complaint, but now admits, he
2  was a co-plaintiff in the complained of litigation with one co-
3  beneficiary brother, against another co-beneficiary brother.

4      Plaintiff has not suffered any damages. Recovery here would
5  be double recovery for plaintiff, double recovery for John S.
6  Parker, recovery for F. Bayard Parker, and recovery for the
7  Trust. The deliberately false Complaint pleading and greed is
8  beyond belief.

9      This shows the plaintiff deliberately and falsely plead the
10 element of damages in his Complaint, and plaintiff deliberately
11 and falsely omitted material facts from his Complaint in an
12 attempt to avoid joinder and Article III standing problems.

13                      RELIEF REQUESTED
14     FOR THE FOREGOING REASONS, the defendants respectfully
15 request this honorable court to grant defendants' motion to
16 dismiss this action in its entirety.
17 Dated this 20th day of May, 2008.

18                      Respectfully submitted,

19

20             _Moore_

21             _____
               Scott Michael Moore, Esq.
               MOORE INTERNATIONAL LAW OFFICES
22             A Professional Corporation
               45 Rockefeller Plaza, Suite 2000
23             New York, NY 10111
               T. 212-332-3474
24             F. 212-332-3475
               E. smm@MILOPC.com
25             Counsel for the defendants
               (Pro Hac Vice)

                        -10-



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS H. PARKER, an individual, | ) Case No.: 3:08-cv-01896PJH |
| | ) |
| | ) Hon.: Phyllis J. Hamilton |
| Plaintiff, | ) |
| | ) DECLARATION OF SCOTT M. MOORE |
| v. | ) |
| | ) |
| SCOTT MICHAEL MOORE, an individual; MOORE INTERNATIONAL LAW OFFICES, A PROFESSIONAL CORPORATION, a California corporation; MOORE INTERNATIONAL LAW OFFICES, A PROFESSIONAL CORPORATION, a business entity, form unknown; DOES 1 through 20, inclusive, | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

        1.    I, SCOTT M. MOORE, am over 18 years of age and am

making this declaration in support of the defendants in the

above referenced action.

        2.    Until I received the surprise cease and desist

telephone call in New York on the 12th of March, 2007, placed by

Neil Gieleghem, attorney for Nicholas H. Parker, plaintiff in

the above referenced action, I kept in telephone contact with

Gayle Ramsey, Trustee attorney for the Judith Hockmeyer Trust,

with the consent of Nicholas H. Parker.

        3.    My telephone calls to Trustee attorney Gayle Ramsey

occurred to inform and discuss major options and major

decisions, including litigation and judgment execution

-1-

1  decisions, reviewed and made by Nicholas H. Parker, relating to
2  the Honduran property, to which Gayle Ramsey indicated his
3  approval.

4      4.    Trustee attorney Gayle Ramsey and his office provided
5  crucial support by providing information and documents to me on
6  an as-requested basis, relating to the Honduran property, the
7  Judith Hockmeyer Trust, and the powers of attorney prepared by
8  Gayle Ramsey, which Nicholas H. Parker, and his brother, John S.
9  Parker, signed and granted powers of attorney to their brother,
10  F. Bayard Parker, with respect to the Honduran property.

11      5.    On an least one occasion, Trustee attorney Gayle
12  Ramsey, Nicholas H. Parker, plaintiff in the above referenced
13  action, John S. Parker, and F. Bayard Parker, each informed me
14  that it was use in the Honduras, by F. Bayard Parker, of the
15  powers of attorney prepared by Trustee attorney Gayle Ramsey,
16  which originally led to the Honduran property dispute between
17  Nicholas H. Parker, plaintiff in the above referenced action,
18  John S. Parker, and F. Bayard Parker.

19      6.    On one occasion, Trustee attorney Gayle Ramsey
20  admitted he prepared the powers of attorney relating to the
21  Honduras property, but explained to me that the powers of
22  attorney he prepared were not intended for F. Bayard Parker to
23  commit fraud in the Honduras.

24
25

-2-

1    7.    Trustee attorney Gayle Ramsey reviewed the Settlement
2 Agreement, and his office obtained the signature of John S.
3 Parker on the Settlement Agreement.

4    8.    Nicholas H. Parker, plaintiff in the above referenced
5 action, on at least one occasion, told me during a status
6 telephone conference, that the Judith Hockmeyer Trust intended
7 to deduct attorney fees and costs for services rendered from
8 Judith Hockmeyer Trust distributions to his brother and co-
9 beneficiary, F. Bayard Parker.

10    9.    On at least one occasion, Trustee attorney Gayle
11 Ramsey told me during a status telephone conference that
12 attorney fees and costs for services rendered intended to be
13 deducted from Judith Hockmeyer Trust distributions to
14 beneficiary, F. Bayard Parker.

15    10.    I was told by telephone on at least one occasion, by
16 Nicholas H. Parker, plaintiff in the above referenced action,
17 and by Suzanne, an administrative assistant to Trustee attorney
18 Gayle Ramsey, that the assets of the Judith Hockmeyer Trust were
19 dwindling due to the bursting of the stock market tech bubble,
20 and this was causing a problem. Suzanne informed me that prior
21 to the bursting of the stock market tech bubble, distributions
22 were about $30,000, but had dropped significantly. The declining
23 corpus of the Judith Hockmeyer Trust was one of a number of
24 factors considered in options considered and in decisions made
25

-3-

1  by the plaintiff, Nicholas H. Parker, and approved by Trust

2  attorney Gayle Ramsey, with regard to the Honduran property.

3

4       I declare under penalty of perjury under the laws of the

5  United States that the above statements are true and correct.

6

7  Dated this 20 day of May, 2008.

8

9                                     _____

10                                     SCOTT M. MOORE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

-4-

DEFENDANT'S
EXHIBIT

B

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

05 AUG -8 PM 2: 00

8 : 04-cv- 41-7-26 md

No. 05-12499-EE

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

JUL 2 5 2005

THOMAS K. KAHN
CLERK

NICHOLAS H. PARKER,

an individual and citizen and resident
of California, U.S.A.
JOHN S. PARKER,
an individual and citizen and resident
of the state of North Carolina, U.S.A.

Plaintiffs-Appellants,

versus

F. BAYARD PARKER,
an individual and citizen and resident
of the state of Florida, U.S.A., et. al.

Defendants,

CENTURY 21 J. EDWARDS REAL ESTATE,
a business entity organized under the
laws of the Republic of Honduras, with
its principal place of business and
residence in the Republic of Honduras
also known as, J. Edwards Real Estate,

Defendant-Appellee.

Appeal from the United States District Court for the
Middle District of Florida

Before DUBINA, CARNES, and PRYOR, Circuit Judges

BY THE COURT:

This appeal is DISMISSED for lack of jurisdiction. The district court's April 13, 2005, order granting appellee's Fed.R.Civ.P. 60(b)(4) motion to dismiss as void the default final judgment is not final and appealable. 28 U.S.C. § 1291; Pitney Bowes, Inc. v. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983); see Ballard v. Baldridge, 209 F.3d 1160, 1160-61 (9th Cir. 2000); Stubblefield v. Windsor Capital Group, 74 F.3d 990, 995-96 (10th Cir. 1996); Parks v. Collins, 761 F.2d 1101, 1103 (5th Cir. 1985). The vacatur of the default judgment invalidated the award of damages to the appellants, thereby nullifying the writ of garnishment and rendering the district court's April 15, 2005, order dissolving the writ non-appealable. See Atl. Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 375-76 (11th Cir. 1989).

2

# United States Court of Appeals

## For the Eleventh Circuit



---

No. 05-15231

---

District Court Docket No.
04-00041-CV-T-26-MSS

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Jun 8, 2006

THOMAS K. KAHN
CLERK

NICHOLAS H. PARKER,
an individual and citizen and resident of California, U.S.A.,
JOHN S. PARKER,
an individual and citizen and resident of California, U.S.A.,

        Plaintiffs-Appellants,

versus

CENTURY 21 J. EDWARDS REAL ESTATE,
a business entity organized under the laws of the Republic of Honduras,
with its principal place of business and residence in the Republic of Honduras,
a.k.a.
J. Edwards Real Estate,

        Defendant-Appellee.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
---------------------------------------------------------------

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
JUL 0 7 2006
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered:    June 8, 2006
For the Court:   Thomas K. Kahn, Clerk
By:   Harper, Toni

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 05-15231

D. C. Docket No. 04-00041-CV-T-26-MSS

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 8, 2006
THOMAS K. KAHN
CLERK

NICHOLAS H. PARKER, an individual and
citizen and resident of California, U.S.A.,
JOHN S. PARKER, an individual and citizen
and resident of California, U.S.A.,

Plaintiffs-Appellants,

versus

CENTURY 21 J. EDWARDS REAL ESTATE,
a business entity organized under the laws of the
Republic of Honduras, with its principal place
of business and residence in the Republic of Honduras,
a.k.a. J. Edwards Real Estate,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Florida

(June 8, 2006)

Before BLACK, PRYOR and COX, Circuit Judges.

PER CURIAM:

Appellants Nicholas H. Parker and John S. Parker appeal the district court's order dismissing without prejudice their suit against Century 21 J. Edwards Real Estate (J. Edwards) for failure to effectuate service of process. Specifically, the Parkers contend the district court erred when it determined J. Edwards does not engage in "a business or business venture" in Florida under Florida Statutes § 48.181(1), and, therefore, falls outside Florida's long-arm jurisdiction.

Under § 48.181(1), if a foreign corporation "operate[s], conduct[s], engage[s] in, or carr[ies] on a business or business venture" in Florida, then it automatically appoints Florida's Secretary of State to accept service of process on its behalf. We must strictly construe § 48.181(1), *see Esberger v. First Fla. Bus. Consultants*, 338 So. 2d 561, 562 (Fla. Dist. Ct. App. 1976), and, once a defendant presents evidence that it is not doing business in Florida, a party who seeks to serve process under § 48.181(1) "has the burden of presenting facts which clearly justify the applicability of the statute," *AB CTC v. Morejon*, 324 So. 2d 625, 627 (Fla. 1976). Moreover, cases involving § 48.181(1)'s "business or business venture" language "must be resolved on the basis of the facts revealed by the record in the particular case." *Horace v. Am. Nat'l Bank & Trust Co. of Fort Lauderdale*, 251 So. 2d 33, 34 (Fla. Dist. Ct. App. 1971).

2

In *Travel Opportunities of Fort Lauderdale, Inc. v. Walter Karl List
Management*, the court considered whether a New York corporation operated or
engaged in "a business or business venture" for purposes of Florida's long-arm
jurisdiction.[1] 726 So. 2d 313, 314 (Fla. Dist. Ct. App. 1999). The New York
corporation submitted affidavits stating it "ha[d] no physical presence in Florida; it
ha[d] no offices, post office box, telephone, employees, bank account, or property
of any kind in Florida. It [did] not solicit business in Florida." *Id.* The court held
the New York corporation did not fall within Florida's long-arm jurisdiction
because "[t]hese facts do not show a 'general course of business activity in the
state for pecuniary benefit.'" *Id.* (quoting *April Indus., Inc. v. Levy*, 411 So. 2d
303, 305 (Fla. Dist. Ct. App. 1982)).

Similarly, in this appeal, John Edwards, J. Edwards' sole administrator,
submitted an affidavit asserting J. Edwards (1) does not deal in real estate located
in Florida; (2) does not maintain offices or have any other physical presence in
Florida; (3) does not employ anyone in Florida; (4) has no telephone listings in
Florida; (5) does not have a bank account in Florida; (6) does not file taxes in

---

[1] *Travel Opportunities* addresses § 48.193(1)(a), which also allows long-arm jurisdiction
over a foreign corporation that "operate[s], conduct[s], engage[s] in, or carr[ies] on a business or
business venture" in Florida. Because §§ 48.181(1) and 48.193(1)(a) contain identical language,
the Florida courts have held "decisions as to what constitutes doing business under
section 48.181 should apply to section 48.193(1)(a)." *Hill v. Lakeland Downtown Dev. Auth.*,
529 So. 2d 316, 317 (Fla. Dist. Ct. App. 1988). *Travel Opportunities* thus applies to this appeal.

3

Florida; (7) has not designated the Florida Secretary of State as its agent for any purpose; (8) does not collect money in Florida; (9) does not transmit money or goods in Florida; (10) does not advertise or solicit business in Florida (except over its universally accessible Internet website); and (11) does not sell, consign, or lease tangible or intangible personal property in Florida.

The Parkers do not dispute the eleven key facts set forth in John Edwards' affidavit. Instead, they argue three other facts establish J. Edwards engages in "a business or business venture" in Florida: J. Edwards (1) exchanged three e-mails with F. Bayard Parker, who was a Florida resident; (2) uses Florida-based freight forwarders to ship some of its office supplies into Honduras; and (3) provides the contact information of Florida-based freight forwarders on its websites and on checks it draws from its account with Southwest Bank of Texas.

Considering the relevant facts, and recognizing the need to strictly construe § 48.181(1), we conclude the Parkers have failed to show J. Edwards engages in "a business or business venture" in Florida. Neither the facts stated in John Edwards' affidavit nor the facts highlighted in the Parkers' brief demonstrate a general course of business activity in Florida for pecuniary benefit. Accordingly, the district court did not err when it dismissed without prejudice the Parkers' suit against J. Edwards for failure to effectuate service of process.

AFFIRMED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

4

1  Neil Gieleghem, Esq.
   Gieleghem Law Firm
2  1875 Century Park East, Suite 700
   Los Angeles, CA 90067
3  310-284-3252
   Counsel for Plaintiff
4
5  Scott Michael Moore, Esq.
   Moore International Law Offices, P.C.
6  45 Rockefeller Plaza, Suite 2000
   New York, NY 10111
7  212-332-3474
   Counsel for Defendants
8  (Pro Hac Vice)
9
                   UNITED STATES DISTRICT COURT
10                 NORTHERN DISTRICT OF CALIFORNIA
11
12 NICHOLAS H. PARKER, an          ) Case No.: 3:08-cv-01896PJH
   individual,                     )
13                                 ) Hon.: Phyllis J. Hamilton
                    Plaintiff,     )
14                                 ) CERTIFICATE OF SERVICE
        v.                         )
15                                 )
   SCOTT MICHAEL MOORE, an         )
16 individual; MOORE INTERNATIONAL )
   LAW OFFICES, A PROFESSIONAL     )
17 CORPORATION, a California       )
   corporation; MOORE             )
18 INTERNATIONAL LAW OFFICES, A    )
   PROFESSIONAL CORPORATION, a     )
19 business entity, form unknown;  )
   DOES 1 through 20, inclusive,   )
20                                 )
                    Defendants.    )
21 _____ )
22
23     I, Scott Michael Moore, Esq., declare under penalty of
24 perjury that I have served a copy of the attached DEFENDANTS'
25 REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO
   DISMISS, and supporting papers, upon the following parties or

                              -1-

1  their attorneys of record by first class mail at the following

2  addresses:

3

4

5

6

7      The undersigned certifies service by ECF electronic means

8  to all the parties or their attorneys of record in this action

9  at the addresses listed below:

10         Neil Gieleghem, Esq.
           Gieleghem Law Firm
11         1875 Century Park East, Suite 700
           Los Angeles, CA 90067
12         Counsel for Plaintiff

13

14

   Dated this 20th day of May, 2008.

15

16

                    Respectfully submitted,
17

18         

19         _____
           Scott Michael Moore, Esq.
20         MOORE INTERNATIONAL LAW OFFICES
           A Professional Corporation
21         45 Rockefeller Plaza, Suite 2000
           New York, NY 10111
22         T. 212-332-3474
           F. 212-332-3475
23         E. smm@MILOPC.com
           Counsel for the defendants
24         (Pro Hac Vice)

25

                            -2-