Neil Gieleghem   CSBN 107389
Gieleghem Law Office
1875 Century Park East, Suite 700
Los Angeles, CA  90067
Telephone: (310) 284-3252
Telecopier: (310) 284-3253
ngieleghem@sbcglobal.net

Attorneys for Plaintiff
Nicholas H. Parker

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS H. PARKER, an individual, <br><br>   Plaintiff, <br><br>   vs. <br><br> SCOTT MICHAEL MOORE, an individual; MOORE INTERNATIONAL LAW OFFICES, A PROFESSIONAL CORPORATION, a California corporation; MOORE INTERNATIONAL LAW OFFICES, A PROFESSIONAL CORPORATION, a business entity, form unknown; DOES 1 through 20, inclusive, <br><br>   Defendants. | CASE NO. 3:08-CV-01896-PJH <br><br> Hon. Phyllis J. Hamilton <br><br> **PLAINTIFF'S REPLY TO "RESPONSE OF SCOTT MICHAEL MOORE TO PLAINTIFF'S OPPOSITION TO PRO HAC VICE STATUS"; DECLARATION OF NEIL GIELEGHEM** <br><br> Hearing Date: N/A <br> Time: N/A <br> Courtroom: Courtroom A, 15th Floor <br><br> *[Nb. Referred to Hon. Joseph C. Spero pursuant to May 13, 2008 Order of Reference by Hon. Phyllis J. Hamilton]* |

I.   **INTRODUCTION**

   Mr. Moore's Response to Plaintiff's Objection to his *pro hac vice* admission is either (1) unintentionally misdirected, or (2) intentionally misleading.  Either way, the Response does not rebut Plaintiff's showing that, under this Court's Civil Local Rules, Mr. Moore is not eligible for *pro hac vice* admission because he "regularly engaged in the practice of law in the State of California" between 2001 and at least the end of February, 2007, in the guise of "Moore International Law Offices."

1  II.     **LEGAL ANALYSIS**

2       A.      **Plaintiff Did Not Receive Timely Notice Of Mr. Moore's Ex Parte**
3               **Application For *Pro Hac Vice* Admission**

4       The *ad hominem* arguments[1] initially offered by Mr. Moore do not rebut Plaintiff's

5 assertion that his counsel did not receive notice of Mr. Moore's Ex Parte Application until after

6 this Court had ruled on the same. Contrary to Mr. Moore's argument, Plaintiff's receipt of Mr.

7 Moore's initial removal papers – which stated only that Mr. Moore's *pro hac vice* Application

8 was "pending" – is not a substitute for proper service of the Application papers themselves.

9       This is particularly true given that, according to this Court's files (via the PACER

10 system), Mr. Moore did not file his *pro hac vice* Application until April 14, 2008, <u>four days after</u>

11 he allegedly mail served his removal papers on Plaintiff.[2]

12      Further, immediately on receiving Defendants' removal papers by mail on April 15, 2008,

13 Plaintiff faxed Mr. Moore a letter that stated, among other things:

14      <u>Pro Hac Vice Application</u>

15      Your pleadings indicate that you have applied for *pro hac vice* admission
        to the Northern District. No such application has been served on [Plaintiff]. If
16      you have filed such an application, Plaintiff demands that the same be served on
        this office immediately, so that Plaintiff can contest any such admission.

---

[1] See, e.g., Response, p. 4, lns. 9-10 (Plaintiff's counsel "shows a failure to understand routine federal practice"); p. 3, lns. 9-10 (Plaintiff "deliberately plead[ed] false facts in his Complaint"). Plaintiff does not believe it necessary or productive to respond to such comments; or to Mr. Moore's repeated threats to seek Rule 11 sanctions re matters (1) that are not before this Court (e.g., those raised by Defendants' pending Motion to Dismiss); (2) that are irrelevant to the *pro hac vice* admission issue presented herein; and (3) as to which Defendants' position has no factual or legal merit in any event.

[2] The Proof of Service attached to Defendants' removal papers states that the same were served on April 10, 2008, via "electronic means." Plaintiff received no such "electronic service," via email or otherwise. Instead, Plaintiff received Mr. Moore's removal papers by mail on or about April 15, 2008, after they had been postmarked by Mr. Moore on April 11, 2008. See Gieleghem Decl., ¶ 2, Exh. A (envelope postmark). The first electronic notification/service re this case that Plaintiff received, via the PACER system, was on April 24, 2008. Id., ¶ 3, Exh. B (PACER email notification).

See Plaintiff's Motion to Remand, Exhibit A (April 15, 2008 fax letter), p. 2.[3]  (A duplicate copy of this letter is attached hereto as Exhibit C for this Court's convenience.)  Despite this notification and request, Mr. Moore did not provide Plaintiff with a copy of his Application. Plaintiff obtained a copy of the Application, via the PACER system, only after this Court had granted the Application on or about April 17, 2008.  See Gieleghem Decl., ¶ 4.

Given the above, Mr. Moore's Application was not timely served, such that Plaintiff had an opportunity to be heard on the same before this Court's April 17, 2008 Order was entered.

### B. The Response Does Not Rebut, Or Even Intelligibly Address, The Issue Presented: Mr. Moore Engaged In The Practice Of Law In California From 2001 To At Least The End Of February, 2008

In his Response, Mr. Moore expressly admits that he maintained a law office in San Francisco through the end of February, 2008.  See Response, p. 6, lns. 1 - 3 (Mr. Moore's "San Francisco office had closed on the 28th of February, 2007").

Mr. Moore also impliedly admits – by not disputing the point – the Complaint allegations to the effect that Mr. Moore incorporated "Moore International Law Office, A Professional Corporation" in California in 2001; and that Mr. Moore provided legal services to California residents, pursuant to retentions entered into in California, as alleged.  See, e.g., Complaint, ¶¶ 15-18.

Mr. Moore also implied admits – again, by not disputing the point – that his actions as alleged in the Complaint amount to the (unlicensed) practice of law, e.g., advising Plaintiff in California, pursuant to a retention entered into in California, about the law of foreign jurisdictions, etc.  Id. [4]

Given these express and implied admissions, Mr. Moore's Response boils down to an

---

[3] See Gieleghem Decl., ¶ 4, Exh. C.

[4] See Plaintiff's Objection, p. 2 n. 1 (citing Bluestein v. State Bar, 13 Cal.3d 162, 174 (1974) and Birbrower, Montalbano, Condon & Frank, P.C. v. Superior Court, 17 Cal.4th 119 (1998)).

argument that, even though Mr. Moore was "regularly engaged in the practice of law in the State of California" from 2001 through at least the end of February, 2007, he is entitled to *pro hac vice* admission because he allegedly is not <u>currently</u> practicing law in this State.

In responding to this argument, Plaintiff submits that is significant that <u>nowhere in Mr. Moore's Response does he state that he is not continuing to engage in actions alleged in the Complaint</u> – e.g., the representation of California residents, pursuant to retentions entered into in California, out of offices maintained in this state. Instead, Mr. Moore merely disclaims, in his Declaration, that: "I am not engaged in the practice of law in the State of California." See Response, Exh. D (Moore Declaration), ¶ 3.

This disclaimer is at best insufficient as lacking foundation; at worst, it is evasive. This is because Mr. Moore takes the position that he did not "engage in the practice of law in the State of California" in acting as alleged in the Complaint, e.g., representing California clients pursuant to retentions entered into in California. As the cases cited by Plaintiff confirm, such activities amount to the unlicensed practice of law in California, regardless of whether Mr. Moore accepts this.

Plaintiff respectfully submits that, given the circumstances, Mr. Moore bore the burden of setting forth <u>facts</u> that would allow this Court to determine whether his disclaimer is true. Mr. Moore has not met this burden.

Further, and even assuming for the purposes of argument that Mr. Moore in fact is no longer <u>currently</u> "practicing law in California" under the controlling <u>legal</u> definition, he has not rebutted Plaintiff's showing that Mr. Moore engaged in the practice of law in this state between 2001 and the end of February, 2007.

This Court's Civil Local Rules do not define the term "regularly" in the context of Civil L.R. 11-3(b). Plaintiff submits, however, that the practice of law in California for such a six-year period meets the definition of "regularly practiced," even if Mr. Moore in truth is not continuing such practice at the moment. Otherwise, an *pro hac vice* applicant would qualify for admission, regardless of the length of time he had previously practiced in California, provided only that the

applicant did not have a case or matter pending at the moment the application for admission was made.

### III. CONCLUSION

This Court's restrictions on *pro hac vice* admission are consistent with the need of the State Bar of California to supervise and regulate attorneys who regularly practice in this jurisdiction. By his own admissions, express and implied, Mr. Moore regularly practiced in California between 2001 and at least the end of February, 2007. Accordingly, Plaintiff respectfully requests that this Court re-address this issue, and bar Moore from admission *pro hac vice*.

Dated: May 27, 2008                                           GIELEGHEM LAW OFFICE

                                                                                    s/ Neil Gieleghem
                                                                                     Neil Gieleghem
                                                         Attorneys for Plaintiff Nicholas H. Parker

## DECLARATION OF NEIL GIELEGHEM

I, Neil Gieleghem, declare:

1. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently thereto. I am an attorney at law duly admitted to practice before all the courts of the State of California, and the United States District Courts, and I am counsel of record for Plaintiff Nicholas Parker.

2. I received Defendants' motion to dismiss, with Defendants' removal papers, on or about April 15, 2008, by mail. Attached hereto as Exhibit A is a true and correct copy of the envelope, bearing a postmark of April 11, 2008, in which these papers were received by me. No Ex Parte Application for admission *pro hac vice* was included with these papers.

3. Attached hereto as Exhibit B is a true and correct copy of the first PACER notice that I received in this case, on April 24, 2008.

4. On April 15, 2008, in connection with Plaintiff's attempt to meet-and-confer with Defendants as to their improper removal, I notified Defendants, by a letter faxed on or about that date, that I had not received Mr. Moore's Ex Parte Application for *pro hac vice* admission, and was objecting to the same. A true and correct copy of my April 15, 2008 letter to Defendants is attached hereto as Exhibit C. Mr. Moore never responded to my request for a copy of his *pro hac vice* application papers; instead, I only obtained a copy of the same, via the PACER system, after the Application had been granted by this Court.

I declare, under penalty of perjury under the laws of the State of California and the federal law, that the foregoing is true and correct.

Executed on this 27th day of May, 2008, at Los Angeles, California.

                                                                             s/ Neil Gieleghem
                                                                             NEIL GIELEGHEM

1  PROOF OF SERVICE

2  STATE OF CALIFORNIA        )
                              ) ss.
3  COUNTY OF LOS ANGELES      )

4     I am a resident of the State of California; over the age of 18 years; and not a party to the within action; and my business address is: 1875 Century Park East, Suite 300, Los Angeles, California 90067.

6     On May 27, 2008 I served the foregoing document described as:

7  **PLAINTIFF'S REPLY TO "RESPONSE OF SCOTT MICHAEL MOORE TO PLAINTIFF'S OPPOSITION TO <u>PRO HAC VICE</u> STATUS"; GIELEGHEM DECLARATION**

9  [ ]   (BY MAIL ) By placing the true copies of the document(s) listed above in a sealed envelope, fully prepaid, addressed to the recipient(s) listed below. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in said affidavit.

14 [ ]   (BY FAX) By transmitting, on this date, via facsimile, the document(s) listed above to the fax number(s) set forth above.

15 [ ]   (BY EXPRESS MAIL) By placing the document(s) listed above in a sealed Overnight Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to an Overnight Express agent for delivery.

17 [x ]  (BY ELECTRONIC TRANSMISSION) By transmitting via electronic mail the document(s) listed above to each recipient listed below (via PACER system).

Scott Michael Moore, Esq.
Moore International Law Offices, P.C.
45 Rockefeller Plaza, Suite 2000
(630 5th Avenue, Suite 2000)
New York, New York 10111
Tel: (212) 322-3474
Fax: (212) 332-3475
smm@MILOPC.com
Attorneys for Defendants

     I declare under penalty of perjury under the laws of the State of California, and the United States of America, that the above is true and correct.

     Executed on May 27, 2008, in Los Angeles, CA.

                              s/ Neil Gieleghem
                              Neil Gieleghem

**EXHIBIT A**
[Envelope with April 11, 2008 Postmark]





**MOORE INTERNATIONAL LAW OFFICES**
A Professional Corporation
45 Rockefeller Plaza, Suite 2000
New York, NY 10111  USA

**TO:**

Neil Gieleghem, Esq.
Gieleghem Law Firm
1875 Century Park East
Suite 700
Los Angeles, CA 90067

**EXHIBIT B**
[April 24, 2008 PACER system email]

**Neil Gieleghem**

From: ECF-CAND@cand.uscourts.gov
Sent: Thursday, April 24, 2008 6:19 AM
To: efiling@cand.uscourts.gov
Subject: Activity in Case 3:08-cv-01896-PJH Parker v. Moore et al Notice of Appearance

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
*If there is no second hyperlink, there is no electronic document available.*
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

The following transaction was received from by Moore, Scott entered on 4/24/2008 6:19 AM and filed on 4/24/2008
**Case Name:**     Parker v. Moore et al
**Case Number:**   3:08-cv-1896
**Filer:**         Scott Michael Moore
                   Moore International Law Offices, A Professional Corporation
**Document Number:** 15

**Docket Text:**
**NOTICE of Appearance by Scott Michael Moore (Attachments: # (1) Certificate of Service)(Moore, Scott) (Filed on 4/24/2008)**

**3:08-cv-1896 Notice has been electronically mailed to:**

5/23/2008

Anthony P.X. Bothwell     apxb@hotmail.com

John Neil Gieleghem     ngieleghem@sbcglobal.net

Scott Michael Moore     smm@milopc.com

**3:08-cv-1896 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** E:\MILO\Open Client Files\Parker Matter\Appearance.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=4/24/2008] [FileNumber=4332129-0]

[79298a5f7f52eddd9e8c6a9df87f8889e5fd26fe62623b8ad0f7267a7b610789bf2e7
7b65ad32595961ed44a52bbc63ebd75bf29674b7ddbb8fc95b800434910]]
**Document description:** Certificate of Service
**Original filename:** E:\MILO\Open Client Files\Parker Matter\COS 24apr08.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=4/24/2008] [FileNumber=4332129-1]

[20a640313f334edc41f15953cbf35614cdea50ccc3bbabc8f945e4889eaaccebab3a3
3a36a4edcb1ebcb2f672720bbbfbf9a13421415b4c2838b20112bc4fa00]]

5/23/2008

**EXHIBIT C**
[April 15, 2008 Fax Letter to Defendants]

LAW OFFICES of
# Neil Gieleghem
1875 Century Park East, Suite 700
Los Angeles, California 90067
Telephone: (310) 284-3252
Facsimile: (310) 282-3253

J. NEIL GIELEGHEM, ESQ.
ngieleghem@sbcglobal.net

April 15, 2008

<u>By Fax & U.S. Mail</u>
(212) 332 3475

Scott Michael Moore, Esq.
Moore International Law Offices, P.C.
45 Rockefeller Plaza, Suite 2000
630 5th Avenue
New York, New York 10111

    Re:    Parker v. Moore, et al.
            USDC ND Cal. Case No. C081896 JCS *[as per Defendants' caption]*
            San Francisco Superior Court Case No. 08-473343

Dear Mr. Moore:

    This responds to the Notice of Removal, and Motion to Dismiss, that you filed in the above-referenced case.

### Defendants' Removal Is Improvident

    Your removal is improvident, as there is not the required complete diversity between Plaintiff and Defendants given that the latter include "Moore International Law Office, A Professional Corporation," a California corporation No. C2346237 (hereinafter "MILOCA").

    Contrary to your apparent misunderstanding, MILOCA's alleged dissolution in June, 2004 is irrelevant to the diversity analysis, as made clear by the leading authority on California federal court practice:

> (11) [2:321.4] **Defunct corporations:** There is a split on the proper test for the citizenship of a defunct (or inactive) corporation for diversity purposes (Patel v. Sugen, Inc. (ND CA 2005) 354 F.Supp.2d 1098, 1111 (citing text)):
>
> • [2:321.5] Some courts look both to the state of incorporation and to the state of the corporation's last business activity. [Athena Automotive, Inc. v. DiGregorio (4th Cir. 1999) 166 F3d 288, 291; Circle Industries USA, Inc. v. Parke Const. Group, Inc. (2nd Cir. 1999) 183 F3d 105, 108—inactive corporation's "principal

FILE COPY

Moore International Law Offices, P.C.
April 15, 2008
Page 2

>  place of business" is the state in which it last transacted business]
>
> • [2:321.6] Some courts hold an inactive corporation has no "place of business" and therefore is a citizen only of its state of incorporation. [Midlantic Nat'l Bank v. Hansen (3rd Cir. 1995) 48 F3d 693, 696]
>
> • [2:321.7] Other courts adopt a case-by-case approach: i.e., if the corporation has been inactive for a substantial period of time (e.g., 5 years), it is a citizen only of the state where it is incorporated. Otherwise, the court must examine the company's activities as it was closing its doors and determine whether its business had a continuing impact in that locale. If so, the place of its last business activity would be relevant to (but not dispositive of) the determination of its "principal place of business." [Harris v. Black Clawson Co. (5th Cir. 1992) 961 F2d 547, 551; see also Athena Automotive, Inc. v. DiGregorio, supra, 166 F3d at 291–292—corporation that ceased business activities still a citizen of place of incorporation because it kept its charter in good standing]

See Schwarzer, Tashima & Wagstaff, Cal. Prac. Guide: Fed. Civ. Proc. Before Trial (The Rutter Group 2008), §§ 2:321.4 - 2:321.7. Under any of the analyses described, your removal of this action from San Francisco Superior Court was improvident.

Based on the above, Plaintiff hereby demands that you stipulate, no later than the close of business on Friday, April 18, 2008, to the remand of this case. If I do not receive a signed stipulation to this effect by this deadline, Plaintiff will file a motion for remand without further notice.

In connection with such a motion for remand, Plaintiff will seek to recover his attorneys fees and costs pursuant to 28 U.S.C. § 1447. In connection with this fee and cost recovery, Plaintiff will cite this letter as establishing that Defendants were on notice that their removal was improvident. Please note that these fees and costs will be <u>substantial</u>.

<u>Defendants' Motion To Dismiss</u>

Defendants' Motion to Dismiss is defective on, among other grounds, its failure to designate a hearing date as required by the Local Rules for the Northern District of California. Unless and until Defendants give proper notice of a hearing date, Plaintiff is under no obligation to respond to this pleading.

<u>Pro Hac Vice Application</u>

Your pleadings indicate that you have applied for *pro hac vice* admission to the Northern District. No such application has been served on Defendants. If you have filed such an application, Plaintiff demands that the same be served on this office immediately, so that Plaintiff can contest any such admission.

Scott Michael Moore
Moore International Law Offices, P.C.
April 15, 2008
Page 3

### Improper Caption

Last, but not least: Your pleading caption inexplicably includes my name and law firm on top of yours, albeit as "Counsel for Plaintiff." Please correct your caption, and otherwise conform your pleadings to Local Rule requirements and standard practice in this jurisdiction – even though you are not admitted to practice in California.

Thank you for your prompt attention to the above.

 Very truly yours,

 Neil Gieleghem

cc: Client