1 | Neil Gieleghem    CSBN 107389
Gieleghem Law Office
2 | 1875 Century Park East, Suite 700
Los Angeles, CA  90067
3 | Telephone: (310) 284-3252
Telecopier: (310) 284-3253
4 | ngieleghem@sbcglobal.net

5 | Attorneys for Plaintiff
Nicholas H. Parker

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS H. PARKER, an individual, | CASE NO. 3:08-CV-01896-PJH |
| Plaintiff, | Hon. Phyllis J. Hamilton |
| vs. | **SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFF'S REPLY RE MOTION TO REMAND AND REQUEST FOR JUST COSTS AND ACTUAL EXPENSES OF $15,735.65 (REVISED)** |
| SCOTT MICHAEL MOORE, an individual; MOORE INTERNATIONAL LAW OFFICES, A PROFESSIONAL CORPORATION, a California corporation; MOORE INTERNATIONAL LAW OFFICES, A PROFESSIONAL CORPORATION, a business entity, form unknown; DOES 1 through 20, inclusive, | Date:     Wednesday, June 4, 2008<br>Time:     9:00 a.m.<br>Courtroom: Courtroom 3, 17th Floor |
| Defendants. | |

**TO THIS HONORABLE COURT, AND TO ALL PARTIES AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff, subject to leave of Court, may address the following additional legal authority in connection with the hearing of his Motion to Remand:

1. 9 Witkin, Summary of California Law (10th ed., 2008 supp.) Corporations , § 212, p. 979.

\ \ \

\ \ \

---

1

SUPP. AUTHORITY RE REPLY RE PLAINTIFF'S MOTION TO REMAND, ETC., CASE NO. 3:08-CV-01896-PJH

1  For the convenience of the Court and parties, a Westlaw printout of said authority is
2  attached.

4  Dated: May 27, 2008                              GIELEGHEM LAW OFFICE

                                                     s/ Neil Gieleghem
                                     ─────────────────────────────────
                                                       Neil Gieleghem
                                        Attorneys for Plaintiff Nicholas H. Parker

1  PROOF OF SERVICE

2  STATE OF CALIFORNIA            )
                                  ) ss.
3  COUNTY OF LOS ANGELES          )

4      I am a resident of the State of California; over the age of 18 years; and not a party to the within action; and my business address is: 1875 Century Park East, Suite 300, Los Angeles, California 90067.

6      On May 27, 2008 I served the foregoing document described as:

7  **SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFF'S REPLY RE MOTION TO REMAND AND REQUEST FOR JUST COSTS AND ACTUAL EXPENSES OF $15,735.65 (REVISED)**

9  [ ]  (BY MAIL ) By placing the true copies of the document(s) listed above in a sealed envelope, fully prepaid, addressed to the recipient(s) listed below. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in said affidavit.

[ ]  (BY FAX) By transmitting, on this date, via facsimile, the document(s) listed above to the fax number(s) set forth above.

[ ]  (BY EXPRESS MAIL) By placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

[X]  (BY ELECTRONIC TRANSMISSION) By transmitting via electronic mail the document(s) listed above to each recipient listed below (via PACER system).

[ ]  (BY PERSONAL SERVICE) I delivered such envelope by hand to the office of the addressee.

Scott Michael Moore, Esq.
Moore International Law Offices, P.C.
45 Rockefeller Plaza, Suite 2000
(630 5th Avenue, Suite 2000)
New York, New York 10111
Tel: (212) 322-3474
Fax: (212) 332-3475
smm@MILOPC.com
Attorneys for Defendants

    I declare under penalty of perjury under the laws of the State of California, and the United States of America, that the above is true and correct.

    Executed on May 27, 2008, in Los Angeles, CA.

                                    s/ Neil Gieleghem
                                    Neil Gieleghem

i

SUPP. AUTHORITY RE REPLY RE PLAINTIFF'S MOTION TO REMAND, ETC., CASE NO. 3:08-CV-01896-PJH



9 WITSUM Ch. XIII, § 212                                                                                            Page 1
9 Witkin, Summary 10th (2005) Corp, § 212, p. 979

Supplement

Copyright (c) 2005, 2007 B.E. Witkin Article Sixth Testamentary Trust

Witkin
Summary of California Law, Tenth Edition
B.E. Witkin and Members of the Witkin Legal Institute

Chapter XIII. Corporations
VIII. DISSOLUTION AND FORFEITURE
A. Dissolution.
1. In General.

**b. [§ 212] Corporate Existence Continues.**

(1) *In General.* A corporation after either voluntary or involuntary dissolution continues to exist for the purpose of winding up its affairs, prosecuting and defending actions, collecting and discharging obligations, disposing of and conveying its property, and collecting and dividing its assets. However, the corporation *continues business* only as necessary for winding up. (Corp.C. 2010(a); see Corp.C. 1905 [corporate existence ceases on filing certificate of dissolution after winding up]; *Bank of Alameda v. McColgan* (1945) 69 C.A.2d 464, 471, 159 P.2d 31; *Rosner v. Benedict Heights* (1963) 219 C.A.2d 1, 8, 32 C.R. 764, citing the text; C.E.B., 2 Counseling California Corporations 2d, Chap. 7; Cal. Civil Practice, 1 Business Litigation, Chap. 13; Cal. Transactions Forms, 3 Business Entities, Chap. 13; 40 A.L.R.2d 1396 [maintainability of criminal proceedings against dissolved corporation]; 71 A.L.R.2d 1121 [dissolved corporation's power to participate in arbitration proceedings]; 20 A.L.R.4th 414 [liability of former director, officer, or shareholder of dissolved corporation for injuries incurred after dissolution]; 72 A.L.R.4th 419 [liability of shareholders, directors, and officers of corporation that continues business after dissolution]; 19 Am.Jur.2d (2004 ed.), Corporations, §2348 et seq.)<<* **p.980**>>

After dissolution, the directors continue to act as a board. Hence, they have full power to wind up and settle the affairs of the corporation (Corp.C. 2001 et seq.) and to distribute the assets to the shareholders (Corp.C. 2004 et seq.); or they may, with the consent of a majority of the voting power, sell the assets to another corporation for a consideration that may include shares or securities of the latter (Corp.C. 2001(g)). However, after voluntary dissolution a director has no right to inspection, where no need related to further winding up is shown. (*Hartman v. Hollingsworth* (1967) 255 C.A.2d 579, 582, 63 C.R. 563.)

(2) *Actions Against Dissolved Corporations.* Causes of action against a dissolved corporation, whether arising before or after the dissolution of the corporation, may be enforced against the dissolved corporation, to the extent of its undistributed assets, including, without limitation, insurance assets held by the corporation that may be available to satisfy claims. (Corp.C. 2011(a)(1)(A).) This provision applies to corporations dissolved on and after January 1, 1992. Corporations dissolved before that date are subject to prior law. (Corp.C. 2011(a)(4).)

A dissolved corporation continues to exist indefinitely for the purpose of being sued in a quiet title action. (Corp.C. 2011(c).) (See 3 *Cal. Proc.* (4th), *Actions,* §§968, 969.)

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

9 WITSUM Ch. XIII, § 212                                                                                                     Page 2
9 Witkin, Summary 10th (2005) Corp, § 212, p. 979

In *Penasquitos v. Superior Court* (1991) 53 C.3d 1180, 283 C.R. 135, 812 P.2d 154, homeowners sued dissolved corporations for construction defects discovered after the dissolution. The corporations contended that they were not subject to suit because the causes of action arose only on discovery and discovery occurred after dissolution. *Held*, the dissolved corporations could be sued for damages that were discovered after dissolution. (53 C.3d 1183.)

(a) Under Corp.C. 1905(b), corporate existence ceases when the certificate of dissolution is filed except for the purposes of further winding up. Under Corp.C. 2010(a), the purposes for which a dissolved corporation continues to exist include defending actions and discharging obligations. (53 C.3d 1185.)

(b) If a dissolved corporation could not be sued, Corp.C. 2011(b), providing for service on a dissolved corporation, would serve no role in the statutory scheme. Moreover, the reasons for the common law rule—that it would be unfair to permit suit against an entity incapable of defending itself and senseless to render judgment against an entity that had become nonexistent—are inapplicable under the modern survival statutes. It would be incongruous to permit a dissolved corporation, which exists for purposes of defending actions and discharging obligations, to defend a lawsuit on the basis that it does not exist. Courts have repeatedly<<* **p.981**>> construed Corp.C. 2010 and predecessor statutes as permitting suits against dissolved corporations. (53 C.3d 1186.)

(c) The actions permitted by Corp.C. 2010 are not limited to claims that arose before the corporation filed its notice of dissolution. "[A] claim for damages based on the corporation's *predissolution activities* is an affair of the corporation needing to be wound up after the corporation's normal business activities have ceased." Participating in a judicial resolution of claims based on the corporation's predissolution activities "is part of the winding-up process for which section 2010 expressly requires the dissolved corporation's existence to continue." (53 C.3d 1190.)

(d) Allowing actions on postdissolution claims would neither delay nor complicate the distribution of assets or the filing of the certificate of dissolution. Assets are distributed before dissolution and no provision need be made for postdissolution claims. (53 C.3d 1191.)

(e) Assets properly distributed to the shareholders are beyond the reach of those whose claims arose after dissolution (infra, §220). Hence, postdissolution causes of action are likely to be asserted only if there is a prospect of recovery from the corporation's liability insurance, from undistributed assets, or from assets discovered after dissolution. An interest in finality and repose cannot justify barring a postdissolution claim so long as the corporation holds undistributed assets, and a corporation's dissolution provides no reason to excuse its liability insurer from defending the action and indemnifying those injured by the predissolution activities of its insured. (53 C.3d 1192.) (See *Westoil Terminals Co. v. Harbor Ins. Co.* (1999) 73 C.A.4th 634, 642, 86 C.R.2d 636 [dissolved corporation was permitted to sue insurer to obtain benefits for which it paid; following *Penasquitos*]; *Catalina Inv. v. Jones* (2002) 98 C.A.4th 1, 7, 119 C.R.2d 256, supra, §77 [dissolved corporation lacked capacity to file purported certificate of revocation 4 years after dissolution in effort to reinstate its corporate existence; distinguishing *Penasquitos*].)

****SUPPLEMENT****
9 Witkin, Summary 10th (2007 supp.) Corp, § 212, p. 104

**b. [§ 212] Corporate Existence Continues.**

p. 980:

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

9 WITSUM Ch. XIII, § 212
9 Witkin, Summary 10th (2005) Corp, § 212, p. 979

Page 3

(2) *Actions Against Dissolved Corporations.* Corp.C. 2011(e) was added in 2006 to provide that, for purposes of assessments against persons secondarily liable (Rev.C. 19071 et seq.), the liability described in Corp.C. 2011 is "considered a liability at law with respect to a dissolved corporation."

Contents Index and Tables

9 WITSUM Ch. XIII, § 212

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.