UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NICHOLAS H. PARKER,

    Plaintiff,

    v.

SCOTT M. MOORE, et al.,

    Defendants.

_____/

No. C 08-1896 PJH

**ORDER GRANTING MOTION TO REMAND, DENYING FEES AND COSTS, AND VACATING HEARING DATE**

Before this court is plaintiff's motion to remand this matter to San Francisco County Superior Court. Having carefully read the parties' papers and considered the relevant legal authority, and good cause appearing, the court hereby GRANTS plaintiff's motion to remand, and DENIES plaintiff's corresponding motion for fees and costs, for the following reasons.[1]

Defendants' Notice of Removal invokes federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), which requires, among other things, complete diversity of citizenship. Diversity of citizenship must be assessed as of the time that the complaint is filed and removal is effected. See, e.g., Strotek Corp. v. Air Transport Ass'n of Am., 300 F.3d 1129, 1132 (9th Cir. 2002). Here, the instant complaint was filed in state court on March 14, 2008, and removed to this court on April 9, 2008.

The parties agree that plaintiff is a citizen of California and they do not dispute that

---

[1] This court finds the motion appropriate for decision without further oral argument, as permitted by Civil L.R. 7-1(b) and Fed. R. Civ. P. 78. See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp., 933 F.2d 724, 729 (9th Cir. 1991) (holding that the court's consideration of the moving and opposition papers is deemed an adequate substitute for a formal hearing), cert. denied, 503 U.S. 920 (1992). Accordingly, the June 4, 2008 hearing date is VACATED.

two of the named defendants – Scott Michael Moore, and Moore International Law Offices ("MILONY") – are citizens of the State of New York. See Notice of Removal, ¶¶ 6, 8; id. at Ex. A ("Complaint") at ¶¶ 5-8. As for the final named defendant, Moore International Law Offices ("MILOCA"), the parties agree that MILOCA was incorporated as a California corporation on June 4, 2001 (making it a California citizen), and that it was dissolved in June 2004. See Notice of Removal, ¶ 7; id. at Complaint at ¶ 7. They dispute, however, the import of MILOCA's dissolution on its citizenship. Namely, defendants assert that MILOCA's 2004 dissolution – which occurred before the filing of the instant lawsuit, albeit after part of the relevant time period alleged in plaintiff's complaint – means that MILOCA's California citizenship must be disregarded for diversity purposes. Plaintiff, however, contends that notwithstanding MILOCA's status as a now defunct corporation, it remains a California citizen, destroying diversity and requiring remand.

Ultimately, plaintiff is correct. While the Ninth Circuit has never expressly weighed in on the proper way to treat a defunct corporation for diversity purposes[2], fellow district courts in this circuit have. See, e.g., Patel v. Sugen, Inc., 354 F. Supp. 2d 1098 (N.D. Cal. 2005); Sellers v. Kohlberg & Co., LLC, 2001 WL 761187 (N.D. Cal. June 29, 2001). As those district court decisions have noted, there is a three-way split on the proper test for the citizenship of a defunct corporation. See Patel, 354 F. Supp 2d at 1111. Some courts look to both the state of incorporation and to the state of the corporation's last business activity. See, e.g., Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc., 933 F. 2d 131, 141 (2d Cir. 1991). Other courts hold that an inactive, or defunct, corporation has no

---

[2] Although defendants cite to the Ninth Circuit's opinion in Strotek, 300 F.3d 1129, in support of their argument, this case is inapposite. Strotek dealt with the tangential issue whether a non-diverse trade association defendant's change in citizenship by way of its formal incorporation still defeated diversity, where plaintiff sought to proceed against the entity under its prior non-diverse formulation. See id. In holding that defendant's citizenship was governed by "the trade association's incarnation as of the time the complaint was filed and the action was removed," the Ninth Circuit simply followed the basic tenets of removal principles, as applied to a single defendant entity who had undergone incorporation. The Ninth Circuit did *not* resolve the citizenship of an incorporated entity that has been dissolved prior to suit, as is the case here.

2

1  "place of business" and is therefore a citizen only of its state of incorporation. See, e.g.,
2  Midatlantic Nat'l Bank v. Hansen, 48 F.3d 693, 696 (3d Cir. 1995). Still other courts adopt
3  a more flexible and functional approach, holding that when a substantial period of time has
4  elapsed since a corporation was active, its citizenship reverts to include only its state of
5  incorporation (although the place of a corporation's last transactions is still relevant). See,
6  e.g., Athena Automotive, Inc. v. DiGregorio, 166 F.3d 288, 291-92 (4th Cir. 1999); Harris v.
7  Black Clawson Co., 961 F.2d 547, 551 (5th Cir. 1992). In general, the court agrees with its
8  fellow district courts that, in the absence of Ninth Circuit authority affirmatively addressing
9  the issue, it is the third approach – i.e., the functional approach employed by the Fourth
10 and Fifth Circuits – that best equips the court to carry out the congressional intent behind
11 28 U.S.C. § 1332. To that end, and applying that test here, the court concludes that a
12 substantial amount of time has taken place since MILOCA's dissolution in June 2004 and
13 plaintiff's March 2008 filing of the instant action – almost 4 years – thus requiring the court
14 to judge MILOCA's citizenship in accordance with its state of original incorporation. Since
15 both parties agree that state is California, this means that  MILOCA is deemed a citizen of
16 California as of the time of removal, as alleged by plaintiff in his complaint.

17       This conclusion is not altered, in the court's opinion, by defendants' passing
18 argument that the law distinguishes "dissolved" corporations like MILOCA, from defunct
19 corporations, as referred to in the above-referenced case law. Defendants have submitted
20 no legal authority in support of their argument. Moreover, as the California Supreme Court
21 has noted, California law itself permits parties to sue dissolved corporations, even to the
22 extent that parties seek to enforce *post*-dissolution claims against dissolved corporations.
23 See Penasquitos, Inc. v. Superior Court, 53 Cal. 3d 1180, 1189-91 (1991). This reasoning
24 would, in the court's view, encompass the instant suit.

25       In sum, therefore, the court concludes that MILOCA is, in fact, deemed a citizen of
26 California for diversity purposes. Since complete diversity of citizenship is therefore lacking
27 between plaintiff and MILOCA, there is no basis for the court's subject matter jurisdiction
28

over the action.  Accordingly, plaintiff's motion to remand the complaint is GRANTED.  See 28 U.S.C. § 1447(c)(if a defendant has improperly removed a case over which the federal court lacks diversity jurisdiction, the federal court shall remand the case to state court); see also Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403-04 (9th Cir. 1996)(strong presumption in favor of remand).

Plaintiff's corresponding motion for fees and costs, however, is DENIED.  While the court has concluded that no grounds for removability are present, the court is not convinced that defendants' counsel was objectively unreasonable in seeking to remove the present action.

Finally, in view of the court's conclusion herein, it is unnecessary for the court to consider defendants' concurrently pending motion to dismiss.  That motion is therefore DISMISSED as moot.

**IT IS SO ORDERED**.

Dated: May 27, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge