**UNITED STATES DISTRICT COURT**
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

www.cand.uscourts.gov

Richard W. Wieking
Clerk

General Court Number
415.522.2000

May 28, 2008

San Francisco County Superior Court
400 McAllister Street
San Francisco, CA 94102

**RE: CV 08-1896 PJH, Parker v. Moore, et al.**
   **Your Case Number: CGC-08-473343**

Dear Clerk,

   Pursuant to an order remanding the above captioned case to your court, transmitted herewith are:

|     |     |
| --- | --- |
| (X) | Certified copies of docket entries |
| (X) | Certified copies of Remand Order |
| ( ) | Other |

Please acknowledge receipt of the above documents on the attached copy of this letter.

Sincerely,

RICHARD W. WIEKING, Clerk

*Felicia Reloba*

by: Felicia Reloba
Case Systems Administrator

Enclosures
Copies to counsel of record

NDC TR-5  Rev. 7/92
o:\mrg\civil\remand.mrg

ADRMOP, CLOSED, E-Filing, REFR&R-JCS

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:08-cv-01896-PJH
### Internal Use Only

Parker v. Moore et al  
Assigned to: Hon. Phyllis J. Hamilton  
Referred to: Magistrate Judge Joseph C. Spero  
Demand: $75,000  
Case in other court: San Francisco County Superior Court, CGC 08-473343  
Cause: 28:1441 Petition For Removal--Other Contract  

Date Filed: 04/09/2008  
Date Terminated: 05/27/2008  
Jury Demand: None  
Nature of Suit: 190 Contract: Other  
Jurisdiction: Diversity  

**Plaintiff**

**Nicholas H. Parker**  
*an individual*

represented by **J. Neil Gieleghem**  
Gieleghem Law Office  
1875 Century Park East  
Suite 700  
Los Angeles, CA 90067  
310-284-3252  
Fax: 310-284-3253  
Email: ngieleghem@sbcglobal.net  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Scott Michael Moore**  
*an individual*

represented by **Scott Michael Moore**  
Moore International Law Offices, P.C.  
45 Rockefeller Plaza  
Suite 2000  
New York, NY 10111  
212-332-3474  
Fax: 212-332-3475  
Email: smm@milopc.com  
*LEAD ATTORNEY*  
*PRO HAC VICE*  
*ATTORNEY TO BE NOTICED*

**Anthony P.X. Bothwell**  
Attorney at Law  
350 Bay Street  
Suite 100 PMB 314

        San Francisco, CA 94133
        415-370-9571
        Fax: 415-668-6178
        Email: apxb@hotmail.com
        *ATTORNEY TO BE NOTICED*

**Defendant**

**Moore International Law Offices, A Professional Corporation**
*a California corporation*

represented by **Scott Michael Moore**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anthony P.X. Bothwell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Moore International Law Offices, A Professional Corporation**
*a business entity, form unknown*

represented by **Scott Michael Moore**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anthony P.X. Bothwell**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/09/2008 | 1 | NOTICE OF REMOVAL; No Process from San Francisco County Superior Court. Their case number is CGC 08-473343. (Filing fee $350.00 receipt number 34611017978). Filed by Scott Michael Moore, Moore International Law Offices, A Professional Corporation(a California corporation), Moore International Law Offices, A Professional Corporation(a business entity, form unknown). (gba, COURT STAFF) (Filed on 4/9/2008) (Additional attachment(s) added on 4/23/2008: # 1 Notice of Removal-Part Two, # 2 Notice of Removal-Part Three, # 3 Notice of Removal-Part Four, # 4 Notice of Removal-Part Five, # 5 Notice of Removal-Part Six) (far, COURT STAFF). (Entered: 04/11/2008) |
| 04/09/2008 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 7/18/2008. Case Management Conference set for 7/25/2008 01:30 PM. (Attachments: # 1 CMC Standing Order, # 2 JCS Standing Order, # 3 New Standing Order)(gba, COURT STAFF) (Filed on 4/9/2008) (Entered: 04/11/2008) |
| 04/09/2008 |  | CASE DESIGNATED for Electronic Filing. (gba, COURT STAFF) (Filed on 4/9/2008) (Entered: 04/11/2008) |
| 04/14/2008 | 3 | MOTION for Admission of Attorney Scott Michael Moore Pro Hac Vice (Filing fee $ 210.00, receipt number 34611018139) filed by Scott Michael Moore, Moore International Law Offices, A Professional Corporation(a California corporation), Moore International |

| | | |
|---|---|---|
| | | Law Offices, A Professional Corporation(a business entity, form unknown). (gba, COURT STAFF) (Filed on 4/14/2008) (Entered: 04/16/2008) |
| 04/14/2008 | 4 | Received Order re 3 MOTION for leave to appear in Pro Hac Vice (Filing fee $ 210.00, receipt number 34611018139) by Scott Michael Moore, Moore International Law Offices, A Professional Corporation(a California corporation), Moore International Law Offices, A Professional Corporation(a business entity, form unknown). (gba, COURT STAFF) (Filed on 4/14/2008) (gba, COURT STAFF). (Entered: 04/16/2008) |
| 04/14/2008 | 5 | MOTION to Dismiss filed by Scott Michael Moore, Moore International Law Offices, A Professional Corporation(a California corporation), Moore International Law Offices, A Professional Corporation(a business entity, form unknown). (gba, COURT STAFF) (Filed on 4/14/2008) (Entered: 04/16/2008) |
| 04/14/2008 | 6 | MEMORANDUM of Law in Support of 5 MOTION to Dismiss filed by Scott Michael Moore, Moore International Law Offices, A Professional Corporation(a California corporation), Moore International Law Offices, A Professional Corporation(a business entity, form unknown). (Related document(s) 5 ) (gba, COURT STAFF) (Filed on 4/14/2008) (Entered: 04/16/2008) |
| 04/14/2008 | 7 | CERTIFICATE OF SERVICE by Scott Michael Moore, Moore International Law Offices, A Professional Corporation(a California corporation), Moore International Law Offices, A Professional Corporation(a business entity, form unknown) re 4 Received Order, 5 MOTION to Dismiss, 6 Memorandum in Support, 3 MOTION for leave to appear in Pro Hac Vice (Filing fee $ 210.00, receipt number 34611018139) (gba, COURT STAFF) (Filed on 4/14/2008) (Entered: 04/16/2008) |
| 04/17/2008 | 8 | CLERK'S NOTICE TO PLAINTIFF AND DEFENDANTS REGARDING CONSENT TO JURISIDICTION OF A UNITED STATES MAGISTRATE JUDGE. Form due by April 24, 2008. (klh, COURT STAFF) (Filed on 4/17/2008) (Additional attachment(s) added on 4/17/2008: # 1 Cert Serve) (klh, COURT STAFF). (Entered: 04/17/2008) |
| 04/18/2008 | 9 | ORDER, by Judge Joseph C. Spero, signed 4/17/8, granting 3 Motion for Pro Hac Vice for Scott Michael Moore. (klh, COURT STAFF) (Filed on 4/18/2008) (Additional attachment(s) added on 4/18/2008: # 1 Cert Serve) (klh, COURT STAFF). (Entered: 04/18/2008) |
| 04/23/2008 | 10 | Declination to Proceed Before a U.S. Magistrate Judge by Scott Michael Moore. (Moore, Scott) (Filed on 4/23/2008) (Entered: 04/23/2008) |
| 04/23/2008 | 11 | Declination to Proceed Before a U.S. Magistrate Judge by Moore International Law Offices, A Professional Corporation(a California corporation). (Moore, Scott) (Filed on 4/23/2008) (Entered: 04/23/2008) |
| 04/23/2008 | 12 | Declination to Proceed Before a U.S. Magistrate Judge by Moore International Law Offices, A Professional Corporation(a business entity, form unknown). (Moore, Scott) (Filed on 4/23/2008) (Entered: 04/23/2008) |
| 04/23/2008 | 13 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge (klh, COURT STAFF) (Filed on 4/23/2008) (Entered: 04/23/2008) |
| 04/23/2008 | 14 | ORDER REASSIGNING CASE. Case reassigned to Judge Hon. Phyllis J. Hamilton for all further proceedings. Magistrate Judge Joseph C. Spero no longer assigned to the case. Signed by Executive Committee on 4/23/08. (ha, COURT STAFF) (Filed on 4/23/2008) (Entered: 04/23/2008) |

| | | |
|---|---|---|
| 04/24/2008 | 15 | NOTICE of Appearance by Scott Michael Moore (Attachments: # 1 Certificate of Service) (Moore, Scott) (Filed on 4/24/2008) (Entered: 04/24/2008) |
| 04/24/2008 | 16 | NOTICE OF HEARING re 5 MOTION to Dismiss filed by Scott Michael Moore, Moore International Law Offices, A Professional Corporation(a California corporation), Moore International Law Offices, A Professional Corporation (a business entity, form unknown). Motion Hearing set for 6/4/2008 09:00 AM in Courtroom 3, 17th Floor, San Francisco. (Attachments: # 1 Certificate of Service)(Moore, Scott) (Filed on 4/24/2008) Modified on 4/24/2008 (far, COURT STAFF). (Entered: 04/24/2008) |
| 04/24/2008 | | (Court only) ***Motions terminated: 16 NOTICE OF HEARING re 5 MOTION to Dismiss filed by Scott Michael Moore, Moore International Law Offices, A Professional Corporation. (far, COURT STAFF) (Filed on 4/24/2008) (Entered: 04/24/2008) |
| 04/24/2008 | | Set/Reset Deadlines as to 5 MOTION to Dismiss. Motion Hearing set for 6/4/2008 09:00 AM in Courtroom 3, 17th Floor, San Francisco. (far, COURT STAFF) (Filed on 4/24/2008) (Entered: 04/24/2008) |
| 04/24/2008 | 17 | NOTICE OF MOTION AND MOTION to Remand and REQUEST for Just Costs and Actual Expenses (of $9651.29, or additional amount to be determined); MEMORANDUM of Points and Authorities; DECLARATION of Neil Gieleghem filed by Nicholas H. Parker. Motion Hearing set for 6/4/2008 09:00 AM in Courtroom 3, 17th Floor, San Francisco. (Attachments: # 1 Exhibits A & B to Motion to Remand)(Gieleghem, J.) (Filed on 4/24/2008) Modified on 4/25/2008 (far, COURT STAFF). (Entered: 04/24/2008) |
| 04/24/2008 | 18 | PROPOSED ORDER re 17 Motion to Remand filed by Nicholas H. Parker. (Gieleghem, J.) (Filed on 4/24/2008) Modified on 4/25/2008 (far, COURT STAFF). (Entered: 04/24/2008) |
| 04/24/2008 | | (Court only) ***Motions terminated: 18 Proposed Order filed by Nicholas H. Parker. (far, COURT STAFF) (Filed on 4/24/2008) (Entered: 04/25/2008) |
| 04/25/2008 | 19 | ORDER SETTING CASE MANAGEMENT CONFERENCE. Signed by Judge Phyllis J. Hamilton on 4/25/08. (nah, COURT STAFF) (Filed on 4/25/2008) (Entered: 04/25/2008) |
| 04/25/2008 | | Set Deadlines/Hearings: Initial Case Management Conference set for 7/31/2008 02:30 PM. Case Management Statement due by 7/24/2008. (nah, COURT STAFF) (Filed on 4/25/2008) (Entered: 04/25/2008) |
| 04/25/2008 | | (Court only) ***Deadlines terminated. (far, COURT STAFF) (Filed on 4/25/2008) (Entered: 04/28/2008) |
| 05/09/2008 | 20 | OPPOSITION to 5 MOTION to Dismiss; DECLARATION of Neil Gieleghem filed by Nicholas H. Parker. (Attachments: # 1 Exhibits to Opposition to Motion to Dismiss) (Gieleghem, J.) (Filed on 5/9/2008) Modified on 5/9/2008 (far, COURT STAFF). (Entered: 05/09/2008) |
| 05/09/2008 | 21 | OBJECTIONS to Declaration of Scott M. Moore filed by Nicholas H. Parker. (Gieleghem, J.) (Filed on 5/9/2008) Modified on 5/9/2008 (far, COURT STAFF). (Entered: 05/09/2008) |
| 05/09/2008 | 22 | OBJECTION to Pro Hac Vice Admission of Scott M. Moore re 9 Order filed by Nicholas H. Parker. (Gieleghem, J.) (Filed on 5/9/2008) Modified on 5/9/2008 (far, COURT STAFF). (Entered: 05/09/2008) |
| 05/12/2008 | 23 | OPPOSITION to 17 MOTION to Remand filed by Scott Michael Moore, Moore |

|  |  |  |
|---|---|---|
|  |  | International Law Offices, A Professional Corporation(a California corporation), Moore International Law Offices, A Professional Corporation(a business entity, form unknown). (Attachments: # 1 Moore to Gieleghem Letter, 21 March 2007, # 2 Declaration of Scott M. Moore, 12 May 2008, # 3 Certificate of Service)(Moore, Scott) (Filed on 5/12/2008) Modified on 5/12/2008 (far, COURT STAFF). (Entered: 05/12/2008) |
| 05/13/2008 | 24 | REPLY in Support of 17 MOTION to Remand filed by Nicholas H. Parker. (Gieleghem, J.) (Filed on 5/13/2008) Modified on 5/13/2008 (far, COURT STAFF). (Entered: 05/13/2008) |
| 05/13/2008 | 25 | ORDER of Reference. Signed by Judge Hamilton on 5/13/2008. (pjhlc2, COURT STAFF) (Filed on 5/13/2008) (Entered: 05/13/2008) |
| 05/13/2008 |  | CASE REFERRED to Magistrate Judge Magistrate Judge Joseph C. Spero for Report and Recommendation on objection to defendant's pro hac vice status. (wh, COURT STAFF) (Filed on 5/13/2008) (Entered: 05/13/2008) |
| 05/20/2008 | 26 | Reply to 20 Opposition re 5 MOTION to Dismiss filed by Scott Michael Moore, Moore International Law Offices, A Professional Corporation(a California corporation), Moore International Law Offices, A Professional Corporation(a business entity, form unknown). (Attachments: # 1 Declaration of Scott M. Moore, 20 May 2008, # 2 Eleventh Cir Judgment, No. 05-12499-EE, 25 July 2005, # 3 Eleventh Cir Judgment, No. 05-15231, 8 June 2006, # 4 Certificate of Service)(Moore, Scott) (Filed on 5/20/2008) Modified on 5/20/2008 (far, COURT STAFF). (Entered: 05/20/2008) |
| 05/20/2008 | 27 | RESPONSE to 22 Plaintiff's Objections to Pro Hac Vice Status of Scott M. Moore filed by Scott Michael Moore. (Attachments: # 1 Application for Admission of Attorney Pro Hac Vice, # 2 Order Granting Application for Admission of Attorney Pro Hac Vice, # 3 Order of Reference, # 4 Declaration of Scott M. Moore, 20 May 2008, # 5 Moore to Gieleghem Letter, 5 March 2007, # 6 Certificate of Service)(Moore, Scott) (Filed on 5/20/2008) Modified on 5/20/2008 (far, COURT STAFF). (Entered: 05/20/2008) |
| 05/27/2008 | 28 | REPLY to 27 Response; DECLARATION of Neil Gieleghem filed by Nicholas H. Parker. (Attachments: # 1 Exhibit)(Gieleghem, J.) (Filed on 5/27/2008) Modified on 5/28/2008 (far, COURT STAFF). (Entered: 05/27/2008) |
| 05/27/2008 | 29 | SUPPLEMENTAL AUTHORITY in Support of 20 Reply filed by Nicholas H. Parker. (Attachments: # 1 Supplement)(Related document(s) 20 ) (Gieleghem, J.) (Filed on 5/27/2008) Modified on 5/28/2008 (far, COURT STAFF). (Entered: 05/27/2008) |
| 05/27/2008 | 30 | OBJECTIONS to 26 Moore Reply Declaration filed by Nicholas H. Parker. (Related document(s) 26 ) (Gieleghem, J.) (Filed on 5/27/2008) Modified on 5/28/2008 (far, COURT STAFF). (Entered: 05/27/2008) |
| 05/27/2008 | 31 | ORDER Overruling Objection To Pro Hac Vice Admission of Scott M. Moore re 22 Brief filed by Nicholas H. Parker, 9 Order on Motion for Pro Hac Vice. Signed by Judge Joseph C. Spero on 5/27/08. (fj, COURT STAFF) (Filed on 5/27/2008) (Entered: 05/27/2008) |
| 05/27/2008 | 32 | ORDER by Judge Hamilton Granting 17 Motion to Remand, Denying Fees and Costs, and Vacating Hearing Date (pjhlc2, COURT STAFF) (Filed on 5/27/2008) (Entered: 05/27/2008) |
| 05/27/2008 |  | (Court only) ***Civil Case Terminated. (far, COURT STAFF) (Filed on 5/27/2008) (Entered: 05/28/2008) |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NICHOLAS H. PARKER,

    Plaintiff,

v.

SCOTT M. MOORE, et al.,

    Defendants.
_____/

No. C 08-1896 PJH

**ORDER GRANTING MOTION TO REMAND, DENYING FEES AND COSTS, AND VACATING HEARING DATE**

Before this court is plaintiff's motion to remand this matter to San Francisco County Superior Court. Having carefully read the parties' papers and considered the relevant legal authority, and good cause appearing, the court hereby GRANTS plaintiff's motion to remand, and DENIES plaintiff's corresponding motion for fees and costs, for the following reasons.[1]

Defendants' Notice of Removal invokes federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), which requires, among other things, complete diversity of citizenship. Diversity of citizenship must be assessed as of the time that the complaint is filed and removal is effected. See, e.g., Strotek Corp. v. Air Transport Ass'n of Am., 300 F.3d 1129, 1132 (9th Cir. 2002). Here, the instant complaint was filed in state court on March 14, 2008, and removed to this court on April 9, 2008.

The parties agree that plaintiff is a citizen of California and they do not dispute that

---

[1] This court finds the motion appropriate for decision without further oral argument, as permitted by Civil L.R. 7-1(b) and Fed. R. Civ. P. 78. See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp., 933 F.2d 724, 729 (9th Cir. 1991) (holding that the court's consideration of the moving and opposition papers is deemed an adequate substitute for a formal hearing), cert. denied, 503 U.S. 920 (1992). Accordingly, the June 4, 2008 hearing date is VACATED.

1  two of the named defendants – Scott Michael Moore, and Moore International Law Offices
2  ("MILONY") – are citizens of the State of New York.  <u>See</u> Notice of Removal, ¶¶ 6, 8; <u>id</u>. at
3  Ex. A ("Complaint") at ¶¶ 5-8.  As for the final named defendant, Moore International Law
4  Offices ("MILOCA"), the parties agree that MILOCA was incorporated as a California
5  corporation on June 4, 2001 (making it a California citizen), and that it was dissolved in
6  June 2004.  <u>See</u> Notice of Removal, ¶ 7; <u>id</u>. at Complaint at ¶ 7.  They dispute, however,
7  the import of MILOCA's dissolution on its citizenship.  Namely, defendants assert that
8  MILOCA's 2004  dissolution – which occurred before the filing of the instant lawsuit, albeit
9  after part of the relevant time period alleged in plaintiff's complaint – means that MILOCA's
10 California citizenship must be disregarded for diversity purposes.  Plaintiff, however,
11 contends that notwithstanding MILOCA's status as a now defunct corporation, it remains a
12 California citizen, destroying diversity and requiring remand.
13        Ultimately, plaintiff is correct.  While the Ninth Circuit has never expressly weighed in
14 on the proper way to treat a defunct corporation for diversity purposes[2], fellow district
15 courts in this circuit have.  <u>See, e.g., Patel v. Sugen, Inc.</u>, 354 F. Supp. 2d 1098 (N.D. Cal.
16 2005); <u>Sellers v. Kohlberg & Co., LLC</u>, 2001 WL 761187 (N.D. Cal. June 29, 2001).  As
17 those district court decisions have noted, there is a three-way split on the proper test for the
18 citizenship of a defunct corporation.  <u>See Patel</u>, 354 F. Supp 2d at 1111.  Some courts look
19 to both the state of incorporation and to the state of the corporation's last business activity.
20 <u>See, e.g., Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.</u>, 933 F. 2d
21 131, 141 (2d Cir. 1991).  Other courts hold that an inactive, or defunct, corporation has no

---

[2]  Although defendants cite to the Ninth Circuit's opinion in <u>Strotek</u>, 300 F.3d 1129, in support of their argument, this case is inapposite.  <u>Strotek</u> dealt with the tangential issue whether a non-diverse trade association defendant's change in citizenship by way of its formal incorporation still defeated diversity, where plaintiff sought to proceed against the entity under its prior non-diverse formulation.  <u>See id</u>.  In holding that defendant's citizenship was governed by "the trade association's incarnation as of the time the complaint was filed and the action was removed," the Ninth Circuit simply followed the basic tenets of removal principles, as applied to a single defendant entity who had undergone incorporation.  The Ninth Circuit did *not* resolve the citizenship of an incorporated entity that has been dissolved prior to suit, as is the case here.

"place of business" and is therefore a citizen only of its state of incorporation. See, e.g., Midatlantic Nat'l Bank v. Hansen, 48 F.3d 693, 696 (3d Cir. 1995). Still other courts adopt a more flexible and functional approach, holding that when a substantial period of time has elapsed since a corporation was active, its citizenship reverts to include only its state of incorporation (although the place of a corporation's last transactions is still relevant). See, e.g., Athena Automotive, Inc. v. DiGregorio, 166 F.3d 288, 291-92 (4th Cir. 1999); Harris v. Black Clawson Co., 961 F.2d 547, 551 (5th Cir. 1992). In general, the court agrees with its fellow district courts that, in the absence of Ninth Circuit authority affirmatively addressing the issue, it is the third approach – i.e., the functional approach employed by the Fourth and Fifth Circuits – that best equips the court to carry out the congressional intent behind 28 U.S.C. § 1332. To that end, and applying that test here, the court concludes that a substantial amount of time has taken place since MILOCA's dissolution in June 2004 and plaintiff's March 2008 filing of the instant action – almost 4 years – thus requiring the court to judge MILOCA's citizenship in accordance with its state of original incorporation. Since both parties agree that state is California, this means that MILOCA is deemed a citizen of California as of the time of removal, as alleged by plaintiff in his complaint.

This conclusion is not altered, in the court's opinion, by defendants' passing argument that the law distinguishes "dissolved" corporations like MILOCA, from defunct corporations, as referred to in the above-referenced case law. Defendants have submitted no legal authority in support of their argument. Moreover, as the California Supreme Court has noted, California law itself permits parties to sue dissolved corporations, even to the extent that parties seek to enforce *post*-dissolution claims against dissolved corporations. See Penasquitos, Inc. v. Superior Court, 53 Cal. 3d 1180, 1189-91 (1991). This reasoning would, in the court's view, encompass the instant suit.

In sum, therefore, the court concludes that MILOCA is, in fact, deemed a citizen of California for diversity purposes. Since complete diversity of citizenship is therefore lacking between plaintiff and MILOCA, there is no basis for the court's subject matter jurisdiction

3

over the action.  Accordingly, plaintiff's motion to remand the complaint is GRANTED.  <u>See</u> 28 U.S.C. § 1447(c)(if a defendant has improperly removed a case over which the federal court lacks diversity jurisdiction, the federal court shall remand the case to state court); <u>see also Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 398, 403-04 (9th Cir. 1996)(strong presumption in favor of remand).

Plaintiff's corresponding motion for fees and costs, however, is DENIED.  While the court has concluded that no grounds for removability are present, the court is not convinced that defendants' counsel was objectively unreasonable in seeking to remove the present action.

Finally, in view of the court's conclusion herein, it is unnecessary for the court to consider defendants' concurrently pending motion to dismiss.  That motion is therefore DISMISSED as moot.

**IT IS SO ORDERED**.

Dated: May 27, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge

4